UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

vs.                                           CASE NO.:_____

ZIPLOCAL, LP, YELLOW PAGES GROUP,
LLC, and YELLOW MEDIA INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR
## JURY TRIAL, INJUNCTIVE RELIEF SOUGHT

    Plaintiff, Yellow Pages Photos, Inc. ("Plaintiff"), by and through its undersigned attorneys, sues Defendants, Ziplocal, LP ("Ziplocal"), Yellow Pages Group, LLC ("YPG"), and Yellow Media Inc. ("Yellow Media") (collectively "Defendants"), and as its Complaint states as follows:

### Statement of Case

    1.    Plaintiff is in the business of producing and licensing to publishers of telephone directories copyrighted images for use in creating, producing, and publishing advertisements. Defendant Ziplocal is an independent telephone directory publisher and a licensee of Plaintiff. Defendant YPG is an outsourcing provider that, among other services, creates and produces advertisements for Ziplocal. Defendant Ziplocal breached its license agreement with Plaintiff by, among other things, transferring the images it licensed from Plaintiff to YPG and permitting use of the images it licensed from Plaintiff by graphic design

artists that are not employed by Ziplocal, thereby terminating its license. Further, both Defendants are infringing Plaintiff's registered copyrights by reproducing, using, publishing, distributing, and displaying copyrighted images belonging to Plaintiff in the creation, production, and publication of advertisements, without license or permission from Plaintiff, in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq*. Yellow Media is the parent company of YPG, holds an interest in Ziplocal, and is vicariously liable for YPG's infringement.

**Parties**

2. Plaintiff Yellow Pages Photos, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Riverview, Florida.

3. Defendant Ziplocal, LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in Orem, Utah.

4. Defendant Yellow Pages Group, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with places of business in Indianapolis, Indiana and Blue Bell, Pennsylvania.

5. Defendant Yellow Media Inc. is a corporation organized and existing under the laws of Canada, with its principal place of business in Verdun, Quebec, Canada.

**Personal Jurisdiction**

6. Defendant Ziplocal, formerly known as Phone Directories Company, is a party to a license agreement with Plaintiff entered into in the State of Florida, requiring acts to be performed in the State of Florida that Ziplocal has failed to perform, governed by Florida law,

SLK_TAM: #1449262v1

and agreeing to jurisdiction and venue in the state and federal courts in Hillsborough County, Florida. Ziplocal distributes print telephone directories in the State of Florida and online telephone directories targeted to the State of Florida.

7. Defendant YPG, among other services, creates and produces advertisements for Ziplocal for publication in Ziplocal's and such other companies' print and online telephone directories, including print directories that are distributed in the State of Florida and online directories that are targeted to the State of Florida.

8. Both Ziplocal and YPG have committed acts of copyright infringement, as described herein, in the State of Florida and/or outside the State of Florida, causing injury to Plaintiff within the State of Florida.

9. Yellow Media directly or indirectly controls YPG and holds an interest in Ziplocal. Yellow Media further participates in, exercises control over, and receives a direct financial benefit from YPG's and Ziplocal's infringement.

10. By virtue of Defendants' transaction of business in the State of Florida and commission of wrongful acts and causation of damages to Plaintiff, as described herein, Defendants have subjected themselves to personal jurisdiction in the State of Florida.

## Venue

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants, having subjected themselves to personal jurisdiction in this judicial district, reside in this judicial district (see 28 U.S.C. § 1391(c)), and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

**Subject Matter Jurisdiction**

12. The claims of copyright infringement asserted in this Complaint arise under the provisions the United States Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1338(a).

13. The state law breach of contract claims asserted in this Complaint are so related to the copyright infringement claims that they form part of the same case or controversy under Article III of the United States Constitution. This Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a).

14. This Court also has diversity jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**Common Factual Allegations**

15. Plaintiff is in the business of producing and licensing to publishers of telephone directories copyrighted images for use in creating, producing, and publishing advertisements.

16. AdMedia Systems, Inc. ("AdMedia") is a Florida corporation under common ownership with Plaintiff, which was formerly named and did business as "Yellow Pages Photos, Inc." Like Plaintiff, AdMedia was in the business of producing and licensing to publishers of telephone directories copyrighted images for use in creating, producing, and publishing advertisements.

