**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---------------------------------------------------------- )
YELLOW PAGES PHOTOS, INC.,                )
                                                                  )
              **Plaintiff,**                          )
                                                                  )
**vs.**                                                      )    **Case No.: 8:12 cv-755**
                                                                  )
ZIPLOCAL, LP, YELLOW PAGES GROUP, )
LLC, AND YELLOW MEDIA INC.,              )
                                                                  )
                                                                  )
           **Defendants.**                      )
---------------------------------------------------------- )


**DEFENDANT YELLOW MEDIA INC.'S MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR FOR A**
**<u>MORE DEFINITE STATEMENT</u>**

**Table of Contents**

I.  INTRODUCTION ................................................................................................ 1

II.  ALLEGATIONS AND FACTS RELEVANT TO PERSONAL JURISDICTION ........... 3

III.  LEGAL ARGUMENT ......................................................................................... 4

   A.  Plaintiff Has Not and Cannot Meet Its Burden of Proving Personal
       Jurisdiction over YMI ............................................................................. 4

       1.  The Standard for Analyzing Personal Jurisdiction in Florida .................... 4

       2.  Plaintiff Fails to Satisfy Its Initial Burden of Alleging Specific
           Jurisdictional Facts About YMI Under Florida's Long-Arm Statute ......... 6

       3.  Even if Plaintiff Had Met the First Hurdle by Pleading Sufficient
           Jurisdictional Facts Under the Florida Long-Arm Statute,
           Jurisdiction Over YMI Offends Due Process ............................................. 8

       4.  The Alleged Conduct of Neither YPG Nor Ziplocal Can Be the
           Basis for Long-Arm Jurisdiction Over YMI ............................................ 11

   B.  In the Alternative, the Complaint Should Be Dismissed Pursuant to
       Fed.R.Civ. P. 12(e) as a "Shotgun Pleading" ......................................... 15

IV.  CONCLUSION ................................................................................................ 17

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abramson v. Walt Disney Co.,*
132 Fed. Appx. 273 (11th Cir. 2005)...................................................................14

*Aetna Life & Casualty Co. v. Therm-O-Disc, Inc.,*
511 So. 2d 992 (Fla. 1987)...............................................................................7

*Am. Int'l Group, Inc. v. Cornerstone Businesses, Inc.,*
872 So. 2d 333 (Fla. 2d DCA 2004) ..................................................................13

*Byrne v. Nezhat,*
261 F.3d 1075 (11th Cir.2001) ........................................................................17

*Cable/Home Communication Corp. v. Network Productions, Inc.,*
902 F.2d 829 (11th Cir. 1990) ................................................................1, 4, 5, 12

*Calder v. Jones,*
465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).........................................8

*Digitech Info. Sys. v. BMW Auto Leasing, LLC,*
2011 U.S. Dist. LEXIS 96504 (M.D. Fla. Aug. 26, 2011) ..........................9, 10, 11

*Edwards v. Trade Publ'g, Ltd.,*
2011 U.S. Dist. LEXIS 132217 (M.D. Fla. July 20, 2011) ......................................5

*ENIC, PLC v. F.F. South & Co.,*
870 So. 2d 888 (Fla. Dist. Ct. App. 5th Dist. 2004) ...................................12, 13, 14

*Future Tech. Today, Inc. v. OSF Healthcare Sys.,*
218 F.3d 1247 (11th Cir. 2000) .........................................................................6

*Gadea v. Star Cruises, Ltd.,*
949 So. 2d 1143 (Fla. Dist. Ct. App. 3d Dist. 2007)..............................................12

*General Cigar Holdings, Inc. v. Altadis, S.A.,*
205 F. Supp. 2d 1335 (S.D. Fla.), *aff'd*, 54 Fed. Appx. 492 (11th Cir. 2002).........................13

*Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.,*
443 F.2d 1159 (2d Cir. 1971).............................................................................10

*Gladding Corp. v. Register,*
293 So. 2d 729 (Fla. 3d DCA 1974) ..................................................................13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)...........................................................................................2, 8

*Home Design Servs., Inc. v. David Weekley Homes, LLC*,
2007 U.S. Dist. LEXIS 26161 (M.D. Fla. April 9, 2007)........................................1, 7, 16, 17

*Hyco Mfg. Co. v. Rotex International Corp.*,
355 So. 2d 471 (Fla. Dist. Ct. App. 3d Dist. 1978)....................................................6

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)...........................................................................................5

*Jackson-Bear Group, Inc. v. Amirjazil*,
2011 U.S. Dist. LEXIS 38621 (M.D. Fla. Mar. 30, 2011) ....................................4, 5

*Kaye Homes, Inc. v. Original Custom Homes Corp.*,
2007 U.S. Dist. LEXIS 60847 (M.D. Fla. Aug. 20, 2007) ....................................17

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984)...........................................................................................2, 8, 12

*Koch v. Royal Wine Merchs., Ltd.*,
2012 U.S. Dist. LEXIS 38115 (S.D. Fla. Mar. 21, 2012)........................................7

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
628 F. 2d 1175 (9th Cir.) *cert. denied*, 449 U.S. 1062 (1980).................................12

*Licciardello v. Lovelady*,
544 F.3d 1280 (11th Cir. 2008) ............................................................................1, 8

*Madara v. Hall*,
916 F.2d 1510 (11th Cir. 1990) ............................................................................1, 5, 9

