# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

```
------------------------------------------------------- )
YELLOW PAGES PHOTOS, INC.,                               )
                                                         )
                Plaintiff,,                              )
                                                         )
vs.                                                      )        Case No.: 8:12 cv-755
                                                         )
ZIPLOCAL, LP, YELLOW PAGES GROUP,                        )
LLC, AND YELLOW MEDIA INC.,                              )
                                                         )
                                                         )
                Defendants.                              )
------------------------------------------------------- )
```

## REPLY MEMORANDUM OF LAW OF DEFENDANT YELLOW PAGES GROUP, LLC IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR FOR A MORE DEFINITE STATEMENT

**Table of Contents**

I.    ARGUMENT ................................................................................................ 1

      A.    Plaintiff's Assertion That YPG Publishes Infringing Directories in Florida
            Is False ............................................................................................... 1

      B.    YPPI's March 2011 Letter had Nothing to do with the Issues in This Case,
            and, in any Event, Cannot Form the Basis for Personal Jurisdiction Over
            YPG.................................................................................................... 2

      C.    There Is no Authority for the Proposition That "Related" Companies Can
            All Be Subject to Personal Jurisdiction Where one of Them Is ............................. 4

      D.    There is No Personal Jurisdiction under §4.193(f) of the Long-Arm Statute......... 6

II.   CONCLUSION............................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aetna Life & Cas. Co. v. Therm-O-Disc, Inc.*,
   511 So. 2d 992 (Fla. 1987)......................................................................................7

*American Int'l Group, Inc. v. Cornerstone Businesses, Inc.*,
   872 So. 2d 333 (Fla. 2d DCA 2004) ....................................................................4, 5

*Asahi Metal Ind. Co. v. Superior Court*,
   480 U.S. 102 (1987)...............................................................................................1

*Carib-USA Ship Lines Bahamas Ltd. v. Dorsett*,
   935 So.2d 1272, 2006 Fla. App. LEXIS 14016 (Fla. Ct. Apl. 2006) ......................7

*Digitech Info. Sys. v. BMW Auto Leasing, LLC*,
   2011 U.S. Dist. LEXIS 96504 (M.D. Fla. August 26, 2011)....................................4

*ENIC, PLC v. F.F. South & Co.*,
   870 So. 2d 888 (Fla. Dist. Ct. App. 5th Dist. 2004) ............................................5, 6

*Gladding Corp. v. Register*,
   293 So. 2d 729 (Fla. 3d DCA 1974) ......................................................................4

*Inc. v. David Weekley Ho*mes,
   LLC, 2007 U.S. Dist. LEXIS 26161 (M.D. Fla. April 9, 2007) ...............................5

*Jackson-Bear Group, Inc. v. Amirjazil*,
   2011 U.S. Dist. LEXIS 38621 (M.D. Fla. March 30, 2011)..................................1, 4

*Koch v. Royal Wine Merchs., LTD*
   *2012 U.S. Dist. LEXIS 38115 (D.D. Fla. Mar. 21, 2012)*......................................7

*Madara v. Hall*,
   916 F.2d 1510 (11th Cir. 1990) .............................................................................1

*Musiker v. Projectavision*,
   960 F. Supp. 292 (S.D. Fla. 1997) .........................................................................7

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
   558 F.3d 1210 (11th Cir. 2009) .............................................................................1

*Prentice v. Prentice Colour, Inc.*,
   779 F. Supp. 578 (M.D. Fla. 1991).........................................................................7

*Reflection Mfg., LLC v. I.S.A. Corp.*,
   2011 U.S. Dist. LEXIS 34154 .........................................................................................3

*Reynolds Am., Inc. v. Gero*,
   56 So. 3d 117, 119 (Ct. App. Fla. 2011) ......................................................................6

*Rogers v. Nacchio*,
   241 Fed. Appx. 602 (11th Cir. 2007)............................................................................7

*Unijax, Inc. v. Factory Ins. Ass'n*,
   328 So. 2d 448 (Fla. 1st DCA 1976) ...........................................................................5

