**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**YELLOW PAGES PHOTOS, INC.,**

     **PLAINTIFF,**

**v.**                                 **CASE NO.: 8:12-cv-755-RAL-TBM**

**ZIPLOCAL, LP, YELLOW PAGES GROUP,
LLC, AND YELLOW MEDIA INC.,**

     **DEFENDANTS.**

_____/

**<u>CASE MANAGEMENT REPORT</u>**

     1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B), a meeting was held on June 25, 2012 at 2:00 p.m. by telephone and was attended by:

     <u>Counsel for Plaintiff</u>

     J. Todd Timmerman, Esquire, Shumaker, Loop & Kendrick, LLP
     Mindi M. Richter, Esquire, Shumaker, Loop & Kendrick, LLP

     <u>Counsel for Ziplocal, L.P.</u>

     James A. Scott, Jr., Esquire, Bogin, Munns & Munns, P.A.

     <u>Counsel for Yellow Pages Group, LLC and Yellow Media Inc.</u>[1]

     C. Douglas McDonald, Esquire, Carlton Fields, P.A.
     David J. Wolfsohn, Esquire, Woodcock Washburn LLP

     2.    <u>Initial Disclosures</u>:

          a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent

---

1 Defendants YMI and YPG participate in the preparation of this case management report without waiver of their positions that the Court lacks jurisdiction over them, as set forth in their respective motions to dismiss. YMI and YPG understand that, under the local rules, participation in this process is required notwithstanding the pending motions to dismiss for lack of jurisdiction.

Case Management Report
Page 2

otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Fed. R. Civ. P.26(a)(1).[2]

The parties (check one)



_____X_____          have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before July 20, 2012.[3]

_____          stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

At the time it serves its initial disclosures, plaintiff shall produce to defendants copies of all its deposits with the Copyright Office that correspond with the registrations

---

[2] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[3] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

Case Management Report
Page 3

referenced in the Complaint in such a manner that defendants will be able to determine which photographs relate to which deposits and registrations.

_____ .

_____ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____ .

3.       Discovery Plan: The parties jointly propose the following discovery plan:

a.       <u>Planned Discovery</u>:  A description of every discovery effort the parties plan to pursue is set forth below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)       <u>Requests for Admissions</u>:

The parties may serve requests for admissions in accordance with the Federal Rules of Civil Procedure.

Number of Requests for Admission:  Parties may seek to limit the number of requests for admission in accordance with Fed.R.Civ.P. 26(b)(2).  Any such request must be presented by motion.

(2)       <u>Written Interrogatories</u>:

The parties may serve written interrogatories in accordance with Rule 33 of the Federal Rules of Civil Procedure.

Number of Interrogatories:   Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Fed.R.Civ.P. 33, including all parts and subparts."  Any request to exceed this limit must be presented by motion.

(3)       <u>Requests for Production or Inspection</u>:

The parties may serve requests for production in accordance with Rules 34 and 45 of the Federal Rules of Civil Procedure**.**

Case Management Report
Page 4

(4)    Oral Depositions:

Number of Depositions:   Local Rule 3.02(b) provides, "[i]n accordance with
Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may
be taken in any case unless otherwise ordered by the Court."  Any request to take
further depositions must be presented by motion.

Plaintiff's Position

Plaintiff believes it may need to take as many as twenty fact depositions given the
facts of this case, which date back to 2004, and that there are three Defendants, which
are large companies with multiple individuals that have been involved over time.
Plaintiff expects the deponents to include each of the three defendants (pursuant to
Rule 30(b)(6)), four identified former employees of Ziplocal, one identified current
employee of Ziplocal, the individuals involved in the acquisitions (particularly the
"due diligence" for such transactions) of Volt Information Sciences, Inc., CanPages,
Inc., and Ziplocal, LP by Yellow Media Inc., two identified current employees of
Yellow Media Inc./Yellow Pages Group, LLC, and one identified former employee of
Yellow Media Inc./Yellow Pages Group, LLC.   Plaintiff also expects additional
individuals to be disclosed by Defendants in their initial disclosures and discovery,
who may also need to be deposed.  There will also be expert witness depositions.

