UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YELLOW PAGES PHOTOS, INC.,**

       **PLAINTIFF,**

**v.**                                     **CASE NO.: 8:12-cv-755-RAL-TBM**

**ZIPLOCAL,  LP, YELLOW PAGES GROUP,**
**LLC,  AND YELLOW MEDIA INC.,**

       **DEFENDANTS.**

_____/

**PLAINTIFF YELLOW PAGES PHOTOS, INC.'S**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, Yellow Pages Photos, Inc. ("Plaintiff"), by and through its undersigned attorneys and pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 4.01, moves for leave to amend its Complaint (Dkt. 1) to add seven (7) newly issued copyright registrations as reflected in Exhibit 1 attached hereto.[1]  This Motion is not opposed By Defendant Ziplocal, LP, but is opposed by Defendants Yellow Pages Group, LLC and Yellow Media Inc.   In support Plaintiff states as follows:

## I.     INTRODUCTION

This is a breach of contract and copyright infringement action.  Plaintiff is in the business of producing and licensing to publishers of telephone directories copyrighted photographs for use in creating, producing, and publishing advertisements.  Plaintiff's library

---

[1] The proposed First Amended Complaint attached hereto as Exhibit 1 is marked to reflect all changes from the original Complaint.

of photographs currently consists of more than 10,000 photographs divided into 185 collections of approximately 50 to 100 photographs each.

Defendant Ziplocal, LP ("Ziplocal") is an independent telephone directory publisher and was a licensee of Plaintiff.  During the time period 2004-2010, Plaintiff licensed Ziplocal to use its entire library of photographs and provided them to Ziplocal as electronic files.  Defendant Yellow Pages Group, LLC ("YPG") is an outsourcing provider that in approximately late 2010 began creating and producing advertisements for Ziplocal.  Defendant Ziplocal breached its license agreement with Plaintiff by, among other things, transferring the images it licensed from Plaintiff to YPG and permitting use of the images it licensed from Plaintiff by YPG in violation of its license agreement, thereby terminating its license.   Count I of Plaintiff's Complaint addresses this breach of Ziplocal's license agreement with Plaintiff.

In addition, both Ziplocal (given the termination of its license from Plaintiff) and YPG (which has never had a license from Plaintiff) have infringed and are continuing to infringe Plaintiff's copyrights in its photographs by engaging in unlicensed reproduction, use, publication, distribution, and display of them in violation of the United States Copyright Act.  Yellow Media Inc. ("Yellow Media") participates in, exercises control over, and receives a direct financial benefit from YPG's and Ziplocal's infringement, and thus is vicariously liable for YPG's and Ziplocal's infringement.  Count II of Plaintiff's Complaint addresses the Defendants' infringement of Plaintiff's copyrights.

As of the date Plaintiff filed its Complaint, it had registered the copyrights in 162 of its 185 collections of photographs, the vast majority of its library.  The photographs were

registered in groups as permitted by the United States Copyright Office.  Generally speaking, a group of published photographs can be registered on a single form with a single fee if (1) all the photographs are by the same photographer; (2) all the photographs are published in the same calendar year; and (3) all the photographs have the same copyright claimant. Plaintiff identified in paragraph 20 of its Complaint and attached as exhibits to its original Complaint all of its then issued 37 copyright registrations for its 162 registered collections of photographs.

As of that date, though, there were still 23 unregistered collections.  Copyrights arise upon creation of a photograph, though, not upon registration.  *See* 17 U.S.C. § 102(a). Therefore, Plaintiff owned copyrights in the unregistered photographs on the date this action was commenced.  However, the copyrights needed to be registered for purposes of this action.  *See* 15 U.S.C. § 411(a).  Plaintiff applied for registration of the copyrights in the remaining unregistered photographs, which registrations were issued effective May 21, 2012. *See* Exhibits 38 through 44 of Plaintiff's proposed First Amended Complaint.  Plaintiff now moves to amend its Complaint to add these registrations.

## II.    ARGUMENT

"The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiff's request for leave to amend does not raise jurisdictional concerns, as the registration requirement of 15 U.S.C. § 411(a) is non-jurisdictional.  *Reed Elsevier, Inc. v. Muchnik*, __ U.S. __, 130 S.Ct. 1237, 1248, 176 L.Ed.2d 18 (2010).  Rather, it is a "claim processing rule."  *Id.* at 1244, 1248.  In addition, there is no statute of limitations concern in this case, insofar as Plaintiff is aware, that would be circumvented by the

requested amendment.   Further, the addition of copyright registrations to a Complaint by amendment where they issue after commencement of the action is permitted practice in the Eleventh Circuit.   *See M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1489 (11th Cir. 1990) (permitting amendment of complaint); *Simplexgrinnell v. Ghiran*, 2007 WL 2480352, *2 (M.D. Fla. 2007)  (same…"this can clearly be cured by amendment") (both cases abrogated to the extent they referenced copyright registration as a jurisdictional requirement by *Reed Elsevier*, *supra*).   This case is at a very early stage, and there is no prejudice that any Defendant will suffer as a result of the requested amendment.

