UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

v.                                                      CASE NO: 8:12-cv-755-T-26TBM

ZIPLOCAL, LP; YELLOW PAGES GROUP, LLC;
and YELLOW MEDIA, INC.,

    Defendants.
_____/

**O R D E R**

    Before the Court is Defendant Yellow Pages Group, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 60), the supporting Memorandum of Law (Dkt. 61), and Plaintiff's Motion to Strike Defendant Yellow Pages Group, LLC's Motion to Dismiss Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 62). After careful consideration of the motions, the applicable law, and the entire file, the Court concludes that the motion to strike should be granted and the motion to dismiss should be denied.

    Rule 12(g)(2) permits the filing of only one motion to dismiss under Rule 12 except for certain exceptions not applicable to this case. See Chen v. Cayman Arts, Inc., 2011 WL 1085646, at *2 (S.D. Fla. 2011) (holding that Rule 12(h) does not permit multiple motions to dismiss based on different defenses); accord BAC Home Loans Serv.,

LP v. Fall Oaks Farm LLC, ___ F.Supp.2d ___, 2012 WL 260555, at *4 (S.D. Ohio 2012) (and cases cited). Defendant Yellow Pages Group, LLC (YPG) has already filed a motion to dismiss raising issues of lack of personal jurisdiction and requesting a more definite statement. This Court denied the motion, but permitted the complaint to be amended as to Defendant Yellow Media, Inc. (Yellow Media) only so that Plaintiff could allege a viable theory of personal jurisdiction over Yellow Media. (Dkt. 51). Defenses available at the time of the filing of the first motion are not allowed to be raised in a subsequent motion such as the instant one. See Harris Bank Naperville v. Pachaly, 902 F.Supp. 156, 157 (N.D. Ill. 1995) (noting that the filing of an amended complaint does not revive the right to present defenses by motion that were available before the amendment).

The Court finds that the issues now directed to the Second Amended Complaint were available at the time of the filing of the first motion to dismiss and, consequently, YPG will not be permitted to raise those objections and defenses by way of a Rule 12(b)(6) motion. Furthermore, in the Court's order denying YPG's motion to dismiss, the Court directed it to file an "answer," a directive YPG was not free to ignore. YPG, instead of ignoring that directive, should have sought clarification from the Court as to the availability of filing a second motion to dismiss before it did so.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)  Plaintiff's Motion to Strike Defendant Yellow Pages Group, LLC's Motion to Dismiss Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 62) is **GRANTED**.

(2)  Defendant Yellow Pages Group, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 60) is **DENIED**.

(3)  YPG is directed to file an answer and defenses to the Second Amended Complaint within five (5) days.

**DONE AND ORDERED** at Tampa, Florida, on August 9, 2012.

　　　　　　　　　　　　　　　s/*Richard A. Lazzara*
　　　　　　　　　　　　　　　**RICHARD A. LAZZARA**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record