UNITED STATE DISTRICT COURT
For the
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| YELLOW PAGES PHOTOS, INC.<br>*Plaintiff*<br><br>v.<br><br>ZIPLOCAL, LP, YELLOW PAGES GROUP<br>LLC, and YELLOW MEDIA, INC.<br><br>*Defendant* | Civil Action No.:<br>8:12-CV-755 RAL-TBM |

### DEFENDANT ZIPLOCAL, LP'S
### ANSWER TO SECOND AMENDED COMPLAINT

Defendant, ZIPLOCAL, LP, by and through its undersigned attorney, hereby responds to the Second Amended Complaint in this action by denying each and every allegation in the Second Amended Complaint that is not specifically and expressly admitted in this responsive pleading, and further responds:

1. Defendant ZIPLOCAL, LP admits that Plaintiff licenses images that purportedly are legally copyrighted images and admits that this Defendant is a licensee of the Plaintiff. Defendant admits that Yellow Media holds an interest in this Defendant. Defendant denies the remaining allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph No. 2.

3. Defendant admits the allegations of Paragraph No. 3.

4. Defendant is without knowledge of the allegations in Paragraph No. 4.

5. Defendant is without knowledge of the allegations in Paragraph No. 5.

6. Defendant admits that it is a party to a license agreement with Plaintiff. Defendant admits that it distributes telephone directories. Defendant denies the remaining allegations in Paragraph No. 6.

7. Defendant denies the allegations in Paragraph No. 7.

8. Defendant denies the allegations in Paragraph No. 8.

9. Defendant denies the allegations in Paragraph No. 9.

10. Defendant admits that it has subjected itself to the personal jurisdiction of the State of Florida. Defendant denies the remaining allegations in Paragraph No. 10,

11. Defendant denies the allegations in Paragraph No. 11.

12. Defendant admits that venue is proper in the Middle District, Florida. Defendant denies the remaining allegations of Paragraph No. 12.

13. Defendant admits the allegations of Paragraph No. 13.

14. Defendant admits the allegations in Paragraph No. 14.

15. Defendant denies the allegations in Paragraph No. 15.

16. Defendant ZIPLOCAL, LP admits that Plaintiff licenses images that purportedly are legally copyrighted images for use in publishing advertisements.

17. Defendant is without knowledge of the allegations in Paragraph No. 17.

18. Defendant is without knowledge of the allegations in Paragraph No. 18.

19. Defendant is without knowledge of the allegations in Paragraph No. 19.

20. Defendant is without knowledge of the allegations in Paragraph No. 20.

21. Defendant is without knowledge of the allegations in Paragraph No. 21.

22. Defendant is without knowledge of the allegations in Paragraph No. 22.

23. Defendant denies the allegations in Paragraph No. 23.

24. Defendant admits that Plaintiff delivered some of the images on CDs and otherwise denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations in Paragraph No. 26.

27. Defendant denies the allegations in Paragraph No. 27.

28. Defendant is without knowledge of the allegations in Paragraph No. 28.

29. Defendant denies the allegations in Paragraph No. 29.

30. Defendant denies the allegations in Paragraph No. 30.

31. Defendant is without knowledge of the allegations in Paragraph No. 31.

32. Defendant realleges its responses in this Answer to Paragraphs 1 through 31 of the Second Amended Complaint.

33. Defendant admits that the Plaintiff has filed an action seeking damages and seeking specific performance. Defendant denies the remaining allegations of Paragraph 33.

34. Defendant denies the allegations in Paragraph No. 34.

35. Defendant denies the allegations in Paragraph No. 35 and specifically states that based on the allegations of Paragraph No. 35 Plaintiff is limited to an award of general damages only.

36. Defendant admits that under certain circumstances in this action the prevailing party may be entitled to an award of attorneys fees from the non-prevailing party.

37.     Defendant realleges its responses in this Answer to Paragraphs 1 through 31 of the Second Amended Complaint.

38.     Defendant admits that the Plaintiff has filed an action claiming copyright infringement under Federal law.

39.     Defendant denies the allegations in Paragraph No. 39.

40.     Defendant denies the allegations in Paragraph No. 40.

41.     Defendant denies the allegations in Paragraph No. 41.

42.     Defendant admits that Yellow Media holds an interest in this Defendant. Defendant denies the remaining allegations of Paragraph 42.

