## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**YELLOW PAGES PHOTOS, INC.,**

     **Plaintiff,**

**vs.**                                                    **CASE NO.: 8:12-cv-755-RAL-TBM**

**ZIPLOCAL, LP, YELLOW PAGES GROUP,**
**LLC, AND YELLOW MEDIA INC.,**

     **Defendants.**

_____/

## PLAINTIFF YELLOW PAGES PHOTOS, INC.'S
## MOTION TO DISMISS ZIPLOCAL, LP'S COUNTERCLAIM

Plaintiff, Yellow Pages Photos, Inc. ("YPPI"), by and through its undersigned attorneys, moves to dismiss Defendant Ziplocal, LP's ("Ziplocal") Counterclaim for Declaratory Judgment. Ziplocal's counterclaim requests only that the Court (1) declare that Exhibit A to the counterclaim is not part of the License Agreement between YPPI and Ziplocal and (2) then requests an award of attorney's fees to Ziplocal. (Dkt. 67). Ziplocal's request for relief is not only redundant and unnecessary given YPPI's claims already pending before the Court, but also is inappropriate for a declaratory judgment. YPPI moves to dismiss the same pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### I.        BACKGROUND

This is a copyright infringement and breach of contract action. YPPI is in the business of producing and licensing to publishers of telephone directories copyrighted

images for use in creating, producing, and publishing advertisements.  Ziplocal is an independent telephone directory publisher and a licensee of YPPI.  Defendant Yellow Pages Group, LLC ("YPG") is an outsourcing provider that, among other services, creates and produces advertisements for Ziplocal.

YPPI's Second Amended Complaint alleges that Ziplocal breached its license agreement with YPPI by, among other things, transferring the images it licensed from YPPI to YPG and permitting use of the images it licensed from YPPI by graphic design artists that are not employed by Ziplocal, thereby terminating its license.  Further, both Ziplocal and YPG are infringing YPPI's registered copyrights by reproducing, using, publishing, distributing, and displaying copyrighted images belonging to YPPI in the creation, production, and publication of advertisements, without license or permission from YPPI, in violation of the United States Copyright Act.  The Second Amended Complaint further alleges that Defendant Yellow Media, Inc. ("Yellow Media") is the parent company of YPG, holds an interest in Ziplocal, and is vicariously liable for YPG and Ziplocal's conduct.

The Second Amended Complaint pleads a breach of contract claim against Ziplocal and a copyright infringement complaint against all three Defendants.  In response to YPPI's Second Amended Complaint, Ziplocal filed an Amended Answer that contains a counterclaim.  (Dkt. 67).  The six paragraph counterclaim discusses the license agreement entered into between YPPI and Ziplocal and argues that two of the pages of Exhibit 45 to the Second Amended Complaint are not part of the license agreement entered into between YPPI and Ziplocal.  Although Ziplocal does not dispute that it did in fact enter into a license agreement with YPPI, it apparently now does not believe that the two pages at issue were

part of that agreement.  Ziplocal's counterclaim never identifies what in fact it believes the license agreement to be.  However, its counterclaim states that if the two pages at issue are not in fact part of the agreement entered into by the parties, then YPPI is entitled to no damages and Ziplocal did not breach the agreement or infringe YPPI's copyrights. Ziplocal's counterclaim then goes on to request the Court declare that Exhibit A (which is the two relevant pages of Exhibit 45 to the Second Amended Complaint) "is not part of the License Agreement between YPPI and Ziplocal."   It also demands the Court award "reasonable attorney's fees against YPPI and grant such other relief as the Court deems just."

## II.    ARGUMENT

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint (or counterclaim) against the legal standard set forth in Rule 8, specifically a short and plain statement of the claim showing that the pleader is entitled to relief.  *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. McCranie*, 2010 WL 4739521, at *2 (M.D. Fla. Nov. 16, 2010).  To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

The Declaratory Judgment Act provides that "a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so."  *Mendez-Arriola v. White Wilson Med. Center PA,* 2011 WL 3269451, at *7 (N.D. Fla. July 29, 2011), *quoting MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007).  The Act is "an enabling Act," which confers discretion on courts rather than an absolute right on the litigant. *Id.*  The purpose of the Act is to provide relief from uncertainty with respect to rights and other legal

relations. *Id.* Courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *DZ Bank*, 2010 WL 4739521, at *3.

