UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

v.                                                 CASE NO: 8:12-cv-755-T-26TBM

ZIPLOCAL, LP, YELLOW PAGES GROUP,
LLC, and YELLOW MEDIA, INC.,

    Defendants.
                                        /

**O R D E R**

**UPON DUE CONSIDERATION** of the pleadings on file, as well as Plaintiff's submissions, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Ziplocal, LP's Affirmative Defenses (Dkt. 88) is **denied**.[1] In the Court's view, Plaintiff has failed to establish that the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice to Plaintiff. See United States v. MLU Serv., Inc., 544 F.Supp. 2d 1326, 1330 (M.D. Fla. 2008) (observing that a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure should only be granted if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla 1995)).  As the Court in MLU Services further explained, "[b]ecause this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" 544 F.Supp. 2d at 1330

---

[1] In light of this disposition of the motion, the Court needs no response from Defendant.

(quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)). Additionally, this Court favors the view of other district courts that the pleading requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) do not apply to affirmative defenses.  See Chevron Corp. v. Donzinger, ___ F.Supp. 2d ___, 2012 WL 3538749, at *16, n. 201 (S.D. N.Y. July 31, 2012) (explaining the differing views of district courts nationwide on the application of Twombly and Iqbal to the pleading of affirmative defenses).  Plaintiff may renew its objections to the affirmative defenses within the context of a motion for summary judgment after the close of discovery.

**DONE AND ORDERED** at Tampa, Florida, on September 17, 2012.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record