UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YELLOW PAGES PHOTOS, INC.,**

    **Plaintiff,**

vs.                                                 CASE NO.: 8:12-cv-755-RAL-TBM

**ZIPLOCAL, LP, YELLOW PAGES GROUP,
LLC, AND YELLOW MEDIA INC.,**

    **Defendants.**

_____/

## PLAINTIFF YELLOW PAGES PHOTOS, INC.'S
## MOTION TO DISMISS ZIPLOCAL, LP'S AMENDED COUNTERCLAIM

Plaintiff, Yellow Pages Photos, Inc. ("YPPI"), by and through its undersigned attorneys, moves to dismiss Defendant Ziplocal, LP's ("Ziplocal") Amended Counterclaim (Dkt. 91). The Amended Counterclaim contains two counts, one styled "Declaratory Judgment Action" and a second styled "Action for Damages Due to Fraudulent Inducement."

Ziplocal's "declaratory judgment" count requests only that the Court (1) declare whether a document entitled "Site License Agreement" is a license agreement between the parties and (2) declare whether the "Site License Agreement" entitles Ziplocal to an unlimited number of users of YPPI's photographic images. Ziplocal's issue-specific request for relief is entirely inappropriate for declaratory relief as it is redundant and unnecessary given YPPI's claims already pending before the Court. Further, a determination on the first issue will not provide any relief from uncertainty to the parties as it will not address other,

related agreements between the parties, and a determination on the second issue is not relevant to any material issue in this case.

Ziplocal's second "action for damages due to fraudulent inducement" count likewise fails to state a cause of action as it does not meet the heightened standard for pleading fraud imposed by Rule 9(b) of the Federal Rules of Civil Procedure and relates to a completely irrelevant provision of the parties' agreement that is not at issue in YPPI's claims of breach and infringement.

The issues raised by Ziplocal will need to be resolved together with all other issues in this case. YPPI therefore moves to dismiss Ziplocal's Amended Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## I.  BACKGROUND

This is a copyright infringement and breach of contract action.  YPPI is in the business of producing and licensing to publishers of telephone directories copyrighted photographic images for use in creating, producing, and publishing advertisements.  Ziplocal is an independent telephone directory publisher and a former licensee of YPPI.  Defendant Yellow Pages Group, LLC ("YPG") is an outsourcing provider that, among other services, creates and produces advertisements for Ziplocal.

YPPI's Second Amended Complaint alleges that Ziplocal materially breached its license agreement with YPPI by, among other things, transferring the photographic images it licensed from YPPI to YPG and permitting use of the images by graphic design artists that are not employed by Ziplocal, thereby terminating its license.  Further, YPPI claims that both

Ziplocal and YPG are infringing YPPI's registered copyrights by reproducing, using, publishing, distributing, and displaying copyrighted photographic images belonging to YPPI in the creation, production, and publication of advertisements, without license or permission from YPPI (Ziplocal's license having terminated), in violation of the United States Copyright Laws. YPPI's Second Amended Complaint further alleges that Defendant Yellow Media, Inc. ("Yellow Media") is the parent company of YPG, holds an interest in Ziplocal, and is vicariously liable for both YPG's and Ziplocal's conduct.

Thus YPPI's Second Amended Complaint (Dkt. 56), filed on July 26, 2012, pleads a breach of contract claim against Ziplocal and a copyright infringement claim against all three Defendants. In response to YPPI's Second Amended Complaint, Ziplocal filed an Answer on August 10, 2012 (Dkt. 65), and an Amended Answer on August 15, 2012 (Dkt. 6), both of which contained myriad affirmative defenses and a counterclaim with one declaratory judgment count. After YPPI moved to dismiss the counterclaim (Dkt.77), Ziplocal filed pursuant to agreement of the parties (Dkt. 83) a Second Amended Answer (Dkt. 84) containing the same counterclaim with respect to which the parties agreed YPPI's Motion to Dismiss would remain pending. After requesting and receiving an unopposed extension of time to respond to YPPI's pending Motion to Dismiss (Dkts. 85 and 86), Ziplocal requested and received permission from the Court (Dkts. 91 and 92) to further amend, and a fourth responsive pleading to YPPI's Second Amended Complaint that contains a counterclaim

including not only a declaratory judgment count, but also a new fraudulent inducement count. (Dkt. 91).[1]

The four paragraph "declaratory judgment" count discusses a Site License Purchase Agreement entered into between the parties and states that there is "an actual controversy as to the number of users allowed under the Agreement." Although not entirely clear, Ziplocal appears to be addressing only the first page of the agreement between the parties attached as Exhibit 45 to YPPI's Second Amended Complaint, but ignoring the following pages that contain and elaborate on the license terms. Ziplocal then requests only that the Court declare whether that single page is a license agreement between the parties and whether that single page entitles Ziplocal to an unlimited number of users, an issue relevant to nothing in this case.

