UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

v.                                            CASE NO: 8:12-cv-755-T-26TBM

ZIPLOCAL, LP, YELLOW PAGES GROUP LLC,
and YELLOW MEDIA, INC.,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff Yellow Pages Photos, Inc.'s Motion to Dismiss Count II of Ziplocal, LP's Second Amended Counterclaim (Dkt. 117) and Defendant Ziplocal, LP's Response. (Dkt. 126). After careful review of the allegations of the Second Amended Counterclaim (Dkt. 116), and the arguments of the parties, the Court concludes that the allegations are sufficient to withstand a motion to dismiss.

On November 20, 2012, the Court granted Ziplocal, LP (Ziplocal) leave to add facts to more specifically plead fraud.[1]  See Postel Indus., Inc. v. Abrams Group Constr., LLC, 2012 WL 4194660, at *3 (M.D. Fla. 2012) (setting forth the four factors to be pleaded for fraud) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir.

---

[1] See Order at docket 115.

1997)).[2] In addition to the particularity requirement of Federal Rule of Civil Procedure 9(b), the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). The factual allegations must be "enough to raise a right to relief above the speculative level." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009) (quoting Twombly, 550 U.S. at 545). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Against this backdrop, the Court finds that the Second Amended Counterclaim sufficiently alleges the documents and oral representations made, the time and place of such statements, the content, and the substance of what the fraudulent party obtained. Defendant's response has served to educate Plaintiff further with respect to any insufficiencies with respect to the "who, what, when, where, and how" of the alleged fraudulent inducement. With respect to whether the counterclaim is barred by the economic loss rule, the facts must be developed before the application of that rule can be ascertained.

---

[2] See also Leedom Mgmt. Group, Inc. v. Perlmutter, 2012 WL 503904, at *4-5 (M.D. Fla. 2012).

It is therefore **ORDERED AND ADJUDGED** that Plaintiff Yellow Pages Photos, Inc.'s Motion to Dismiss Count II of Ziplocal, LP's Second Amended Counterclaim (Dkt. 117) is **DENIED.** Plaintiff shall file an answer and defenses to the Second Amended Counterclaim within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on January 9, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record