17. AdMedia and subsequently Plaintiff created and produced a series of photographic images as follows:

| | | |
|---|---|---|
| A/C Contractors | Cities and Skylines 9 | Golf |
| A/C Contractor 2 | Cities and Skylines 10 | Gun and Pawn 1 |
| Antiques | Cities and Skylines 11 | Gutters |
| Appliances | Cities and Skylines 12 | Hawaii |
| Asphalt/Paving | Cities and Skylines 13 | Health & Fitness |
| Attorneys 1 | Cities and Skylines 14 | Heating Contractors |
| Attorneys 2 | Cities and Skylines 15 | Heavy Equipment |
| Attorneys 3 | Cities and Skylines 16 | Heavy Equipment 2 |
| Attorneys 4 | Communications | Heavy Equipment 3 |
| Attorneys Objects 2 (5) | Computers | Home Electronics 1 and 2 |
| Auto Body Repair | Concrete Contractors | Home Features and Maintenance 1 |
| Auto Parts | Copier Service | |
| Auto Repair | Crashes | Home Features and Maintenance 2 |
| Auto Repair 5 | Crash 2 | |
| Auto Repair and Crashes 3 | Day Spas 1 | Home Features and Maintenance 3 |
| | Day Spas 2 | |
| Auto Repair and Crashes 4 | Daycare 1 | Home Features and Maintenance 4 |
| | Daycare 2 | |
| Bail Bonds/Criminal Law | Dentist | Home Features and Maintenance 5 |
| Bathrooms | Dry Cleaners | |
| Beauty Salons | Drywall Construction | Home Features and Maintenance 6 |
| Bicycles | Electrical Contractors | |
| Blinds/Curtains | Electrical Contractors 2 | Home Improvements |
| Boats | Everyday People | Home Interiors |
| Brake Service | Fence | Homes 1 |
| Building Materials/Supplies | Floral Arrangements | Homes 2 |
| | Florist | Homes 3 |
| Carpet Cleaners/Dealers | Food 1 | Homes 4 |
| Catering | Food 2 | Homes 5 |
| Cell Phones | Food 3 | Homes 6 |
| Chiropractic | Food 4 | Homes 7 |
| Cities and Skylines 1 | Food 5 | Homes 8 |
| Cities and Skylines 2 | Food 6 | Homes 9 |
| Cities and Skylines 3 | Freight and Export | Hotel Motel |
| Cities and Skylines 4 | Furniture Dealers | Insurance |
| Cities and Skylines 5 | Garage Doors | Insurance/Casualty |
| Cities and Skylines 6 | Garage Doors 2 | Jewelry |
| Cities and Skylines 7 | Garbage | Kitchens |
| Cities and Skylines 8 | Glass Contractors | Landscape |

SLK_TAM: #1449262v1

| | | |
|---|---|---|
| Latin/Hispanic | Office Furniture | Septic Service |
| Limo Service | Optical Goods | Siding Contractors |
| Locks/ Locksmiths | Painters | Sign Companies |
| Maids and Janitorial Services | People 2 | Sports |
| | People 3 | Storage |
| Manufactured Homes | People 4 | Store Fronts |
| Martial Arts | People 5 | Surveyors |
| Medical 1 | People and Spas 6 | Swimming Pools |
| Medical 2 | Pest Control | Taxi Service |
| Medical 3 | Pets & Pet Stores | Tile |
| Medical 4 | Pizza | Tire Dealers |
| Medical 5 | Plumbers | Tools of the Trade |
| Medical 6 | Plumbing Fixtures | Towing |
| Mobile Computing | Printers | Transmissions |
| Models and Salons 2 | Rental Service | Travel Agencies |
| Motor Homes 1 | Restaurant Equipment | Travel Agencies 2 |
| Motor Homes 2 | Roofing | Tree Service |
| Motorcycles 1 | Roofing 2 | Tree Service 2 |
| Motorcycles 2 | Salon Styles | Tree Service 3 |
| Movers | Screen Enclosures | Truck Rental and Leasing |
| Muffler Service | Seniors 1 | Veterinarians |
| New Cars 04-1 | Seniors 2 | Windows |
| New Cars 04-2 | Seniors 3 | |
| New Cars 04-3 | Seniors 4 | |

This series of images is collectively referred to in this Complaint as the "Works."