*Milliken v. Meyer*,
311 U.S. 457, 61 S. Ct. 339, 85 L. Ed. 278 (1940)....................................................5

*Musiker v. Projectavision*,
960 F. Supp. 292 (S.D. Fla. 1997) ........................................................................7

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
558 F.3d 1210 (11th Cir. 2009) ............................................................................8

*Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*,
701 F.2d 889 (11th Cir. 1983) ..............................................................................5

*Polskie Linie Oceaniczne v. Seasafe Transport A/S*,
795 F.2d 968 (11th Cir. Fla. 1986) ......................................................................7

*Prentice v. Prentice Colour, Inc.,*
   779 F. Supp. 578 (M.D. Fla. 1991) ..................................................................6, 7

*PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,*
   598 F.3d 802 (11th Cir. 2010) ............................................................................6

*Qualley v. Int'l Air Serv. Co.,*
   595 So. 2d 194 (Fla. 3d DCA 1992) ..................................................................13

*Reflection Mfg., LLC v. I.S.A. Corp.,*
   2011 U.S. Dist. LEXIS 34154 (M.D. Fla. Mar. 18, 2011) ...........................7, 9, 12

*Reynolds Am., Inc. v. Gero,*
   56 So. 3d 117 (Fla. Dist. Ct. App.3d Dist.2011).................................7, 9, 14, 15

*Rogers v. Nacchio,*
   241 Fed. Appx. 602 (11th Cir. Fla. 2007) ............................................................7

*Unijax, Inc. v. Factory Ins. Ass'n,*
   328 So. 2d 448 (Fla. 1st DCA 1976) ..................................................................13

*United Techs. Corp. v. Mazer,*
   *556 F.3d 1260 (11th Cir. 2009)* ..........................................................................7

*Virgin Health Corp. v. Virgin Enters. Ltd.,*
   393 Fed. Appx. 623 (11th Cir. Fla. 2010)..............................................................9

## STATUTES

17 U.S.C. §101 *et seq.*.........................................................................................2

Fla. Stat. § 4.193(1)..............................................................................................6

Fla. Stat. §4.193(1)(b) ..........................................................................................7

Fla. Stat. §4.193(1)(f)...........................................................................................7

## OTHER AUTHORITIES

U.S. Const. amend. XIV .....................................................................................4, 5

Fed.R.Civ.P.8 ...................................................................................................17, 18

Fed.R.Civ.P. 8(a)(2), (d)(1) .................................................................................17

Fed.R.Civ.P.11 .....................................................................................................16

Fed. R. Civ. P. 11(b) ............................................................................................16

Fed.R.Civ.P. 12 (b)(2)..............................................................................................2, 18

Fed. R. Civ. P. 12(e) .........................................................................................2, 15, 18

## I.      INTRODUCTION

The sole bases for jurisdiction against Yellow Media Inc. ("YMI") are that (1) YMI is a shareholder in co-defendant Ziplocal, LP ("Ziplocal") and that (2) YMI "directly or indirectly" controls YPG.  Complaint ¶¶ 9; 41.  Being a shareholder in a company that allegedly has contacts with the forum is clearly an insufficient basis to confer jurisdiction over the shareholder. If that were sufficient, all corporate parents could be sued for the acts of their subsidiaries, and all subsidiaries of any type could be held to be agents under the Florida long-arm statute.  That is not the law in this district, under Florida law, or anywhere else, for that matter.

Nor is "directly or indirectly" controlling YPG a sufficient basis.  First, since there is no personal jurisdiction over YPG, there can be no personal jurisdiction over YMI based on its corporate relationship to YPG.  *See* YPG's Motion to Dismiss for Lack of Personal Jurisdiction ("YPG's Motion to Dismiss"), Docket No. 11.  Second, Plaintiff must plead facts establishing that, at a minimum, YMI committed an intentional tort, in which the activities within Florida were essential to the success of the tort, directed to the Florida forum, and with knowledge that the tortious activities would harm a Florida plaintiff. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008); *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Madara v. Hall*, 916 F.2d 1510, 1519 (11th Cir. 1990).  Far from pleading any such facts, Plaintiff has alleged no facts connecting YMI to any alleged acts of copyright infringement, or connecting YMI to the State of Florida.  Indeed, the only allegations specifically directed to YMI conclusorily state that YMI "participates in, exercises control over, and receives a direct financial benefit from YPG's and Ziplocal's infringement, and thus is vicariously liable for YPG's and Ziplocal's infringement."  Complaint at ¶41.  But these allegations – even if taken as true—do not provide a basis for this Court's exercise of personal jurisdiction over YMI.  Because, as in *Home Design Servs., Inc. v. David Weekley Homes, LLC*,

1

2007 U.S. Dist. LEXIS 26161, at * 7 (M.D. Fla. April 9, 2007), the "complaint is devoid of any factual allegations establishing personal jurisdiction over" YMI, YMI's motion to dismiss for lack of personal jurisdiction should be granted pursuant to Fed.R.Civ.P. 12 (b)(2).