*Virgin Health Corp. v. Virgin Enters. Ltd.*,
   393 Fed. Appx. 623 (11th Cir. 2010)........................................................................1, 3

## STATUTES

Long-Arm Statute §4.193(f) ...............................................................................................6

I.      **ARGUMENT**

      A.      **Plaintiff's Assertion That YPG Publishes Infringing Directories in Florida Is False**

Under the due process clause, plaintiff needs to establish that, before YPG received any cease and desist letter from plaintiff, it engaged in copyright infringement that was "directly aimed at the forum" and that YPG "should have reasonably anticipated" that such alleged infringement would cause injury within Florida. *Jackson-Bear Group, Inc. v. Amirjazil*, 2011 U.S. Dist. LEXIS 38621 *19, 21 (M.D. Fla. March 30, 2011) *quoting Oldfield v. Pueblo De Bahia Lora, S.A*., 558 F.3d 1210, 1221 (11th Cir. 2009) (granting motion to dismiss where plaintiff had not alleged that defendant "knew about plaintiff's claim of entitlement to the trademark prior to the sending of the cease and desist letters."), *see also Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 Fed. Appx. 623, 626 (11th Cir. 2010).  In other words, plaintiff must prove that the photos that were allegedly used by YPG (1) in fact were published by Ziplocal in Florida and (2) that YPG knew that those photos were the plaintiff's and that plaintiff was located in Florida.  Mere awareness that a publication may end up in the forum state is insufficient to support the exercise of personal jurisdiction over a defendant unless it is in fact the publisher and controls the publication's circulation. *Madara v. Hall*, 916 F.2d 1510, 1519 (11th Cir. 1990), cit*ing Asahi Metal Ind. Co. v. Superior Court,* 480 U.S. 102, 112 (1987).

Mindful of this requirement, plaintiff asserts repeatedly in its brief (but not in any declaration) that *YPG* has published and distributed directories containing infringing photographs in Florida.  YPPI's Opp. at 2, 8, 13, 14, 16.  But this assertion is just plain false.  Even the Complaint makes it clear that this lawsuit is about *Ziplocal's* directories, and *Ziplocal's* use of stock photos under its license with YPPI.  Complaint ¶ 1.  YPG is not alleged to have published the photos at issue, but rather to have used them in providing those services to Ziplocal. *Id*. ¶¶ 7,

26.  Ziplocal was licensed to use the photos, but, according to plaintiff, it was not permitted to outsource the production to YPG, even for its own benefit; instead, it was allegedly required to keep the production in-house.  *Id*. ¶ 24.

Ironically, the material that YPPI provides in support of its opposition undermines its repeated assertion that *YPG* published directories in Florida containing infringing pictures.  YPPI provides the Court with pictures from two Florida directories.  Opp. at 6; Moore Decl. Docket No. 21 at ¶¶ 14-16, & its Exs. 5 & 6.  But these are described as, and clearly are, *Ziplocal* directories.  Simply put, YPG does not publish directories.  June 8, 2012 Declaration of M. Meloy ("Meloy III"), attached hereto, ¶ 3.  Moreover, these two Florida directories do not contain photographs that YPG received from Ziplocal under the outsourcing agreement.  June 7, 2012 Declaration of Michelle Meloy, Docket No. 31 ("Meloy II") at ¶ 4.

YPPI provides no evidence that the allegedly infringing photos in the two Florida directories were provided by Ziplocal to YPG in violation of the alleged license agreement, and in fact, they were not.  Moreover, YPPI presents nothing to support the notion that YPG would have had any reason to know that these photos or any others were YPPI's.  Accordingly, YPPI has failed to show that YPG committed a tortious act within this state.  To the contrary, any allegedly infringing act by YPG was outside of Florida, since Ziplocal operates in Utah and YPG operates in Pennsylvania and Indiana, Meloy I, Docket No. 13 ¶¶ 3, 4, 10.