Position of Defendants YMI and YPG

YMI and YPG believe that ten depositions per side, for a total of twenty
depositions (ten for Plaintiff and ten for Defendants) will suffice.  This is, at
bottom, a straightforward case that does not contention that the terms of a
license agreement were exceeded by Ziplocal, in particular, that warrant
deviation from the ten-deposition rule.  The alleged infringement arises out of
plaintiff's Ziplocal was not permitted to outsource to YPG certain production
work of Ziplocal's phone directories.  If plaintiff's theory is incorrect and
Ziplocal did not violate any agreement by outsourcing its production, then
none of the defendants engaged in copyright infringement.

Moreover, plaintiff has not alleged that YMI engaged in any infringement at
all.  As explained in YMI's pending motion to dismiss, according to plaintiff,
YMI—which owns YPG—can be held "vicariously liable" for the alleged
infringement of YPG merely by virtue of such ownership.  Putting aside the
fact that this is incorrect as a matter of law and that plaintiff has failed to
allege sufficient facts to support jurisdiction over YMI or YPG, this means at

Case Management Report
Page 5

the least that the inclusion of YPG and YMI as defendants adds very little in terms of complexity to the case.

Plaintiff also overstates the breadth of the case in terms of the time period at issue.   The earliest phone directories that plaintiff has claimed involve infringement date from 2010.  See Exhibit 3 attached to Declaration of T. Moore, Docket No. 21-3.   Finally, plaintiff claims that it needs to take depositions involving transactions involving Volt Information Services and others.  Those transactions, however, have nothing to do with the allegations of breach of contract and copyright infringement alleged in the complaint.  In short, ten depositions per side should be more than sufficient.

**Defendant Ziplocal, LP's Position**: Ziplocal agrees that the number of depositions should be limited to 10 for each side. Notwithstanding, Defendants should be entitled to take the same number of depositions that the Court allows the Plaintiff to take.

Time Permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed.R.Civ.P. 30(d)(2) unless extended by stipulation of the parties or order of the Court.

      b.    <u>Disclosure of Expert Testimony</u>:  The parties propose, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that all Fed.R.Civ.P. 26(a)(2) disclosures will be due as noted here:

<u>Plaintiff's Position</u>

Rule 26(a)(2) expert disclosures by party with burden of proof on a particular issue due on or before March 1, 2013.

Opposition Rule 26(a)(2) disclosures re: experts due on or before March 29, 2013.

In the event the discovery period is shortened, these dates would be adjusted accordingly such that they fall within the discovery period and provide sufficient time for the experts to be deposed.

<u>Defendants' Position</u>

Rule 26(a)(2) expert disclosures by party with burden of proof on a particular issue due on or before January 10, 2013.

Opposition Rule 26(a)(2) disclosures re experts due on or before February 10, 2013.

Case Management Report
Page 6

c.    <u>Supplementation of Disclosures and Responses</u>:  The parties propose that supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

The parties will provide supplementation of disclosures and responses necessary as required under the Federal Rules of Civil Procedure.

d.    <u>Completion of Discovery</u>:    The parties propose that they will commence all discovery in time for it to be completed on or before:

<u>Plaintiff's Position</u>

Discovery will be completed on or before May 31, 2013.

Plaintiff does not feel that there is a necessity to bifurcate this case into fact and expert discovery stages.

<u>Defendants' Position</u>

Fact discovery to be completed on or before November 30, 2012.

Expert discovery to be completed on or before March 13,  2013.

4.    <u>Joint Discovery Plan – Other Matters</u>:  The parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

The parties have agreed to work together to determine if the parties will be able to submit a stipulated Protective Order to govern the disclosure of confidential information in this case.  The parties expect to either reach an agreement on the contents of this Protective Order by July 31, 2012, or submit the areas of disagreement to the Court by separate motion.  Such motion need not be a joint motion.