However, Yellow Media and YPG have objected and will likely continue to argue that Plaintiff's proposed First Amended Complaint is a "shotgun pleading" and so the proposed amendment should not be permitted, claiming they are confused as to what photographs Plaintiff claims it owns and are at issue and as to what photographs Plaintiff claims Defendants have infringed and how.

Insofar as what photographs are at issue in this action, the copyright registration numbers are listed, the registrations are exhibits, and the photographs covered by each registration were provided to the Library of Congress.  Copies of the individual photographs can and will be provided in discovery.  There can be no gamesmanship by Plaintiff as to what photographs are covered by the registrations, as their identity is a matter of public record and can be cross-referenced against Plaintiff's production if Defendants feel the necessity to do so.  There is no requirement in either the Copyright Act or the Federal Rules of Civil Procedure that copies of infringed works be attached to a complaint, only that there be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).   There is no need to attach copies of more than 10,000 photographs to a complaint where, as here, they are adequately identified.[2]   Critically, the three Defendants are related companies.   Ziplocal licensed and received copies of the photographs at issue from Plaintiff, and Plaintiff has claimed the copyrights in all of them have been infringed.   The Defendants know what photographs are at issue.   Their claim of confusion is disingenuous.

As to Defendants' acts of infringement, Plaintiff's claim is that Defendants have infringed the copyrights in each of Plaintiff's photographs that Ziplocal transferred to YPG by that contractually prohibited, unlicensed transfer, which Plaintiff understands to have been of every photograph Plaintiff licensed to Ziplocal.   Again, Defendants know what was transferred between Ziplocal and YPG.   The transfer was an internal one between related companies.   Defendants' claim of confusion as to which photographs they have infringed is likewise disingenuous.

Plaintiff further claims that the copyrights in each of Plaintiff's photographs that Ziplocal and YPG later reproduced, used, published, distributed, and displayed were further infringed.   There is sufficient evidence at this point that YPG has used Plaintiff's photographs since it began outsourcing production for Ziplocal that Plaintiff has located through manual review, and Plaintiff has provided numerous examples to Defendants.   Yet Defendants would pretend such evidence is nonexistent, claiming it is incumbent on Plaintiff to have ferreted out every unpermitted use of its photographs by Defendants by now.

---

[2] More extreme examples illustrative of Yellow Media's and YPG's flawed claim that copies of infringed works "must" be attached to a complaint are lengthy novels or reams of source code for a massive software application.   There is simply no requirement that the same be *attached to* a complaint, so long as they are adequately *identified in* the complaint.

SLK_TAM: #1480891v1

Critically, Ziplocal publishes hundreds of print and virtual directories each year, not to mention online listings, for which the advertisements are produced by YPG. *See* Exhibit 2 attached hereto. For Yellow Media and YPG to complain that Plaintiff should have identified every act of infringement on their part at this point strains credibility. It will take discovery directed to the structure of and links among YPG's photographic image library, advertisement production system, and its and Ziplocal's customer files to determine whether the only way to locate *all* instances of infringing advertisements is by manual review (in which case there may be a further discussion as to whose burden it is to undertake that review, now that YPG has been caught with its hand in the proverbial cookie jar) or whether there is another more efficient way to identify the universe of the infringement. For Yellow Media and YPG to continue to advance the illogical argument that Plaintiff can pursue no acts of infringement in this action other than those it has uncovered so far through its own efforts using publicly available information is indicative of what Plaintiff expects to be obstructive and abusive discovery practice by Defendants.

Irrespective, these arguments provide no good reason for the denial of Plaintiff's requested amendment. This sort of amendment is permitted. The Federal Rules instruct that leave to amend should be freely given when justice so requires. And no party will be prejudiced by the amendment. The proposed amendment merely ensures that all of Plaintiff's claims of infringement occurring in this series of circumstances by these Defendants will be addressed in a single action. Plaintiff's alternative would be to commence a second copyright infringement action against Defendants directed to the 23 collections of photographs that were just recently registered and file a motion to consolidate

the two cases, all of which is unnecessary since this issue can be addressed by Plaintiff's proposed amendment.

WHEREFORE, Plaintiff requests that leave to amend its Complaint (Dkt. 1) as reflected in Exhibit 1 attached hereto.

Respectfully Submitted,

/s/ J. Todd Timmerman
J. Todd Timmerman, Esquire
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Jason P. Stearns, Esquire
Florida Bar No. 0059550
jstearns@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.:  (813) 229-1660

Attorneys for Plaintiff, Yellow Pages Photos, Inc.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I HEREBY CERTIFY that we have conferred with counsel for Defendants in a good faith effort to resolve the issues raised by this motion, and that while Defendant Ziplocal, LP does not oppose this motion, Plaintiff and Defendants Yellow Pages Group, LLC and Yellow Media Inc. have been unable to agree on the resolution of this motion.

/s/ J. Todd Timmerman
J. Todd Timmerman, Esquire

SLK_TAM: #1480891v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  July 9, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ J. Todd Timmerman
J. Todd Timmerman, Esquire