43.     Defendant denies the allegations in Paragraph No. 43.

44.     Defendant denies the allegations in Paragraph No. 44.

45.     Defendant denies the allegations in Paragraph No. 45.

46.     Defendant denies the allegations in Paragraph No. 46.

### DEFENSES UNDER RULE 12(b)

47.     Defendant moves to dismiss with prejudice the specific performance claim in Count I based on Defendant's alleged breach of contract. By its allegations in Count I, Plaintiff in effect alleges that the contract upon which Plaintiff sues has automatically terminated by virtue of Defendant's breach of the contract. There is no allegation in Count I pursuant to which Plaintiff seeks to reinstate the contract. Consequently, Plaintiff is asking the Court to specifically enforce a contract that Plaintiff claims has terminated to its benefit.

48. Defendant moves to dismiss for the failure of the Plaintiff to state a cause of action the injunctive relief sought by Plaintiff in Count I, including but not limited to the relief sought in Paragraphs (a), (b) and (c) of the Wherefore Clause in Count I of the Second Amended Complaint. The Plaintiff has failed to allege the factual and legal elements that must be shown before injunctive relief may be obtained in a breach of contract action, including but not limited to irreparable harm and an inadequate remedy at law. Additionally, whereas the injunctive relief sought in Paragraphs (b) and (c) of the Wherefore Clause might be available under Count II of the Second Amended Complaint, such relief is not available in a common law breach of contract action under state law.

49. In regard to the relief sought in Paragraph (d) of the Wherefore Clause of Count I, Plaintiff is limited to general damages, as opposed to "actual damages," due to Plaintiff's allegations in Paragraph 35 of the Secom Amended Complaint.

50. Defendant moves to dismiss for the failure of the Plaintiff to state a cause of action for the injunctive relief sought by Plaintiff pursuant to 15 U.S.C. sec. 1116(a) in Paragraph (b) of the Wherefore Clauses in Counts I and II, respectively. The Plaintiff has not alleged infringement of a trademark.

51. Defendant moves to dismiss for the failure of the Plaintiff to state a cause of action the injunctive relief sought by Plaintiff, including but not limited to the relief sought in Paragraphs (a), (b) and (c) of the Wherefore Clause in Count II of the Complaint. The Plaintiff has failed to allege, among other things, that Plaintiff has no adequate remedy at law, that the threat of continued injury outweighs the damage to the Defendant and that an injunction will not disserve the public interest, all of which are

factors that should be considered by the Court when exercising its discretion in granting an injunction in a copyright infringement action.

52. Defendant moves to dismiss for the failure of the Plaintiff to state a cause of action the accounting sought by Plaintiff in Paragraph (e) of the Wherefore Clause in Count II of the Complaint. Plaintiff has failed to allege any factual or legal basis entitling Plaintiff to a common law accounting under state law or a statutory accounting under Federal law.

53. Plaintiff's claim is merely one of breach of contract under state law. To the extent the Court's subject matter jurisdiction is based upon the federal questions that arise under the Copyright Act, the Court is without subject matter jurisdiction to proceed in this action.

## AFFIRMATIVE DEFENSES

54. To the extent there is no infringement or any infringement has discontinued, Plaintiff is not entitled to an accounting.

55. A claim for injunctive relief calls for a balancing of equities, and based on the particular facts of this case, equity favors the denial of injunctive relief.

56. To the extent that there was infringement, Defendant did not infringe using deceit nor did this Defendant have a fraudulent intent. Furthermore, to the extent that there was infringement, it was far from clear that infringement was taking place or that Defendant was exceeding the limitations of its license.

57.  Plaintiff acquiesced in the conduct that Plaintiff now claims is infringement or is a breach of contract.

58.  The terms of the License Agreement authorizes, directly or indirectly, the conduct by Defendant that Plaintiff now claims is infringement or breach of contract.

59.  To the extent that Defendant infringed, such infringement was not willful. Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright. As a result, any award of statutory damages should be reduced.

60.  The conduct alleged to violate the Plaintiff's copyright was anticipated or expected by the parties to the license agreement and was conduct that was reasonably expected by the parties in order for the Defendant to enjoy the full benefit of the license agreement.

61.  Any infringement was *de minimus* and not harmful to Plaintiff's rights. Any breach of the license agreement was immaterial.