A.    **Ziplocal's counterclaim should be dismissed because it is purely duplicative of claims already pending before the Court.**

Courts generally will dismiss declaratory judgment claims if all of the issues presented in them will be settled by claims already pending before the Court. *DZ Bank*, 2010 WL 4739521, at *3. Indeed, "the need for declaratory judgment does not exist where the issues involved in a claim for declaratory judgment will be decided by claims already pending before the Court." *Id.* at *4 (dismissing declaratory judgment claim without leave to amend when the issues alleged were already pending before the court); *see also Trilogy Prop. LLC v. SB Hotel Assoc.*, 2010 WL 7411912, at *5 (S.D. Fla. Dec. 23, 2010) (stating "the declaratory judgment claim being duplicative and focused on past events, I have the discretion to dismiss the claim"). This is particularly true when a judgment in favor of the claimant would offer nothing in addition to a victory on the already-pending claims and judicial economy would be furthered by dismissal. *Trilogy Prop.*, 2010 WL 7411912, at *5. A redundant claim is unnecessary and does not promote judicial economy. *Sembler Family Part. v. Brinker Fla., Inc.*, 2008 WL 5341175, at *2 (M.D. Fla. Dec. 19, 2008) (dismissing counterclaim and stating that "Brinker-FL's declaratory judgment action mirrors Plaintiff's damages claim, and as such, Brinker-FL's counterclaim is redundant and unnecessary"); *see also Knights Armament Co. v. Optical Systems Tech., Inc.*, 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) (dismissing declaratory judgment claim without leave to amend because "the parties' rights with respect to trademarks will be decided by the infringement claims at hand, there is no need for declaratory judgment").

In this case, Ziplocal's counterclaim is duplicative of YPPI's breach of contract and copyright infringment claims already pending before the Court.  Ziplocal's only requested declaration from the Court relates to whether Exhibit A is a part of the license agreement between YPPI and Ziplocal.  This issue will automatically be addressed as a part of YPPI's claims in order to determine whether Ziplocal breached its agreement with YPPI and whether Ziplocal infringed YPPI's copyrights.  Obviously in order to evaluate whether Ziplocal breached an agreement, the Court must determine what the agreement was between the parties.

Any request of Ziplocal for attorney's fees would also be addressed as a part of YPPI's claims.  If YPPI is successful in its claims against Ziplocal, Ziplocal obviously will not be entitled to attorney's fees.  If Ziplocal is successful in defending against YPPI's claims, it will have an opportunity to attempt to recover its attorney's fees as a prevailing party, possibly under the parties' agreement and/or the Copyright Act.

As a result, any and all issues presented in Ziplocal's counterclaim will automatically be addressed by YPPI's claims.  There is no extra benefit that Ziplocal's counterclaim would provide, and judicial economy would be fostered by a dismissal of the counterclaim.

**B.     Ziplocal's counterclaim does not state a sufficient cause of action under the Declaratory Judgment Act.**

In addition to its redundancy, Ziplocal's counterclaim does not present any real claim for relief that would be appropriate under the Declaratory Judgment Act.  The counterclaim merely asks for a declaration from the Court that Exhibit A is not a part of the license agreement between YPPI and Ziplocal.  The counterclaim does not seek a declaration as to

what the actual terms were between the parties or as to whether Ziplocal breached the terms of the parties' agreement or infringed YPPI's copyrights.