The second count is styled "Action for Damages Due to Fraudulent Inducement." In that count, Ziplocal states that YPPI represented to Ziplocal that an unlimited number of users would be entitled to access and use YPPI's images. However, Ziplocal further states that such representation was false because YPPI did not intend to allow an unlimited number of users and that Ziplocal discovered the falsity of that representation when YPPI notified Ziplocal that it exceeded the license by "outsourcing to a related company some of the process of publishing in various telephone directories advertisements containing the images." The alleged misrepresentation is not specifically identified, nor is what is only generally

---

[1] Given this was Ziplocal's fourth opportunity to frame a legally sufficient counterclaim in response to YPPI's Second Amended Complaint, YPPI had asked the previous week to see the amendments Ziplocal was proposing prior to consenting so that the request could be considered in context. The proposed Amended Counterclaim was finally e-mailed to YPPI late in the day on Monday, September 24, 2012, and Ziplocal's Motion to Amend Counterclaim was filed barely two hours later, before YPPI could advise that it did not oppose. (Dkt. 91). The Court granted the motion early the next day. (Dkt. 92).

alleged related to the breach of which Ziplocal was notified. Thus the claim is facially insufficient.

Because neither count establishes a claim for relief, YPPI again moves to dismiss Ziplocal's counterclaim.

## II. ARGUMENT

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint (or counterclaim) against the legal standard set forth in Rule 8, specifically a short and plain statement of the claim showing that the pleader is entitled to relief. *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. McCranie*, 2010 WL 4739521, at *2 (M.D. Fla. Nov. 16, 2010). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Declaratory Judgment Act provides that "a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so." *Mendez-Arriola v. White Wilson Med. Center PA,* 2011 WL 3269451, at *7 (N.D. Fla. July 29, 2011), *quoting MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). The Act is "an enabling Act," which confers discretion on courts rather than an absolute right on the litigant. *Id.* The purpose of the Act is to provide relief from uncertainty with respect to rights and other legal relations. *Id.* Courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *DZ Bank*, 2010 WL 4739521, at *3.

Rule 9(b) of the Federal Rules of Civil Procedure also requires allegations of fraud to satisfy a heightened pleading standard. *Postel Indus., Inc. v. Abrams Group Construction,*

*LLC*, 2012 WL 4194660, *3 (M.D. Fla. Sept. 19, 2012). "In alleging fraud…, a party must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b).

> A. **Count I of Ziplocal's counterclaim should be dismissed because it is purely duplicative of claims already pending before the Court.**

Courts generally dismiss declaratory judgment claims if all of the issues presented in them will be settled by claims already pending before the Court. *DZ Bank*, 2010 WL 4739521, at *3. Indeed, "the need for declaratory judgment does not exist where the issues involved in a claim for declaratory judgment will be decided by claims already pending before the Court." *Id.* at *4 (dismissing declaratory judgment claim without leave to amend when the issues alleged were already pending before the court); *see also Trilogy Prop. LLC v. SB Hotel Assoc.*, 2010 WL 7411912, at *5 (S.D. Fla. Dec. 23, 2010) (stating "the declaratory judgment claim being duplicative and focused on past events, I have the discretion to dismiss the claim"). This is particularly true when a judgment in favor of the claimant would offer nothing in addition to a victory on the already pending claims and judicial economy would be furthered by dismissal. *Trilogy Prop.*, 2010 WL 7411912, at *5. A redundant claim is unnecessary and does not promote judicial economy. *Sembler Family Part. v. Brinker Fla., Inc.*, 2008 WL 5341175, at *2 (M.D. Fla. Dec. 19, 2008) (dismissing counterclaim and stating that "Brinker-FL's declaratory judgment action mirrors Plaintiff's damages claim, and as such, Brinker-FL's counterclaim is redundant and unnecessary"); *see also Knights Armament Co. v. Optical Systems Tech., Inc.*, 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) (dismissing declaratory judgment claim without leave to amend because "the parties' rights with respect to trademarks will be decided by the infringement claims at hand, there is no need for declaratory judgment").

In this case, Count I is duplicative of YPPI's breach of contract and copyright infringement claims already pending before the Court. Ziplocal's only requested declaration from the Court relates to whether the Site License Agreement is a license agreement between the parties and whether the Agreement entitles Ziplocal to an unlimited number of users.[2] This issue will necessarily be addressed as a part of YPPI's claims in order to determine whether Ziplocal breached its agreement with YPPI and whether Ziplocal infringed YPPI's copyrights. Obviously in order to evaluate whether Ziplocal breached an agreement, the Court must determine what the agreement was between the parties and construe the agreement terms.