18. AdMedia owned all right, title, and interest, including copyrights, in and to certain of the Works.

19. On November 3, 2006, AdMedia changed its name from "Yellow Pages Photos, Inc." to "AdMedia Systems, Inc."; Plaintiff was formed as "Yellow Pages Photos, Inc." to continue the former telephone directory licensing business of AdMedia; and AdMedia assigned to Plaintiff all its right, title, and interest in and to the Works.

20. Plaintiff has complied, in all material respects, with the laws of the United States governing copyrights, secured the exclusive rights and privileges in and to the

SLK_TAM: #1449262v1

copyrights in certain of the Works, and received from the Register of Copyrights Registration Nos. VA0001403480, VA0001403481, VA0001403482, VA0001410130, VA0001410131, VA0001410132, VA0001410133, VA0001410134, VA0001410135, VA0001410136, VA0001410338, VA0001421563, VA0001421831, VA0001422360, VA0001424864, VA0001426212, VA0001422642, VA0001631315, VA0001633567, VA0001635644, VA0001646042, VA0001647021, VA0001658249, VA0001667764, VA0001667765, VA0001668835, VA0001669058, VA0001686749, VA0001696610, VA0001696829, VA0001696838, VA0001697091, VA0001704119, VA0001726392, VA0001726547, VA0001726572, and VA0001732561 for the copyrights in the Works. True and correct copies of the Certificates of Registration for the Works are attached hereto and incorporated herein as Exhibits 1 through 37, respectively.

21. Plaintiff is the owner of all right, title, and interest in and to the Works, the copyrights in the Works, and the registrations of the copyrights in the Works.

22. AdMedia licensed Ziplocal the limited right for its employees to use the Works pursuant to a series of agreements attached hereto as Composite Exhibit 38 (collectively, the "License Agreement"). Plaintiff is successor to AdMedia's rights and interest under the License Agreement.

23. The Works licensed to Ziplocal were furnished on CDs.

24. Pursuant to the terms of the License Agreement, neither the license nor the licensed Works can be transferred to third parties, and use of the licensed Works is limited to employees of Ziplocal. Further, pursuant to the terms of the License Agreement, upon Ziplocal's failure to comply with any term or condition of the License Agreement, Ziplocal's

license to use the Works terminates automatically and without notice, whereupon all copies of the Works must be returned to Plaintiff and publishing of the Works must cease.

25. Ziplocal has furnished CDs and/or electronic files including some or all of the Works and/or access to and use of some or all of the Works to YPG.

26. YPG has accessed, reproduced, and used, and is accessing, reproducing, and using, some or all of the Works, with Ziplocal's permission and approval, to create and produce advertisements.

27. YPG does not have has any right, title, or interest in or to the Works, nor is it licensed to access, reproduce, use, publish, distribute, or display the Works in any manner.

28. Ziplocal has reproduced the Works and published and distributed print and online telephone directories including certain of the Works since the termination of its license under the License Agreement.

29. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

30. Plaintiff has engaged the law firm of Shumaker, Loop & Kendrick, LLP to represent it and has obligated itself to pay its attorneys a reasonable fee for their services in this action.

## COUNT I

### [Breach of Contract – Ziplocal]

31. Plaintiff realleges paragraphs 1 through 30 of this Complaint as if fully restated herein.

32. This is an action for damages that exceed $75,000.00, exclusive of interest and costs, and specific performance of the License Agreement.

33. Ziplocal has breached the License Agreement by, among other things:

(a) furnishing CDs and/or electronic files including some or all of the Works to YPG; and

(b) furnishing access to and use of the Works to YPG; and

(c) permitting YPG to access, reproduce, and use some or all of the Works to create and produce advertisements; and

(d) failing to return all copies of the Works to Plaintiff after termination of Ziplocal's license under the License Agreement; and

(e) continuing to reproduce, use, publish, distribute, and display the Works, and publish and distribute print and online telephone directories including certain of the Works, after termination of Ziplocal's license under the License Agreement.

34. As a result of Ziplocal's breach of the License Agreement, Plaintiff has been damaged in an amount to be proved at trial.

35. Pursuant to the terms of the License Agreement, the prevailing party in any action to enforce the License Agreement is entitled to recover attorneys' fees and costs from the non-prevailing party, in addition to any other legal and/or equitable relief granted.