In addition, jurisdiction over YMI would offend due process, since there are no facts that support the requirement that YMI have "purposefully directed" its activities at residents of the forum, and that the litigation results from alleged injuries that "arise out of or relate to" those activities. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

In the alternative, Plaintiff's complaint should be dismissed as a "shotgun pleading." Plaintiff never explains what, precisely, YMI has allegedly done in terms of infringement, instead referring to all the defendants collectively:  "Defendants have, by virtue of their above-described acts, directly, contributorily, and vicariously infringed upon Plaintiff's copyrights in the Works in violation of 17 U.S.C. §101 *et seq*."  Especially in light of Plaintiff's assertion that since it has licensed Ziplocal its entire photo library, there are 10,000 photographs possibly at issue and that it is "incredibly time consuming" to find Plaintiff's photos in phone directories, *see* Declaration of W. Trent Moore, attached to YPPI's Opposition to YPG's Motion to Dismiss at ¶¶ 7; 9; 10; 17,[1] it should not be YMI's burden to engage in the "incredibly time consuming process" of determining which of those 10,000 photographs YMI has allegedly infringed.  It is improper for the Plaintiff to hide behind vague allegations that lump all the defendants together. If the Plaintiff cannot say which photographs YMI has supposedly infringed, then it should not have named YMI as a defendant.  Accordingly, if the Court does not grant the 12(b)(2) motion,

---

[1] See Declaration of W. Trent Moore, submitted with YPPI's Opposition to YPG's Motion to Dismiss. Docket No. 21.

Plaintiff should be required to re-plead pursuant to Fed. R. Civ. P. 12(e) – specifically alleging

whether or not YMI has infringed any photographs and, if so, which particular ones.

## II.    ALLEGATIONS AND FACTS RELEVANT TO PERSONAL JURISDICTION

Plaintiff Yellow Pages Photos, Inc. ("YPPI") has filed a complaint that has everything to

do with defendant Ziplocal and almost nothing to do with the other two defendants, YPG and

YMI.[2]  The gist of the complaint is that Ziplocal allegedly exceeded the terms of a license

agreement between Ziplocal and YPPI.  Complaint ¶1.  The nature of the breach is that,

according to the complaint, Ziplocal was somehow required to do its own art work and other

production work in preparing ads for publication in Ziplocal's phone directories.  *Id.*  According

to YPPI, Ziplocal was not allowed to subcontract that work to anyone else.  *Id.*

YMI is a Canadian corporation, with its principal place of business in Quebec Province,

Canada.  *Id.* ¶ 5.  YMI was not a party to the license agreement between Ziplocal and YPPI.  *Id.*

¶ 33.  The sole basis for YPPI's asserted jurisdiction over YMI is that YMI allegedly exercises

"direct or indirect" control over YPG and holds an interest in Ziplocal.  Complaint ¶ 9.  YPPI

also makes the conclusory statement that YMI "further participates in, exercises control over,

and receives a direct financial benefit from YPG's and Ziplocal's infringement."  *Id.*

The Plaintiff alleges that co-defendant Ziplocal, YPPI's licensee, provided YPG access to

licensed photographs so that YPG could assist Ziplocal in the creation of advertisements for

Ziplocal's benefit.  *Id.* ¶ 25.  Co-defendant YPG is not alleged actually to have published any

YPPI photographs, but rather "with Ziplocal's permission and approval" and "in connection with

YPG's relationship with Ziplocal," to have "create[d] and produce[d] advertisements for Ziplocal

for publication in Ziplocal's and such other companies' print and online telephone directories . . .

---

[2] YPG's motion to dismiss for lack of personal jurisdiction or alternatively for a more definite statement is presently before the Court.  Docket No. 11.

." *Id.* ¶¶ 7, 26, 42. When it comes to YMI, the complaint does not allege any acts of infringement, much less any acts of infringement in Florida. Rather, the only allegations against YMI are based on its corporate relationship to the other co-defendants – as a parent company of YPG and as a shareholder of Ziplocal's. *Id.* ¶ 9. On this basis alone, Plaintiff contends that YMI "by virtue of their above-described acts, directly, contributorily, and vicariously infringed upon Plaintiff's copyrights in the Works," *Id.* ¶ 38, and that YMI "participates in, exercises control over, and receives a direct financial benefit from YPG's and Ziplocal's infringement, and thus is vicariously liable for YPG's and Ziplocal's infringement." *Id.* ¶41. Although the complaint alleges that Ziplocal has published and distributes print phone directories in Florida and online directories "targeted in the State of Florida," *id.* ¶ 7, the complaint does not allege that YMI or, for that matter, YPG, committed any acts of infringement in Florida, or that YMI would be aware of any acts of infringement in Florida. Indeed, the complaint does not allege that YMI committed any acts of infringement at all.

## III.   LEGAL ARGUMENT

### A.   Plaintiff Has Not and Cannot Meet Its Burden of Proving Personal Jurisdiction over YMI

#### 1.   The Standard for Analyzing Personal Jurisdiction in Florida

When subject matter jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, the Court looks to the state long-arm statute to determine the existence of personal jurisdiction. *Jackson-Bear Group, Inc. v. Amirjazil*, 2011 U.S. Dist. LEXIS 38621, at * 6-7 (M.D. Fla. Mar. 30, 2011). Personal jurisdiction over a nonresident defendant requires a two-part analysis. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d at 855. First, the Court will consider the jurisdictional reach of the state long-arm statute. *Id.* If there is a basis for the assertion of personal jurisdiction under the

state statute, the Court will determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 342, 85 L. Ed. 278 (1940)); *Cable/Home Communication Corp.*, 902 F.2d at 855. Personal jurisdiction requires satisfaction of both Florida long-arm statute and the requirements of Due Process under the 14th Amendment of the U.S. Constitution. *Madara v. Hall*, 916 F. 2d at 1514.