**B.**    **YPPI's March 2011 Letter had Nothing to do with the Issues in This Case, and, in any Event, Cannot Form the Basis for Personal Jurisdiction Over YPG**

YPPI claims that it put YPG on notice of the "issues raised in this case in early 2011," and that YPG has allegedly continued infringement after notice.  YPPI's Opp. at 16.  This, too, is false.  Exhibit 12 to Plaintiff's opposition brief is a letter dated February 23, 2011 from Mr. Timmerman to in-house counsel at defendant Yellow Media Inc. ("YMI").  Declaration of J.

2

Todd Timmerman ("Timmerman Decl."), Docket No. 22, ¶¶ 15-17 & its Ex. 12.  Plaintiff refers

to this letter for the proposition that it put YPG on notice of its claims in this lawsuit in "early

2011," and that such purported notice means that YPG "has knowingly infringed Plaintiff's

copyrights."  YPPI's Opp. at 16.  Mr. Timmerman's letter, however, has nothing to do with the

present lawsuit, much less with the allegations against YPG.  On its face, the letter accused

Yellow Media Inc. of infringement, not YPG.  Moreover, the accusation is that "your company's

yellow pages directories in the United States and Canada" were using YPPI's photos.  Docket

No. 22 at Ex. 12.  This lawsuit, by contrast, makes no allegation about any directories published

by YMI or any other entity other than those published by Ziplocal.  Complaint ¶ 1.  Mr.

Timmerman's letter does not refer to Ziplocal's directories at all, or refer to the peculiar license

agreement between Ziplocal and YPPI.  That issue was raised in 2012, just before this lawsuit

was filed.

    Plaintiff then compounds the misleading nature of its assertion by again arguing that

"infringing advertisements continue to appear in the directories YPG publishes and distributes to

this day."  YPPI's  Opp. at 16.  Tellingly, no record cite is offered for this assertion and, as

discussed above, it is simply false:  YPG does not publish directories, in Florida or elsewhere.

Complaint ¶ 6; Meloy III ¶¶ 2, 3; Meloy I ¶ 2.  And on top of that, the two directories cited by

Mr. Moore were published in 2011 or earlier, long before Mr. Timmerman's March 2012 letter.

Docket Nos. 21-5 & 21-6.

     Moreover, notice of infringement letters such as the ones referenced by YPPI do not

provide a basis for personal jurisdiction.  *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 Fed.

Appx. 623, 626 (11th Cir. Fla. 2010); *Reflection Mfg., LLC v. I.S.A. Corp.*, 2011 U.S. Dist.

LEXIS 34154, at *23.  Accordingly, YPPI has failed to establish that YPG knew that any of the

photos it handled for Ziplocal were plaintiff's, and therefore has failed to show that due process is satisfied. *Jackson-Bear Group, Inc.,* 2011 U.S. Dist. LEXIS 38621 *21 (plaintiff must show that defendant "knew about plaintiff's claim of entitlement" to allegedly infringing material before the sending of cease and desist letters).

### C.     There Is no Authority for the Proposition That "Related" Companies Can All Be Subject to Personal Jurisdiction Where one of Them Is

The Complaint makes no claims that YPG itself committed tortious actions in Florida, notwithstanding the lawyer argument in YPPI's brief that falsely claims YPG published directories in Florida.  Given that fact, YPPI implies that all of the defendants are somehow so "related" that there is personal jurisdiction over all of them.  Opp. at 5.  That is simply not a viable theory of personal jurisdiction under either the Florida long-arm statute, or as a matter of due process.  *Digitech Info. Sys. v. BMW Auto Leasing, LLC*, 2011 U.S. Dist. LEXIS 96504, at *22 (M.D. Fla. August 26, 2011).