5.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:    Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

a.    The number of depositions.  *See* Section 3.a.(4).
b.    The time for disclosure of expert testimony.  *See* Section 3.b.

Case Management Report
Page 7

      c.      Whether discovery needs to be bifurcated into separate fact and expert witness discovery stages.  *See* Section 3.d.

      d.      The date(s) for completion of discovery.  *See* Section 3.d.

      6.      <u>Third Party Claims, Joinder of Parties, Amendment of Pleadings, Potentially Dispositive Motions</u>:  The parties agree that motions for leave to file third party claims, motions to join parties, should be filed no later than ninety (90) days prior to the close of fact discovery.   The parties also agree that motions for summary judgment and all other potentially dispositive motions should be filed within forty-five (45) days after the close of discovery.

      7.      <u>Settlement and Alternative Dispute Resolution</u>:  Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
\_\_\_\_ likely
\_x\_ unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
\_\_\_\_\_yes \_\_\_X\_\_no \_\_\_\_\_likely to agree in the future

If binding arbitration is agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

      8.      <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  <u>See</u> 28 U.S.C. § 636.  Should the parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

      _____ yes     \_x\_ no     _____ likely to agree in future

      9.      <u>Preliminary Pretrial Conference</u>:

      Track Two Cases:

      Parties     \_\_\_\_\_x\_\_\_\_\_ request
                  _____ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such conference include:

Case Management Report
Page 8

    a.    The number of depositions.  *See* Section 3.a.(4).
    b.    The time for disclosure of expert testimony.  *See* Section 3.b.
    c.    Whether discovery needs to be bifurcated into separate fact and expert witness
          discovery stages.  *See* Section 3.d.
    d.    The date(s) for completion of discovery.  *See* Section 3.d.


    10.    <u>Final Pretrial Conference and Trial</u>:  The parties agree that they will be ready
for a final pretrial conference on or after sixty (60) days after the court's ruling on any
dispositive motion and for trial on or after   <u>(the court to set)</u>  .  This Jury <u>x</u> Non-Jury <u>__</u>
trial is expected to take approximately <u> 40 to 60 </u> hours.


    11.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  The parties acknowledge
that they are aware of and will comply with pretrial disclosures requirements in Fed.R.Civ.P.
26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

    12.    <u>Other Matters</u>:

The parties will endeavor to resolve informally the schedule for discovery and any
other discovery disputes before bringing issues to the Court, as required by applicable
rules, and will consider other appropriate stipulations as necessary to advance the
case, consistent with the governing rules.

The Stipulation in Paragraph 2(a) does not waive a party's right to file a good faith
Motion under Fed. R. Civ. P. 26(b)(2).


Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of
Unrepresented Parties.

Case Management Report
Page 9


/s Mindi M. Richter
J. Todd Timmerman, Esquire
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
(813) 229-7600
F: (813) 229-1660

Counsel for Yellow Pages Photos, Inc.

/s David Wolfsohn
C. Douglas McDonald, Esquire
Florida Bar No. 296538
dmcdonald@carltonfields.com
Carlton Fields, P.A.
4221 W. Boy Scout Blvd., Suite 1000
Tampa, Florida 33607
(813) 223-7000
F: (813) 229-4133


David Wolfsohn, Esquire
wolfsohn@woodcock.com
Jacqueline M. Lesser, Esquire
jlesser@woodcock.com
Woodcock Washburn LLP
Cira Centre, 12th floor
2929 Arch Street
Philadelphia, PA 19104
(215) 564-2222
F: (215) 568-3439

Counsel for Yellow Pages Group, LLC and Yellow Media Inc.

/s James A. Scott, Jr.
James A. Scott, Jr., Esquire
Florida Bar No. 0279072
jscott@boginmunns.com
Bogin, Munns & Munns, P.A.
687 Beville Road, Suite A
South Daytona, Florida 32119
(386) 763-2092
F: (386) 763-5823

Counsel for Ziplocal, LP

Case Management Report
Page 10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic filing to all attorneys.

s/ Mindi M. Richter
Mindi M. Richter, Esquire