62.  Part or all of the "works" lacked sufficient originality to be validly copyrighted.

63.  A portion of the Plaintiff's infringement claim is barred due to the statute of limitations.

64.  By virtue of the License Agreement, Plaintiff authorized and gave permission to Defendant to use the allegedly copyrighted material.

65.     Plaintiff may not recover that amount of the alleged profits of the Defendant to the extent such amount is taken into account in computing the alleged actual damages of the Plaintiff.

66.     To the extent the Defendant's gross revenues are considered in the computation of damages, Defendant's deductible expenses and the elements of profit attributable to factors other than the copyrighted work should be deducted from the gross revenues.

67.     Defendant has retained its undersigned attorney and has agreed to pay him, and his law firm, a reasonable fee for representation in this action. In the event Defendant is the prevailing party in this action, Plaintiff should be required to pay Defendant's attorneys fees.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 This Court has original jurisdiction pursuant thereto and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to the extent that the controversy pertains to the determination of and the breach of the terms of a contract under state law.

2.     Counterclaimant Ziplocal, LP, (Ziplocal) is in doubt as to and seeks a determination of its rights under a License Agreement between Ziplocal and Counter Defendant Yellow Pages Photo, Inc., (YPP), the alleged breach of which is the basis of the claims raised by the Plaintiff in the main action. Ziplocal takes the position that the

License Agreement is not what YPP attached as Exhibit 45 to the Second Amended Complaint. There is an actual controversy between the parties as the terms and conditions of the License Agreement in effect.

3. Under the terms of the License Agreement, YPP granted Ziplocal a license to use YPP's entire library of photographs and other art that YPP represented it had created and copyrighted. It was the intent of the parties when entering into the License Agreement that Ziplocal could use the copyrighted materials in telephone directories published by Ziplocal in hard copy and online.

4. The License Agreement according to YPP consists in part of the two pages attached hereto as Exhibit A. Ziplocal takes the position that Exhibit A is not part of the License Agreement. Whether Exhibit A is part of the License Agreement is the primary controversy between Ziplocal and YPP. The alleged breach of the terms in Exhibit A form the basis of YPP's claims in the main action that Ziplocal (and the other Defendants) violated YPP's copyrights. Specifically, YPP takes the position that based on terms set forth on Exhibit A, only employees of Ziplocal were licensed "users" of the copyrighted art and that by allegedly transferring the art to Defendant Yellow Pages Group, the License Agreement automatically terminated. Whether YPP will be entitled to damages in the main action depends on whether the two pages constituting Exhibit A are included in the License Agreement. If, as Ziplocal claims, Exhibit A is not included in the License Agreement, then Ziplocal did not breach the License Agreement in the manner alleged by YPP in the main action and as a result did not violate YPP's copyrights.

5. The extensive drain in time and money to the Court's resources and to the parties' resources for the anticipated discovery (and disputes thereon) to determine and establish the extent, if any, of YPP's damages will be avoided if the Court declares first that Exhibit A is not part of the License Agreement between the parties.

6. Ziplocal has retained its undersigned attorney and agreed to pay a reasonable attorneys fee for his representation in this action.

WHEREFORE Ziplocal respectfully demands a declaratory judgment wherein the Court:

a) declares that Exhibit A hereto is not part of the License Agreement between YPP and Ziplocal;

b) awards Ziplocal reasonable attorney's fees against YPP and grants such other relief as the Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which automatically sends notification of such filing to all attorneys of record in this action.

s/James A. Scott, Jr.
JAMES A. SCOTT, JR.
FLA BAR NO.: 0279072
BOGIN, MUNNS & MUNNS, P.A.
687 Beville Road, Suite A
South Daytona, Florida 32119
(386) 763-2092
(386) 763-5823 (fax)
jscott@boginmunns.com



YELLOW PAGES PHOTOS, INC.
END USER LICENSE AGREEMENT
FOR Phone Directories Company.
40 USER
UNLIMITED ACCESS
SITE LICENSE AGREEMENT.

This is a license agreement.
This license agreement grants certain limited rights to the use of the photographs and images.
Yellow Pages Photos, Inc retains all ownership and title rights to the photographs and images.
Any and all rights not specifically granted in this agreement are expressly reserved by Yellow Pages Photos, Inc.
Yellow Pages Photos, Inc. from this point forward may also be referred to as YPPI.
Stock Photo Compact Disc from this point forward may also be referred to as CD.
Download is defined as either copying or saving an image to another form of media other than the CD purchased.
Photos hereafter refers to both the terms photograph and image.