Even if the Court were to make a declaration that Exhibit A was not part of the agreement between YPPI and Ziplocal, this would in no way resolve any "rights or legal relations" between the parties, which is the purpose of the Declaratory Judgment Act. Merely declaring that the two pages contained in Exhibit A are not a part of the agreement between YPPI and Ziplocal does not resolve anything, as Ziplocal could still be in breach of the parties' agreement, as well as infringing YPPI's copyrights.  Such a declaration also would not provide any clarification as to what the agreement between the parties actually was or what the terms of the agreement between the parties actually are.  *See Mendez-Arriola*, 2011 WL 3269451 (stating that "a determination of whether a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act").  Moreover, a declaration regarding Exhibit A has nothing to do with providing guidance to aid a party so that they know how to proceed in the future.  Rather, any such questionable actions by Ziplocal have already taken place, which is why YPPI filed suit.  *See Corliss v. O'Brien*, 2006 WL 2686644 (3rd Cir. 2006) (stating that "a declaratory judgment is inappropriate solely to adjudicate past conduct").  In short, the declaration that Ziplocal requests would do nothing to provide relief from uncertainty, and thus is not appropriate under the Declaratory Judgment Act.

The only other request in Ziplocal's counterclaim is that the Court award it reasonable attorney's fees against YPPI.  This also is inappropriate for a declaratory judgment action.  First of all, awarding Ziplocal fees is not a declaration.  In addition,

declaratory judgments are not to be used for proclaiming a party's liability to another or for determining damages. *Corliss*, 2006 WL 2686644, at *3; *Mendez-Arriola*, 2011 WL 3269451, at *7 (stating that she effectively sought a declaration of breach and her damages... [t]o that extent, the court concluded that declaratory relief was inappropriate"). Moreover, the counterclaim requests no other declarations from the Court other than as to Exhibit A, and even if the Court were to make that declaration, that alone would not confer a right to attorney's fees on Ziplocal since any liability of Ziplocal would still be undetermined.

Ziplocal's counterclaim also states nothing in regards to where a right to recover attorney's fees would even arise. Exhibit A entitles a "prevailing party" to its attorney's fees, but Ziplocal's counterclaim is premised on the position that Exhibit A is not a part of the parties' agreement. In addition, Section 505 of the Copyright Act provides discretion for the Court to award reasonable attorney's fees to the "prevailing party." However, Ziplocal's counterclaim makes no reference to Section 505, and in fact paragraph 1 of the counterclaim states only that the Court has "original jurisdiction" pursuant to 28 U.S.C. § 2201 and supplemental jurisdiction "to the extent that the controversy pertains to the determination of and the breach of the terms of a contract under state law."[1] Indeed, the declaration Ziplocal seeks would leave YPPI's copyright infringement claims to be decided by the Court, and so Ziplocal could not by the declaration sought claim to be a prevailing party in a copyright infringement action.

---

[1] In addition to other issues, Ziplocal's recitation of supposed "original jurisdiction" is incorrect. Section 2201 does not by itself confer jurisdiction on the Court. Each claim in any declaratory judgment must still satisfy subject matter jurisdiction standards on its own. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (stating that the Declaratory Judgment Act does not expand federal jurisdiction).

### III.   CONCLUSION

Ziplocal's counterclaim requests inappropriate declarations, with no support, that would not comport with the stated purposes of the Declaratory Judgment Act.  They would be wholly redundant of YPPI's claims already pending before the Court.  They also would not resolve any issue between YPPI and Ziplocal.   As a result, Ziplocal's requested declarations should not be entertained by the Court, and Ziplocal's counterclaim should be dismissed.

WHEREFORE, YPPI respectfully requests the Court grant its Motion to Dismiss Ziplocal's Counterclaim, without leave to amend.

Dated:  August 28, 2012

Respectfully submitted,

/s/ Mindi M. Richter
J. Todd Timmerman, Esquire
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Jason P. Stearns, Esquire
Florida Bar No. 0059550
jstearns@slk-law.com
Jeffrey B. Fabian, Esquire
Florida Bar No. 0085868
jfabian@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.:  (813) 229-1660

Attorneys for Plaintiff, Yellow Pages Photos, Inc.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing Motion was filed electronically with the Court on August 28, 2012, which will provide notice to all counsel of record.

/s/ Mindi M. Richter
Attorney