As a result, any and all issues presented by Ziplocal's counterclaim will be addressed in the course of addressing YPPI's claims. There is no added benefit that Ziplocal's counterclaim would provide, and judicial economy would be fostered by a dismissal of the claim.

**B. Ziplocal's Count I does not state a sufficient cause of action under the Declaratory Judgment Act.**

In addition to its redundancy, Count I of Ziplocal's counterclaim does not present any real claim for relief that would be appropriate under the Declaratory Judgment Act. The counterclaim merely asks for a declaration from the Court on the agreement between the parties and its terms. The counterclaim does not seek a declaration as to whether Ziplocal breached the terms of the parties' agreement or infringed YPPI's copyrights.

---

[2] Ziplocal's counterclaim actually states that it seeks a declaration regarding "whether the Agreement entitles Ziplocal to an unlimited number of unauthorized users." Presumably Ziplocal really meant to say "authorized users" as it is hard to fathom an agreement authorizing unlimited unauthorization. If in fact it was not an error, Ziplocal's counterclaim is all the more baseless.

Even if the Court were to make a declaration that the Site License Agreement was an agreement between the parties and allowed Ziplocal to have an unlimited number of users of YPPI's photographic images, this would in no way resolve any "rights or legal relations" between the parties, which is the purpose of the Declaratory Judgment Act. A declaration in Ziplocal's favor would not resolve anything, as Ziplocal could still be in breach of the parties' agreement, as well as infringing YPPI's copyrights. Such a declaration also would not provide any clarification as to what the complete agreement between the parties actually was or what the terms of the agreement between the parties actually are. *See Mendez-Arriola*, 2011 WL 3269451 (stating that "a determination of whether a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act"). This is because there could still be additional pages to the agreement, or further agreement between the parties, which also would lead to additional terms of the agreement. Moreover, a declaration regarding the Site License Agreement has nothing to do with providing guidance to aid a party so that they know how to proceed in the future. Rather, any such questionable actions by Ziplocal have already occurred, which is why YPPI filed suit. *See Corliss v. O'Brien*, 2006 WL 2686644 (3rd Cir. 2006) (stating that "a declaratory judgment is inappropriate solely to adjudicate past conduct"). In short, the declaration Ziplocal requests would do nothing to provide relief from uncertainty, and thus is not appropriate under the Declaratory Judgment Act.

**C. The Court does not have jurisdiction over Count I because it is not ripe.**

The Court also does not have subject matter jurisdiction over Count I of the counterclaim because it is not ripe for review. *McClelland v. First Georgia Comm. Bank*,

2010 WL 597981, *1 (M.D. Fla. Feb. 17, 2010). Article III of the Constitution limits judicial power of the United States to resolution of "cases and controversies." *Id.* The party seeking relief under the Declaratory Judgment Act has the burden of satisfying the prerequisites for standing, since a declaratory judgment may only be issued in the case of an actual controversy. *Id.*

Although there is clearly a dispute between the parties in relation to the contract and Ziplocal's infringement, there is no dispute regarding the declarations that Ziplocal seeks. Ziplocal seeks a declaration on whether the Site License Agreement is "a license agreement between the parties." YPPI never has and does not dispute that the Site License Agreement is an agreement between the parties. The issue is whether there are other terms or further agreements which will be resolved in the course of addressing YPPI's breach of contract and copyright infringement claims. Ziplocal also seeks a declaration regarding whether or not the Agreement entitles Ziplocal to an unlimited number of users. However, there is no controversy between the parties regarding the number of authorized users. Ziplocal's breach, as explained in the Second Amended Complaint, pertains to Ziplocal's transfer of YPPI's photographic images to, and use of such images by, another party, Defendant YPG. Pursuant to the terms of the parties' license agreement, neither the license nor the licensed images can be transferred to third parties, and use of the images is limited to employees of Ziplocal. Second Amended Cmplt., ¶ 25. The breach has nothing to do with too many Ziplocal employees using the images. As the number of authorized users has never been in dispute, and YPPI has never claimed that Ziplocal breached the license or infringed its copyrights as a result of too many Ziplocal employees using the images, Ziplocal's claim for declaratory

relief is not ripe. As a result, the Court does not have jurisdiction over Count I, and it must be dismissed.