WHEREFORE, Plaintiff demands judgment against Ziplocal for:

(a) an injunction permanently enjoining and restraining Ziplocal, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, including Yellow Media and YPG, from

further reproducing, using, publishing, distributing, and displaying the Works and advertisements containing the Works;

(b) an order directing Ziplocal to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Ziplocal has with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

(c) an order directing Ziplocal to deliver up to Plaintiff for destruction all copies of infringing materials and all copies of the Works, in any media, in Ziplocal's possession, custody, or control;

(d) actual damages suffered by Plaintiff as a result of Ziplocal's breach of its License Agreement;

(e) interest on such damages at the highest rate allowed by law;

(f) attorneys' fees;

(g) costs of this action; and

(h) such other and further relief as the Court may deem just and appropriate.

## COUNT II

### [Copyright Infringement – all Defendants]

36. Plaintiff realleges paragraphs 1 through 30 of this Complaint as if fully restated herein.

37. This is an action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

38. Defendants have, by virtue of their above-described acts, directly, contributorily, and vicariously infringed upon Plaintiff's copyrights in the Works in violation of 17 U.S.C. § 101 *et seq.*

39. Ziplocal's continued reproduction, use, publication, distribution, and display of the Works and advertisements including the Works after termination of its license under the License Agreement is a direct infringement of Plaintiff's copyrights in the Works in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

40. To the extent YPG has engaged and is engaging in unlicensed access, reproduction, use, publication, distribution, and display of the Works, the same is likewise a direct infringement of Plaintiff's copyrights in the Works in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

41. Yellow Media directly or indirectly controls YPG and holds an interest in Ziplocal. Yellow Media participates in, exercises control over, and receives a direct financial benefit from YPG's and Ziplocal's infringement, and thus is vicariously liable for YPG's and Ziplocal's infringement.

42. Further, to the extent YPG, in connection with YPG's relationship with Ziplocal, has infringed and is infringing Plaintiff's copyrights in the Works, Ziplocal, either knowing or with reason to know of such infringement, has induced, caused, or materially contributed to such infringement, and is thus contributorily liable for such infringement.

43. Defendants' infringement of Plaintiff's copyrights in the Works is causing irreparable injury to Plaintiff and, unless the injunction sought in this Complaint is granted, will continue to cause irreparable injury to Plaintiff. Plaintiff has suffered and will continue to suffer damage, the exact amount of the damage being unknown to Plaintiff at this time. The damage to Plaintiff is, and will continue to be, irreparable because of, among other

reasons, the continuing nature of the copyright infringement, which would necessitate a multiplicity of suits for damages if the continuance of the wrongs is not enjoined.

44. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, with the knowledge that they are infringing and are continuing to infringe Plaintiff's copyrights in the Works.

45. As a result of the above-described intentional and deliberate infringement of Plaintiff's copyrights in the Works by Defendants, Plaintiff is entitled to an injunction, an award of damages suffered as a result of Defendants' infringement, an award of Defendants' profits that are attributable to Defendants' infringement and are not taken into account in computing Plaintiff's actual damages, statutory damages, attorneys' fees, and costs, all as set forth in 17 U.S.C. §§ 502, 504, and 505, subject to the discretion of this Court.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a) an injunction permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's copyrights in the Works through further reproduction, use, publication, distribution, and display of the Works;

(b) an order directing Defendants to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

(c) an order directing Defendants to deliver up to Plaintiff for destruction all copies of infringing materials and all copies of the Works, in any media, in Defendants' possession, custody, or control;

(d) actual damages suffered by Plaintiff as a result of Defendants' infringement of Plaintiff's copyrights in the Works;

(e) an accounting of Defendants' profits derived from their infringement of Plaintiff's copyrights in the Works and an order that the same be paid over to Plaintiff;

(f) in the alternative to (d) and (e), statutory damages in the amount of $150,000.00 for each Work infringed by Defendants;

(g) interest on such profits and damages at the highest rate allowed by law;

(h) attorneys' fees;

(i) costs of this action; and

(j) such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ J. Todd Timmerman
J. Todd Timmerman, Esquire, Trial Counsel
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Jason P. Stearns, Esquire
Florida Bar No. 0059550
jstearns@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

Attorneys for Plaintiff, Yellow Pages Photos, Inc.

SLK_TAM: #1449262v1