The reach of the Florida long-arm statute is a question of Florida law, to be strictly construed. *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890 (11th Cir. 1983); *Jackson-Bear Group, Inc.*, 2011 U.S. Dist. LEXIS 38621, at *8 (M.D.Fla. Mar. 30, 2011). The Plaintiff bears the burden of proving facts that clearly justify its use. *Oriental Imports and Exports, Inc.*, 701 F.2d at 891. If the Plaintiff meets its initial burden to plead personal jurisdiction, "'the burden shifts to the defendant to make a prima facie showing of the inapplicability of the long-arm statute. If the defendant sustains this burden, the Plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.'" *Edwards v. Trade Publ'g, Ltd.*, 2011 U.S. Dist. LEXIS 132217, at *3 (M.D. Fla. July 20, 2011). Here, the complaint fails to establish a prima facie case for jurisdiction over YMI under the Florida long-arm statute, and accordingly, YMI should be dismissed from this action. Even if, however, the Court finds that YPPI has set forth a prima facie basis for jurisdiction, because YMI has no specific or general connections with Florida that would permit this Court's exercise of long-arm jurisdiction or satisfy the due process clause, YMI nonetheless should be dismissed from this action.

**2.     Plaintiff Fails to Satisfy Its Initial Burden of Alleging Specific Jurisdictional Facts About YMI Under Florida's Long-Arm Statute**

A complaint against an out-of-state defendant must allege a sufficient basis to exercise jurisdiction under the Florida long-arm statute:  "it is incumbent upon the plaintiffs to make the grounds for jurisdiction appear."  *Hyco Mfg. Co. v. Rotex International Corp.*, 355 So. 2d 471, 473 (Fla. Dist. Ct. App. 3d Dist. 1978) (reversing lower court denial of motion to dismiss).  A prima facie case is established only if the plaintiff alleges sufficient jurisdictional facts to withstand a motion for directed verdict or judgment as a matter of law.  *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010).  *See also Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (*citing Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)).

As noted, Plaintiff alleges no jurisdictional facts about YMI at all.  There are no allegations that YMI has any presence or any contacts in Florida – whether related to the purported copyright claim or even unrelated.  The bases for liability are related solely to the purported acts of Ziplocal and YPG.  Complaint ¶38.  Nor does YPPI allege that YMI committed any acts of infringement anywhere, much less any acts of infringement in Florida or directed to Florida.

In light of YPPI's conclusory assertions that YMI "directly or indirectly controls YPG and holds an interest in Ziplocal," and that YMI "further participates in, exercises control over, and receives a direct financial benefit from YPG's and Ziplocal's infringement," *id.* ¶ 9, it may be that YPPI is thinking that jurisdiction can be based upon an agency theory.  But such a presumed theory fails, because there are no allegations or facts supporting a conclusion that (1) either YPG or Ziplocal are operating in Florida within the purview of Section 4.193(1) of the Florida long-arm statute or (2) that would support the level of operational control or agency

necessary to impute personal jurisdiction to YMI for the allegedly tortious acts of Ziplocal or

YPG under §4.193(1)(b) of the Florida long-arm statute (the only jurisdictional ground supported

at all by the limited facts alleged by YPPI).[3]  Nor does the complaint allege any facts that would

support a conclusion that the alleged "tortfeasors" "committed a substantial aspect of the alleged

tort in Florida by establishing that if there were any activities in Florida they 'w[ere] essential to

the success of the tort.' "  *Reflection Mfg., LLC v. I.S.A. Corp.*, 2011 U.S. Dist. LEXIS 34154, at

*23 (M.D. Fla. Mar. 18, 2011).  Indeed, Plaintiff's complaint is "devoid of any factual

allegations establishing personal jurisdiction over" YMI.  *Home Design Servs., Inc.*, 2007 U.S.

Dist. LEXIS 26161, at * 7.  Because Plaintiff has alleged only an unsupported legal conclusion

of personal jurisdiction, it does not meet the first step in establishing jurisdiction and, on this

ground alone, this motion should be granted, and YMI should be dismissed from this action.

*Prentice*, 779 F. Supp. at 583. *See also, United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274*

*(11th Cir. 2009); Polskie Linie Oceaniczne v. Seasafe Transport A/S, 795 F.2d 968, 972 (11th*

*Cir. Fla. 1986) Henderson v. Elias*, 56 So. 3d 86, 90 (Fla. Dist. Ct. App. 4th Dist. 2011).

---

[3] In YPPI's opposition to co-defendant YPG's motion to dismiss, YPPI alleges that its bases for jurisdiction are under §4.193 (1)(b) (committing a tortious act within the state), and under §4.193(1)(f) (causing injury to persons or property within the state).  However, §4.193(1)(f) requires that a defendant engage in solicitation or services within the state or that the defendant processed, serviced or manufactured products, materials or things within the state.  (*see* §4.193(1)(f) (1) and (2).  YPPI makes no such allegations.  Moreover, it is well established that a purely economic injury is insufficient to confer jurisdiction over a non-resident under this subsection.  *Rogers v. Nacchio*, 241 Fed. Appx. 602, 606 (11th Cir. Fla. 2007); *Koch v. Royal Wine Merchs., Ltd.,* 2012 U.S. Dist. LEXIS 38115, at *16-17 (S.D. Fla. Mar. 21, 2012); *Musiker v. Projectavision*, 960 F. Supp. 292, 297 (S.D. Fla. 1997); *Aetna Life & Casualty Co. v. Therm-O-Disc, Inc.,* 511 So. 2d 992, 994 (Fla. 1987).  The assertion of jurisdiction under this provision is therefore frivolous.