YPPI's citation to YMI's 2011 Annual Report as evidence of the corporate relationship of the co-defendants proves nothing more than the fact that YPG is a wholly owned subsidiary of YMI.  The fact that YMI has "the power to govern, directly or indirectly, the financial and operating policies of [YPG] so as to obtain economic benefit from its activities" does not say anything about jurisdiction in Florida over YPG since YMI is a Canadian corporation with no contacts with Florida.  *See* YMI's Motion to Dismiss for Lack of Jurisdiction, Docket No.  29. Thus, even if YMI's contacts could somehow be imputed to YPG, that would not further YPPI's argument for jurisdiction in Florida.  Moreover, it is well settled that "[a] parent corporation and its wholly-owned subsidiary are separate and distinct legal entities." *American Int'l Group, Inc. v. Cornerstone Businesses, Inc.*, 872 So. 2d 333, 336 (Fla. 2d DCA 2004); *Gladding Corp. v. Register*, 293 So. 2d 729, 732 (Fla. 3d DCA 1974) (fact that parent owns all stock of subsidiary

company does not erase the latter's identity as a legal entity, nor create any conclusions that the latter is only the alter ego of the former).   And the fact that one corporation "owns" or is the parent of another does not, by itself, make the parent liable for the torts or breaches of the subsidiary. *See American Int'l Group, Inc*., 872 So. 2d at 336 ("parent corporation is not liable for torts committed by its subsidiary"); *Unijax, Inc. v. Factory Ins. Ass'n*, 328 So. 2d 448, 453-54 (Fla. 1st DCA 1976) ("courts have uniformly held that a parent company is not liable for the torts of its subsidiaries, unless the subsidiary is operated as a 'mere instrumentality' of the parent"). Moreover, it is the plaintiff's burden to prove facts that would support a finding of piercing the corporate veil. *Home Design* Servs., *Inc. v. David Weekley Ho*mes, LLC,  2007 U.S. Dist. LEXIS 26161 *7 (M.D. Fla. April 9, 2007).

Here, neither YPG nor YMI are located in Florida, so it is difficult to understand the point of YPPI's "related company" argument.  Perhaps YPPI is attempting to impute Ziplocal's contacts with Florida to YPG by way of YMI's ownership of YPG.  If so, YPPI cites no authority for such a theory.  Moreover, there are no allegations that Ziplocal's sole purpose for existence is to accomplish the aims of YMI, or any other facts that could support the conclusion that the corporate separateness of these companies can be disregarded.  And even if that could be proven, YPPI would still have to somehow impute YMI's 35% ownership of Ziplocal to YPG, a leap that would be unprecedented.

As for a relationship between YPG and Ziplocal, plaintiff fails to establish or even allege an agency relationship between YPG and Ziplocal with regard to the alleged infringement at issue. *ENIC, PLC v. F.F. South & Co.,* 870 So. 2d 888, 891 (Fla. Dist. Ct. App. 5th Dist. 2004). Florida law on agency requires an acknowledgement by the principal that the agent will act for it, the agent's acceptance of the undertaking, and control by the principal over the action of the

agent.  *Id.* Agency for purposes of the long-arm statute must necessarily relate to the underlying

basis for long-arm jurisdiction—here, the allegations of copyright infringement.  *Reynolds Am.,*

*Inc. v. Gero, 56 So. 3d 117, 120 (Ct. App. Fla. 2011)* As noted, YPG was unaware of Ziplocal's

license agreement with Ziplocal.  Meloy I, Docket No. 13, ¶¶ 13, 14.  YPG receives photographs

from Ziplocal pursuant to the outsourcing agreement between the two companies, which requires

that Ziplocal represent and warrant that it had rights to all materials supplied to YPG.  *Id.* ¶¶ 9,

11.[1]  YPG was not a party to the license agreement between Ziplocal and YPPI, and, until the

suit, YPG never saw any agreement between Ziplocal and YPPI.  Meloy I, Docket No. 13, ¶ 15.

YPPI does not provide any support for the conclusion that Ziplocal operated as YPG's

agent or that YPG acknowledged Ziplocal to act as agent for it in engaging in any purported acts

of infringement or use outside of scope of the license between YPPI and Ziplocal.  *Reynolds*

*Am., Inc. v. Gero, 56 So. 3d 117, 119 (Ct. App. Fla. 2011).*  Nor is there a claim that Ziplocal

agreed to so act.  Indeed, to the extent that there were acts of infringement, they were committed

independently by Ziplocal after the supposedly automatic termination without notice of the

license between Ziplocal and YPPI– a fact of which YPG was not aware, until this lawsuit.