Yellow Pages Photos, Inc grants Phone Directories Company a limited, non-exclusive license to the use of the stock photographs contained on the accompanying Compact Disc. The photographs contained and all copy rights and other proprietary rights therein are owned by Yellow Pages Photos. Inc, are protected by United States Copyright Laws and International treaty Provisions, and may not be used, reproduced, modified, distributed or transferred except as expressly provided by this license agreement. This license grants neither exclusive nor sole use of the photos, either in a specific region or to a single individual, adveruser, or publishing company. Other publishing companies, individuals or corporations (whether competing or not) within the same market may simultaneously obtain and publish these photos without regard to geographic region.

USE:
Yellow Pages Photos Inc grants license to use the photographs and images contained on accompanying CD for use in print publications or electronic medium without limit, ROYALTY FREE. The Images may be cropped, cut altered or manipulated from original form as necessary to meet publishing needs.
Images used in conjunction with a specific consumer product or product labeling, requires written permission and may require separate licensing agreement as well as royalty payments. This provision is waived in the case of PHONE DIRECTORIES COMPANY.

YPPI Licenses the attached Stock Photo CD's to Phone Directories Company as the end user upon the condition that you accept all of the terms and conditions contained in this Customer License Agreement (the "agreement"). Please read all of the conditions set forth with great care, as once the package is opened this indicates your acceptance of the terms and conditions set forth. If you do not agree with these conditions YPPI does not grant license and you should return the unopened packages within 10 days for a full refund.

TERM: This license agreement becomes effective from the date of purchase and continues in perpetuity, however, failure to comply with any term or condition in this agreement then, terminates this agreement automatically and without notice. Once terminated all copies of the photos will be returned and publishing will cease.

NUMBER OF USERS LICENSED:
This license is a " 40 USER, UNLIMITED ACCESS SITE LICENSE". This license specifically grants authority to allow multiple user access. The licensee may load these images on whatever system deemed appropriate to allow unfettered access to as many licensed users as necessary. This license further allows "Phone Directories Company" authority to upload all information on a network server of its own design to allow multiple site access as well. Phone Directories Company may not transfer these images to any outside parties or individuals unless authorized by YPPI. All users must be Employees of Phone Directories Company.

GEOGRAPHIC BOUNDARY:
As this is an unlimited user, unlimited access license, Geographic boundary with respect to transfer of information or server location is not limited.

The laws of the State of Florida shall govern this License Agreement. The parties hereto specifically consent to the exclusive jurisdiction (and venue) of the State and Federal Courts located in Hillsborough County, Florida. If any provision of this License Agreement is adjudged to be void, voidable or otherwise unenforceable, in whole or in part, such adjudication will not affect the validity of the remainder of the License Agreement. If any provision of this

Exhibit A
Page 1



**YELLOW PAGES PHOTOS, INC.**

agreement is found to be void, invalid or unenforceable, it shall be severed from and shall not affect the remainder of this agreement. Any severed provision shall be replaced with a similar provision that conforms to applicable law and continues and embodies as closely as possible the original intent of this agreement. In the event of legal action to enforce this agreement or in conjunction with the use of the product the prevailing party shall be entitled to recover its attorney's fees and costs, in addition to any other legal and equitable relief granted.

Purchaser agrees to indemnify and hold harmless Yellow Pages Photos, Inc. from any and all claims, liabilities, losses, demands, damages, claims, costs and expenses (including but not limited to Attorney's fees) and agrees that liability rests solely with the end user in all occasions.

LIMITS OF LIABILITY:
Because YPPI is directly involved in neither the printing or publishing of the photos, and each printer or publisher utilizing its own specifications and technologies for print, YPPI is not responsible or liable for print errors before during or after publication. YPPI is not responsible or liable for damages or costs incurred as a result of loss time, loss of data, loss of anticipated profits or benefits resulting from the use of this product, nor for damages or costs incurred in the obtaining substitute products. In connection with the use of this product YPPI's liability to the purchaser arising out of the use or in connection with the use of this product whether in contract, tort or otherwise shall not exceed the purchase price or license fee paid for the photo in question.

Exhibit A
Page 2