> **D.   Count II of Ziplocal's counterclaim should be dismissed because it fails to plead a claim for fraudulent inducement.**

Count II of Ziplocal's counterclaim is an "Action for Damages Due to Fraudulent Inducement." In order to satisfy the heightened pleading standard of Rule 9, Ziplocal must set forth 1) precisely what statements were made in what documents or oral representations or what omissions were made, and 2) the time and place of each such statement and the person responsible for making same, and 3) the content of such statements and the manner in which they misled Ziplocal, and 4) what YPPI obtained as a consequence of the fraud. *Postal Indus., Inc.*, 2012 WL 4194660, at *3.

Count II states that YPPI "represented to Ziplocal that an unlimited number of users on behalf of Ziplocal would be entitled to access and to use YPP's images." It further states that, at the time YPPI made that representation, it knew it was false and did not intend to allow Ziplocal an unlimited number of users. Ziplocal then claims it discovered the alleged "falsity of representation" at the time YPPI notified Ziplocal in 2011 that it exceeded the license by outsourcing and transferring YPPI's photographic images to YPG.

Although Count II refers to a representation regarding an unlimited number of users, it never specifically states in what documents such representation was made or even which documents Ziplocal asserts constitute the agreement between the parties. For example, it is unclear whether Ziplocal asserts that: only Exhibit A to the counterclaim is the agreement between the parties; Exhibit B to the counterclaim is the agreement between the parties; both are the agreement between the parties; or neither is the agreement between the parties. This

presents confusion over the supposed misrepresentations by YPPI and what, if any, of those alleged misrepresentations are included in the parties' written agreement. This is insufficient to meet the standards of Rule 9.

Moreover, as mentioned above, the claim is illogical in the sense that the breach and infringement that YPPI is claiming have nothing to do with the number of users of the subject photographic images. YPPI's Second Amended Complaint mentions nothing about the number of users. Rather, it has only to do with Ziplocal's improper transfer of the images to a separate entity, YPG, which lead to employees of YPG using YPPI's images for Ziplocal and other companies. As the Second Amended Complaint explains, the agreement between the parties specifically states that "Phone Directories Company [Ziplocal] may not transfer these images to any outside parties or individuals unless authorized by YPPI. All users must be employees of Phone Directories Company [Ziplocal]." *See* Exh. B to Amended Counterclaim. The Complaint does not mention or in any way address the "number of users."

It is unclear how representations regarding the number of authorized users could be the basis for Ziplocal's fraudulent inducement claim when they have nothing to do with the breach and infringement claimed by YPPI. However, even putting that aside, Ziplocal failed to plead Count II with sufficient particularity given that it does not point to the specific statements made and the specific agreement containing the statements. Moreover, since Ziplocal fails to address the provisions relating to the prohibitions on transferring the images to third parties, as well as use by non-employees of Ziplocal, YPPI is unable to ascertain the real basis for Ziplocal's claim of fraudulent inducement. The purpose of Rule 9 in relation to

the heightened pleading for fraud claims is to alert the accused party to the precise misconduct with which they are charged and protect them from spurious charges of fraud. *Postal Indus., Inc.*, 2012 WL 4194660, at *3. Given the bare bones, nonspecific, and vague manner in which Count II references the alleged misrepresentations, without specifying in what agreement the alleged misstatements were made or what the alleged misstatements were, Ziplocal has failed to satisfy the pleading standard of Rule 9. In addition, like Count I, Count II also is duplicative in the sense that YPPI's claims before the Court will determine what constitutes the actual terms of any agreement between the parties. Count II should therefore be dismissed.

### III. CONCLUSION

Ziplocal's counterclaim requests inappropriate declarations, with no support, that would not comport with the stated purposes of the Declaratory Judgment Act. They would be wholly redundant of YPPI's claims already pending before the Court. They also would not resolve any issue between YPPI and Ziplocal. The counterclaim's second count fares no better, as it does not satisfy the heightened pleading standards of Rule 9 and alleges supposed misrepresentations that do not even pertain to Ziplocal's breach and infringement. As a result, Ziplocal's counterclaim should be dismissed. This is Ziplocal's fourth responsive pleading to YPPI's Second Amended Complaint. If Ziplocal cannot frame a legally sufficient counterclaim after this many opportunities, further attempts at amendment will be futile and serve only to further delay the progress of this case. Ziplocal should not be granted further leave to amend.

WHEREFORE, YPPI respectfully requests the Court grant its Motion to Dismiss Ziplocal's Counterclaim, without leave to amend.

Dated: October 9, 2012

Respectfully submitted,

/s/ Mindi M. Richter
J. Todd Timmerman, Esquire
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Jeffrey B. Fabian, Esquire
Florida Bar No. 0085868
jfabian@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

Attorneys for Plaintiff, Yellow Pages Photos, Inc.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing Motion was filed electronically with the Court on October 9, 2012, which will provide notice to all counsel of record.

/s/ Mindi M. Richter
Attorney