**3.    Even if Plaintiff Had Met the First Hurdle by Pleading Sufficient Jurisdictional Facts Under the Florida Long-Arm Statute, Jurisdiction Over YMI Offends Due Process**

Although the allegations of the Complaint, even if undisputed, show that YMI is not amenable to suit in the State of Florida under the long-arm statute, even if YPPI had alleged sufficient jurisdictional facts to support specific jurisdiction over YMI, the Court's assertion of jurisdiction over YMI would not comport with due process.  The Constitution prohibits the exercise of personal jurisdiction over a nonresident defendant unless contact with the state is of the kind for which the defendant has "fair warning" that it may be subject to suit there, such that the defendant "purposefully directed" its activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.  *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984), *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

To pass constitutional muster, YPPI must satisfy the "effects test."  *Licciardello*, 544 F.3d at 1286.  Under the "effects test," the Plaintiff must show that YMI (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated.  *Id*.; *accord, Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 n. 28 (11th Cir. 2009) (*citing Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)).  Plaintiff does not come close to satisfying this standard.  Plaintiff asserts no allegations that YMI committed any activities at all, much less activities intended to harm a Florida plaintiff.  Indeed, the only "allegation" is that YMI has "direct or indirect control" over YPG, and holds an ownership interest in Ziplocal and YMI, and by virtue of these corporate relationships received a financial benefit.  Complaint ¶ 9.  Even if one assumes arguendo that these allegations are true, that is insufficient to establish due process.  *See Licciardello*, 544 F.3d at 1286 n. 6.  Plaintiff does not allege, as it must, that YMI knew that any

of the allegedly infringing photographs were owned or authored by the Plaintiff or anyone else residing in Florida.  Indeed, Plaintiff does not even allege which photographs were allegedly used.  Moreover, Plaintiff does not allege that the activities upon which the copyright claims are based arose from any Florida activities of YMI, such that YMI would have a reasonable expectation of being haled into a Florida court. *See e.g., Madara*, 916 F. 2d at 1519.   Nor could it:  YMI does not publish directories in the United States, and has not chosen photographs, or photograph licenses for Ziplocal.  See Declaration of Treena Cooper ("Cooper Decl." ) submitted herewith, ¶¶2, 3, 4, 12.    Indeed, Plaintiff does not allege any connection between YMI and the state of Florida, and YMI has none. Cooper Decl. ¶4.  YMI was not a party to the contract between Ziplocal and YPPI, YMI is not alleged to have infringed any copyrights of Plaintiff's, and YMI is not alleged to have engaged in any act at all in Florida or directed at Florida. Complaint ¶¶25, 26, 28, 38.  As such, YMI could not have reasonably anticipated being sued in Florida.  *Madara*, 916 F. 2d at 1519, *Digitech Info. Sys. v. BMW Auto Leasing, LLC*, 2011 U.S. Dist. LEXIS 96504, at *22 (M.D. Fla. Aug. 26, 2011); *Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 121 (Fla. Dist. Ct. App. 3d Dist. 2011).

Plaintiff may argue that it wrote to YMI in 2011 and that this letter somehow put YMI "on notice" of claims asserted in this complaint.[4]  But that letter does not pertain to any Ziplocal directories, which is the sole subject of this complaint. Timmerman Decl. at Ex. 12, Docket No. 22 (referring to "your company's yellow pages directories in the United States and Canada."). Moreover, even if the letter did have to do with this case, it is well established that such communications cannot in and of themselves create personal jurisdiction over YMI.  *Virgin*

---

[4] Declaration of Todd Timmerman submitted in support of Plaintiff's opposition to YPG's Motion to Dismiss at ¶¶ 15, 16 & its Ex. 12, Docket No. 22.

*Health Corp. v. Virgin Enters. Ltd.*, 393 Fed. Appx. 623, 626 (11th Cir. Fla. 2010); *Reflection Mfg., LLC v. I.S.A. Corp.*, 2011 U.S. Dist. LEXIS 34154, at *23.

Plaintiff may also argue that its conclusory allegations of contributory and vicarious liability somehow subject YMI to jurisdiction in Florida.  To make out a case of contributory infringement, however, Plaintiff needed to have alleged facts showing that YMI had "knowledge of the infringing activity" and that YMI induces, caused or materially contributed to infringing conduct of another.  *Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).  Plaintiff makes no such allegations with respect to YMI.