Meloy I, Docket No. 13 ¶15.  In sum, there is no basis for personal jurisdiction over YPG on a

theory of corporate relatedness or agency.

###     D.     There is No Personal Jurisdiction Under §4.193(f) of the Long-Arm Statute

In its brief, YPPI argues for the first time that jurisdiction may lie under §4.193(f) of the

Long-Arm Statute.  This section requires that the defendant engage in solicitation or services

within the state or that the defendant processed, serviced or manufactured products, materials or

---

[1] In its opposition brief, YPPI complains that YPG did not attach a copy of the outsourcing brief.  YPPI Opp. at n. 2.
A copy of that agreement is attached as Ex. A to Ms. Meloy's June 8, 2012 Declaration, attached hereto, and
authenticated by her at ¶3.

things within the state.  YPPI makes no such factual allegations to support this.  Moreover, a purely economic injury is insufficient to confer jurisdiction over a non-resident under this subsection.[2]  This argument is frivolous

## II.    CONCLUSION

YPPI complains that YPG has ignored the allegations in its Complaint and that "infringing advertisements were distributed to consumers in Florida."  YPPI Opp. at 12.  But YPG has asserted in sworn affidavits that it has not published any directories in Florida, that it did not receive the three photos in the two Florida directories from Ziplocal in alleged violation of the Ziplocal/YPPI license, and that it was unaware of YPPI or the Ziplocal license agreement at the time of any alleged infringement.  Plaintiff has therefore failed to establish that YPG committed an intentional tort in Florida, or that it would be fair,  just or reasonable for YPG to be haled into Court in Florida because of its production work for a Utah company.  Accordingly, YPG's motion to dismiss should be granted. [3]

| Of Counsel: | By:  __s/ C. Douglas McDonald_ |
|---|---|
| | C. Douglas McDonald |
| David J. Wolfsohn | Carlton Fields, P.A. |
| Jacqueline M. Lesser | 4221 W. Boy Scout Blvd., Ste. 1000 |
| Woodcock Washburn LLP | Tampa, Florida  33607-5780 |
| Cira Centre, 12th Floor | |
| 2929 Arch Street | *Attorneys for Defendant Yellow Pages* |
| Philadelphia, PA 19104 | *Group, LLC* |
| Telephone: 215-564-2222 | |
| Facsimile: 215-568-3439 | |

Dated: June 8, 2012

---

[2] *Rogers v. Nacchio*, 241 Fed. Appx. 602, 606 (11th Cir. 2007); *Koch v. Royal Wine Merchs*., Ltd., 2012 U.S. Dist. LEXIS 38115, 16-17 (S.D. Fla. Mar. 21, 2012); *Musiker v. Projectavision*, 960 F. Supp. 292, 297 (S.D. Fla. 1997); *Aetna Life & Cas. Co. v. Therm-O-Disc, Inc*., 511 So. 2d 992, 994 (Fla. 1987).

[3] YPPI's argument for general jurisdiction is also meritless.  Even a substantial sales force in a state is insufficient to establish general personal jurisdiction.  *Prentice v. Prentice Colour, Inc*., 779 F. Supp. 578, 584 (M.D. Fla. 1991); *Carib-USA Ship Lines Bahamas Ltd. v. Dorsett*, 935 So.2d 1272, 1276, 2006 Fla. App. LEXIS 14016 *11 (Fla. Ct. Apl. 2006) (for general jurisdiction, "[c]ontacts are generally assessed over a period of years prior to the filing of the complaint"; contacts established after filing of complaint generally should not be used to establish minimum contacts ).

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on June 8, 2012, a true and correct copy of the foregoing Defendant's Reply Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction or for a more Definite Statement was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

<u>    /s  C. Douglas McDonald    </u>
Attorney