As for vicarious liability, YPPI would have had to allege and prove that YMI had "the right and ability to supervise the infringing activity [with] . . . a direct financial interest in such activities." *Gershwin Publishing Corp. ,* 443 F.2d at 1162.  YPPI does not make such allegations, and cannot.  YMI does not choose which photographs Ziplocal uses in its directories or from whom they are licensed.  Cooper Decl. ¶12.  Nor is there any allegation that YMI had a direct financial interest in any allegedly infringing actions of Ziplocal.  Indeed, this dispute arises out of the allegations of unusual license terms between Ziplocal and YPPI under which Ziplocal was allegedly required to do its own production services.   YMI does not supervise Ziplocal's production work, does not choose, and has never chosen, the companies from whom Ziplocal licenses its photographs, nor can it control what photographs Ziplocal chooses.  Cooper Decl. ¶12.  Given this separateness, it is difficult to see how Ziplocal's selection of photographs could provide a direct benefit to YMI, and no direct benefit has been alleged.  In short, YPPI does not allege, and cannot present evidence, that the allegedly infringing activities arose out of or relate to YMI's actions. *Digitech Info. Sys.*, 2011 U.S. Dist. LEXIS 96504, at *21.  The only allegations of direct liability are based on Ziplocal's use after the "automatic" termination of a

license without notice, and YPG's alleged possible "unlicensed access, reproduction, use, publication, distribution and display" of the photographs, after such "automatic" termination without notice of the underlying license between YPPI and Ziplocal. Complaint ¶¶ 39, 40. YPPI does not allege that YMI was aware of the alleged license agreement between Ziplocal and YPI. In short, YPPI does not assert any allegations that YMI induced or materially contributed to the infringing conduct of another in this forum. Accordingly, asserting jurisdiction over YMI would offend traditional notions of fair play and substantial justice since YMI could not have anticipated being haled into court in Florida because of the production work of a subsidiary or related company. *Digitech Info. Sys.,* 2011 U.S. Dist. LEXIS 96504, at *22-23.

### 4.   The Alleged Conduct of Neither YPG Nor Ziplocal Can Be the Basis for Long-Arm Jurisdiction Over YMI

Reading jurisdictional facts of the Complaint most generously, the only "connection" between YMI and this forum is a "theory" of jurisdiction based on YMI's "direct or indirect control" of YPG, a company over which this Court lacks personal jurisdiction – and YMI's 35% stake in Ziplocal. The activities alleged to be infringing have nothing at all to do with YMI and its own business. YMI first learned of the subject matter of this litigation in 2012, just prior to Plaintiff's filing of its complaint. Cooper Decl. ¶15. General allegations of "direct or indirect control" or an ownership stake in a company are not a basis for long-arm jurisdiction . If YPPI cannot prove that YMI itself committed tortious actions in Florida (and its Complaint makes no such claims), it would need to allege and prove that YMI had an "agent" in Florida, and that there existed the requisite agency between these two entities or that YMI had *such operational control* over a subsidiary that is located or otherwise amenable to personal jurisdiction in the State of Florida such that the two entities are really deemed to be one.

First, YPG, itself, is not located or amenable to personal jurisdiction in this Court, and therefore cannot serve as a basis for pulling YMI into this forum. It is uncontested that YPG is not located in Florida. Second, YPPI has not set forth its prima facie case of specific jurisdiction over YPG. *See* YPG's Motion to Dismiss for Lack of Jurisdiction. YPPI has not shown that YPG "committed a substantial aspect of the alleged tort in Florida by establishing that the activities in Florida 'w[ere] essential to the success of the tort.' " *Cable/Home Communication Corp.,* 902 F.2d at 857*; Reflection Mfg., LLC v. I.S.A. Corp.*, 2011 U.S. Dist. LEXIS 34154, at *23. Nor has YPPI shown that YPG purposely directed any intentional activities to residents in Florida leading to resulting injuries that YPG should have reasonably anticipated. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. at 774. It is uncontested that YPG was unaware of the agreement between Ziplocal and YPPI. See Declaration of Michelle Meloy, submitted in support of YPG's Motion to Dismiss, ("Meloy I"), Docket No. 13, ¶15. It is uncontested that YPG was unaware of what photographs were owned by YPPI. Meloy I, ¶12. Indeed, even in response to YPG's Motion to Dismiss, YPPI has been unable to identify any of the "Works" in Florida that were supplied by Ziplocal to YPG. Declaration of Michelle Meloy, dated June 7, 2012 ("Meloy II"), submitted herewith. Thus, YPG cannot serve as the basis for pulling YMI into this forum.

Moreover, even if there *were* grounds for the exercise of personal jurisdiction over YPG, the relationship between YMI and YPG is just that of the typical parent/subsidiary, the control of which in and of itself does not give rise to exercise of personal jurisdiction over YMI, the parent. *ENIC, PLC v. F.F. South & Co.*, 870 So.2d 888, 891 (Fla. Dist. Ct. App. 5th Dist. 2004)[5]. YPPI

---

[5] Normal control that would not give rise to jurisdictional agency also includes overlapping board members, a parent's executive responsibility for subsidiary's operation and review and approval of subsidiary's major policy decisions, a parent's guarantee of subsidiary's loan

has not alleged any facts that show that YMI exerts "such extensive operational control over a subsidiary that the subsidiary is no more than an agent existing to serve only the parent's needs, that jurisdiction over the parent exists." *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1146 (Fla. Dist. Ct. App. 3d Dist. 2007). YPPI's citation—in its opposition to YPG's motion to dismiss-- to YMI's 2011 Annual Report as evidence of YMI's control over YPG is nothing more than a recitation of the ordinary type of parent/subsidiary control that would **not** give rise to jurisdiction over YMI: "the power to govern, directly or indirectly, the financial and operating policies of an entity so as to obtain economic benefit from its activities." Courts within Florida make it clear that this type of normal parent/subsidiary control ***does not lead to jurisdiction over the foreign parent corporation***. *ENIC, PLC*, 870 So. 2d at 891; *see also General Cigar Holdings, Inc. v. Altadis, S.A.,* 205 F. Supp. 2d 1335 (S.D. Fla.), *aff'd*, 54 Fed. Appx. 492 (11th Cir. 2002). It is well settled that "[a] parent corporation and its wholly-owned subsidiary are separate and distinct legal entities." *See Am. Int'l Group, Inc. v. Cornerstone Businesses, Inc.,* 872 So. 2d 333, 336 (Fla. 2d DCA 2004); *Gladding Corp. v. Register*, 293 So. 2d 729, 732 (Fla. 3d DCA 1974) (stating "that the fact that one corporation, the parent, owns all of the stock of a subsidiary company does not erase the latter's identity as a legal entity, nor create any conclusions that the latter is only the alter ego of the former"). Moreover, the fact that one corporation "owns" or is the parent of another does not, by itself, make the parent liable for the torts or breaches of the subsidiary. *See Am. Int'l Group, Inc.*, 872 So. 2d at 336 (finding that "a parent corporation is not liable for torts committed by its subsidiary"); *Unijax, Inc. v. Factory Ins. Ass'n*, 328 So. 2d 448, 453-54 (Fla. 1st DCA 1976) (recognizing that "courts have uniformly held that a parent company

---

obligations, and even a parent's establishment of goals and directives for the subsidiary. *ENIC, PLC*, 870 So. 2d at 891, *citing Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F. 2d 1175 (9th Cir.).

is not liable for the torts of its subsidiaries, unless the subsidiary is operated as a 'mere instrumentality' of the parent").  It is therefore no surprise that it is also "well settled in Florida that the mere presence of a subsidiary in Florida, without more, does not subject a non-Florida corporate parent to long-arm jurisdiction."  *ENIC, PLC*, 870 So. 2d at 891; *Qualley v. Int'l Air Serv. Co.*, 595 So. 2d 194, 196 (Fla. 3d DCA 1992).  Rather, to establish jurisdiction, the foreign corporation must exercise such control that the ***subsidiary's sole purpose*** for existence is to accomplish the aims of the foreign corporation and there is no evidence of separate interests. *Abramson v. Walt Disney Co.,* 132 Fed. Appx. 273, 276 (11th Cir. 2005) (emphasis added). YPPI does not allege that YPG's sole purpose for existence is to accomplish the aims of YMI, or any other facts that would cause this Court to disregard the corporate formalities of these separate companies.  Indeed, YPPI concedes that YMI and YPG and Ziplocal are all separate companies. Complaint ¶¶ 3; 4; 5; *see also* Cooper Decl. ¶¶ 9, 10, 11. YPG is located in the United States and has its own offices and staff.  Cooper Decl. ¶¶ 6, 10; Meloy I ¶3.

With respect to Ziplocal,  a company over whom YMI is not even alleged to "directly or indirectly" control, but of which it is a minority shareholder, being a shareholder does not create personal jurisdiction over YMI.  To the contrary, YPPI must allege and prove that Ziplocal is the agent of YMI.  *ENIC, PLC*, 870 So. 2d at 891.  To prove that, Florida agency law requires an acknowledgement by the principal that the agent will act for it; the agent's acceptance of the undertaking; and control by the principal over the action of the agent. *Id.* Agency for purposes of the long-arm statute must necessarily relate to the underlying basis for long-arm jurisdiction. *Reynolds Am., Inc.*, 56 So. 3d at 120.   YMI knew nothing about Ziplocal's use of any photograph of YPPI, and it is not involved in Ziplocal's choice of photographs, or the use of photographs in Ziplocal's directories.  Cooper Decl. ¶ 12.  Ziplocal entered into its own contract

with YPPI and YMI was not a party to this contract. Complaint ¶ 38.  YMI was also not a party to the outsourcing agreement between YPG and Ziplocal.  Cooper Decl. ¶ 14.  Ziplocal has its own offices, its own staff, and its own business and production operations.  Cooper Decl. ¶¶ 8, 9. As noted, YMI first learned of these claims in 2012, shortly before the suit was filed.  Cooper Decl. ¶ 15.  No facts are alleged that YMI acknowledged Ziplocal to act as agent for it in engaging in any purported acts of infringement – or that YMI directed Ziplocal to violate an alleged licensing term.  *Reynolds Am., Inc.*, 56 So. 3d at 119.  Nor is there a claim that Ziplocal agreed to so act on behalf of YMI.  *Id.* Indeed, to the extent that there were acts of infringement, they were committed independently by Ziplocal after the supposedly automatic termination without notice of the license between Ziplocal and YPPI–a fact of which YMI was not aware. Cooper Decl. ¶¶ 13, 15.  In sum, there is no basis for personal jurisdiction over YMI in this forum based on YMI's relationship with YPG and Ziplocal.

**B.      In the Alternative, the Complaint Should Be Dismissed Pursuant to Fed.R.Civ. P. 12(e) as a "Shotgun Pleading"**

Plaintiff has alleged, without any specificity, infringement of potentially more than 10,000 photos registered within numerous copyright registrations for collective works; with each collective work registration containing between 50 and 250 separately unidentified photographs. Complaint ¶¶ 17, 20, 38, 40.  As alleged, these unidentified photographs were all subject to the Plaintiff's license with Ziplocal.  Complaint ¶ 22. There are no allegations identifying which, if any, of the photographs are covered by which registration.  There are no allegations identifying which photographs were used in a manner that YPPI deems infringing – much less for which YPPI alleges that YMI is contributorily or vicariously liable.

Plaintiff's failure to identify the specific photographs that are the subject of its infringement claims against YMI betrays the weakness in Plaintiff's claims.  Indeed, Plaintiff –

in its opposition to co-defendant YPG's motion for a more definite statement – argues that

potentially there are more than 10,000  photographs at issue, but appears to concede that it has no

idea which ones, if any, were allegedly infringed by YMI, offering the excuse that "[t]he process

of manually reviewing a single telephone directory visually searching for one of Yellow Page's

more than 10,000 copyrighted photographs is incredibly time consuming, taking approximately 5

to 6 hours, and even then it is difficult to pick out each and every photograph" See Moore Decl.

¶17, Docket No. 21.  But the plaintiff--the "author" or "owner" and the claimed copyright

registrant of the works--is in the best position to know which photographs have been infringed.

If it takes the copyright owner "4 to 5 hours" to review a single directory, what position is YMI

in to sort the photographic equivalent of a possible needle in the haystack?  Indeed, YPPI's

failure to specify the photographs at issue because it is "incredibly time consuming" to do so

exhibits a cavalier attitude toward YPPI's Rule 11 obligation  to investigate the factual basis for

a copyright claim against each named defendant—including, of course, YMI.

 The Plaintiff's failure to allege the particular copyrighted works that are the subject of its

infringement claim against YMI violates Rule 8 of the Federal Rules of Civil Procedure, which

requires that "[a] pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation

must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1).  The allegations against YMI

are anything but direct, but rather a mash up of secondary liability contingent on the possibility

of infringement of unspecified photographs allegedly used by third parties.   By alleging that

YMI has directly, contributorily and vicariously infringed upon Plaintiff's works (Complaint at

¶38), and that it is vicariously liable for the unspecified infringements of Ziplocal and YPG, in

"some or all" of the hundreds of photographs contained in the many registrations, Plaintiff has

improperly lumped YMI together with the other defendants, and failed to put YMI on notice of

what it (as opposed to each of the other defendants) is alleged to have done.  Such a complaint

that "makes no distinction between the conduct of the" different defendants is an improper

"shotgun pleading." *Home Design Services*, 2007 U.S. Dist. LEXIS 26161, at * 9-10 (dismissing

copyright complaint); *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir.2001); *accord, Kaye

Homes, Inc. v. Original Custom Homes Corp.*, 2007 U.S. Dist. LEXIS 60847, at *8, n. 2 (M.D.

Fla. Aug. 20, 2007) (copyright complaint that failed to identify particular works violated Fed.

R.Civ. P. 8 as a "shotgun pleading").  Accordingly, in the event that the Court does not dismiss

the claims against YMI for lack of personal jurisdiction, those claims should be dismissed under

Rule 8, and YPPI should be required in any amended pleading to identify the particular acts of

infringement by YMI and the particular photographs that allegedly create the basis of liability

against YMI under the Copyright Act.

## IV.    CONCLUSION

For the foregoing reasons, it is respectfully requested that YMI be dismissed from this

action pursuant to Fed. R. Civ. P. 12(b) (2) because the Court lacks personal jurisdiction over it.

In the alternative, in the event that the claims against YMI are not dismissed for lack of personal

jurisdiction, the claims against YMI should be dismissed pursuant to Fed. R. Civ. P. 12(e)

because it is a "shotgun pleading."


Of Counsel:                                    By:    /s/ C. Douglas McDonald__
                                                      C. Douglas McDonald
      David J. Wolfsohn                               Carlton Fields, P.A.
      Jacqueline M. Lesser                            4221 W. Boy Scout Blvd., Ste. 1000
      Woodcock Washburn LLP                           Tampa, Florida  33607-5780
      Cira Centre, 12th Floor
      2929 Arch Street                                *Attorneys for Yellow Media  Inc.*
      Philadelphia, PA 19104
      Telephone: 215-564-2222

Facsimile: 215-568-3439

Dated: June 7, 2012

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

```
-------------------------------------------------------- )
YELLOW PAGES PHOTOS, INC.,                               )
                                                         )
            Plaintiff,,                                  )
                                                         )
vs.                                                      )    Case No.: 8:12 cv-755
                                                         )
ZIPLOCAL, LP, YELLOW PAGES GROUP, )
LLC, AND YELLOW MEDIA INC.,                              )
                                                         )
                                                         )
            Defendants.                                  )
-------------------------------------------------------- )
```

<u>**CERTIFICATE OF SERVICE**</u>

I CERTIFY that on June 7, 2012, a true and correct copy of the foregoing Defendant

Yellow Media, Inc.'s Memorandum in Support of Its Motion to Dismiss for Lack of Personal

Jurisdiction for a More Definite Statement was electronically filed with the Clerk of Court using

the CM/ECF system, which will automatically send notification of such filing to all attorneys of

record.

              __/s/ C. Douglas McDonald__
              C. Douglas McDonald