UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

v.                                                     Case No.: 8:12-CV-755-T-26TBM

ZIPLOCAL, LP, AND
YELLOW PAGES GROUP, LLC,

    Defendants.
_____/

**PLAINTIFF YELLOW PAGES PHOTOS, INC.'S
MOTION FOR FINDING OF PRIVILEGE WAIVER, OR IN THE ALTERNATIVE,
TO CONDUCT AN *IN CAMERA* REVIEW**

Plaintiff Yellow Pages Photos, Inc. ("Yellow Pages") previously brought a motion to compel, as well as a renewed motion to compel, against Defendant Ziplocal, LP ("Ziplocal"), which included, among other issues, Ziplocal's failure to provide a privilege log. During the hearing on the renewed motion, the Court directed Ziplocal to provide any applicable privilege log by September 13, 2013. Ziplocal never provided a privilege log. Since that time, through the imaging of Ziplocal's CorpX2 server directed by the Court, Yellow Pages has discovered numerous emails directly relevant to this case, not only between Ziplocal and attorneys, but internal communications between Ziplocal employees, that have not been produced. Ziplocal now claims privilege on nearly all such emails whether or not they include an attorney. Yellow Pages asserts that Ziplocal has waived any applicable privilege on those emails that are not between Ziplocal and its counsel Jim Scott given its repeated failure to provide a privilege log and therefore requests that the Court find the same. In the alternative, Yellow Pages requests the

1

Court to conduct an *in camera* review of such emails to determine whether they are in fact privileged.

I.  **BACKGROUND**

Yellow Pages first requested a privilege log from Ziplocal in a good faith letter back in February 2013.  *See* Exhibit 1.  When Ziplocal continued to fail to provide a privilege log, Yellow Pages requested the Court to direct Ziplocal to provide a privilege log in its Motion to Compel.  Dkt. 139.  Although the Court did not directly address the privilege log issue, it denied Yellow Pages' Motion to Compel.  When Yellow Pages had still not received certain responsive documents from Ziplocal, it then brought a Renewed Motion to Compel (Dkt. 186), requesting the Court to compel from Ziplocal various things, including communications relative to Yellow Pages and its images, as well as a privilege log.  In its written response to the Motion, Ziplocal stated that it had already provided emails, and further it "acknowledges that it owes the Plaintiff a privilege log," and that the "vast majority of what would be included on the log are (1) notes and memoranda in defense counsel's file that was created by Ziplocal's undersigned counsel and others at the undersigned's law firm; and (2) written communications between Ziplocal and its defense counsel." Dkt. 207 at 6 & 8.

At the August 22, 2013 hearing on Yellow Pages' Motion, in regards to communications relative to Yellow Pages and its images, Ziplocal's counsel Mr. Scott relayed to the Court that emails had already been produced, and that Ziplocal can "only produce what we have." *See* Dkt. 213 at 51-52.  In regards to the privilege log, Mr. Scott asserted that "the only privileges we would be asserting involve communications between me and my client." *Id.* at 43.  Mr. Scott also mentioned an agreement between Yellow Pages and Defendant Yellow Pages Group, LLC ("YPG") under which communications between attorney and client post-litigation would not

2

need to be logged, and counsel for Yellow Pages, Todd Timmerman, stated that it was not his practice to ask for communications between client and counsel post litigation to be logged. *Id.* at 43-44. The Court then indicated that it did not appear that Ziplocal was asserting a privilege in lieu of producing anything and that it did not appear that privilege was an issue. *Id.* at 44-45. The Court then directed Ziplocal to provide any applicable privilege log by September 13, 2013. Ziplocal did not produce a privilege log by September 13, 2013.

As a part of the same August 22, 2013 hearing, the Court ordered that Yellow Pages could image Ziplocal's CorpX2 server. The server was thereafter imaged by an employee of Adam Sharp of E-Hounds, Inc. on September 12, 2013. When Mr. Sharp obtained the image, he noted many emails present on the server, some including the name of Ziplocal's counsel Mr. Scott. Yellow Pages therefore, out of an abundance of caution, did not review the emails and had Mr. Sharp create a log of the emails, which essentially fall into three groups: 1) a group of "junk" emails such as Google Alerts that were of no concern; 2) a group of emails not containing Mr. Scott that appeared to be relevant to this case; and 3) a group of emails containing Mr. Scott and/or other attorneys. While Yellow Pages presumed that the third group of emails was privileged, it was unsure of the second group. As a result, Mr. Sharp provided Mr. Scott with a log in spreadsheet form of the emails in the second group to determine whether Mr. Scott believed any of them to be privileged. Mr. Scott then provided a handwritten privilege log (Exhibit 2), claiming privilege on each of the emails shown in Exhibit 3,[1] whether or not an attorney was on the email and whether or not the email was pre-litigation or post-litigation.

All of the located emails were found on the server in a folder called "YPPI Legal." In other words, these emails had already been specifically pulled and set aside by Ziplocal, yet they

---

[1] Yellow Pages will provide the Court with a courtesy copy of this motion with the exhibits, which will have the spreadsheet in Exhibit 3 in an easier-to-read format.

3

were never produced or logged as privileged. From this listing of emails, ten of them are dated before Yellow Pages even filed this case and each of them contain Yellow Pages' name in the subject line of the email. While the remainder of the emails are dated after Yellow Pages filed its complaint, none of them contain Mr. Scott and only 18 of them appear to include an individual that could possibly be an attorney or associated with an attorney for Ziplocal. Again, almost all of these emails contain Yellow Pages' own name directly in the subject line of the email.

Given that most of the emails do not have an attorney on them and appear to be highly relevant to this case, Yellow Pages now brings this Motion, asserting that any privilege has been waived by Ziplocal's failure to provide a privilege log, and even if the Court is for some reason not inclined to find a waiver, these emails should be reviewed *in camera* by the Court to see if they are in fact privileged.

## II.     ARGUMENT

### A.     Ziplocal has waived any privilege pertaining to the emails at issue.

Yellow Pages requested from Ziplocal, in its First Request for Production, any communications relating to Yellow Pages and its images. Ziplocal produced some emails in response to this request, although Yellow Pages asserted in its Motion to Compel that there were more, and Ziplocal did not provide a privilege log. Yellow Pages sent Ziplocal a good faith letter requesting a privilege log, which was followed up by two motions to compel. At the August 22, 2013 hearing on one of the motions to compel, the Court directed Ziplocal to provide any privilege log by September 13, 2013. Ziplocal still did not provide a privilege log. However, now that Yellow Pages has drawn Ziplocal's attention to the emails from the CorpX2 server that very clearly are relevant to this case and do not contain Ziplocal's counsel Mr. Scott,

Ziplocal now wants to claim a privilege and has provided a handwritten privilege log. Notably, these are emails that pertain directly to this case, with subject lines such as "YPPI case question," "Yellow Pages Photos, Inc.," and "Yellow Pages Photos/Ziplocal," that had already been pulled and set aside by Ziplocal in a folder called "YPPI Legal." *See* Exhibit 3. In other words, these are emails that were and would have been picked up from a simple search on Ziplocal's system for any emails containing the Plaintiff's company name. Presumably, such a basic and routine search would have been performed by Ziplocal and its counsel nearly a year ago when Yellow Pages first requested relevant communications. Yet, Yellow Pages not only did not receive these emails, it did not receive a privilege log claiming any privilege on the emails.

When a party withholds information otherwise discoverable by claiming a privilege, Federal Rule of Civil Procedure 26 requires the party to 1) expressly make the claim; and 2) describe the nature of the documents not produced in a manner that, without revealing information itself privileged, will enable other parties to assess the claim. When a party fails to provide the required privilege log, it waives any applicable attorney-client privilege and/or work product privilege. *Devries v. Morgan Stanley & Co., LLC*, 2013 WL 3243370, *3 (S.D. Fla. June 26, 2013) (finding failure to provide log waived protection of work product doctrine); *see also Pensacola Firefighters' Relief Pension Fund v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 594 (N.D. Fla. 2010) (deeming privilege waived); *Universal City Dev. Ptnrs., Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695 (M.D. Fla. 2005) (finding waiver where log was produced late and party failed to take precautions to prevent disclosure).

In this instance, not only did Yellow Pages specifically request emails relating to it from Ziplocal, but Ziplocal claimed that it had produced all responsive emails and expressly disavowed the need to provide a privilege log despite Yellow Pages' repeated requests and the

5

Court's order that any privilege log should be provided by September 13, 2013. This is the case despite the fact that these emails obviously had already been pulled and set aside by Ziplocal, as they were placed in a "YPPI Legal" folder.

In addition to its failure to provide a privilege log in general, Ziplocal also apparently took no cautionary steps to prevent privileged information from being turned over as a result of the imaging of the CorpX2 server. Indeed, when Yellow Pages approached Ziplocal about the need to preserve the server, it suggested that Ziplocal take steps to preserve it on its own, which would have prevented anything on the server from being turned over to Yellow Pages. However, Ziplocal failed to take any proper steps to preserve it on its own, causing the need for Yellow Pages to seek relief from the Court to image the server. Moreover, the Court ordered the imaging on August 22, 2013, and the imaging took place on September 12, 2013. Therefore, despite having three weeks to review the server and provide Yellow Pages with a privilege log on its contents, Ziplocal apparently took no steps to review the content and certainly did not provide Yellow Pages with any kind of log prior to the imaging. This failure by Ziplocal to protect privileged information serves as further grounds for any privilege pertaining to the emails being waived. *In re Fontainebleau Las Vegas Contract Litigation*, 2011 WL 65760, *10 (S.D. Fla. Jan. 7, 2011) (finding a waiver when party produced servers without ever reviewing them for privilege prior to production).

As a result, this is the exact type of scenario where a party's failure to provide a privilege log should be found to result in a waiver. Not only has Ziplocal repeatedly failed to provide a privilege log for emails that were apparently pulled and set aside long ago, but it allowed the imaging of the CorpX2 server to occur without taking any steps to review and/or log content on the server prior to the imaging. Yellow Pages therefore asserts that the privilege is waived, and

it should be able to review those emails listed in Exhibits 2 and 3. Again, Yellow Pages is not attempting to review those emails directly between Ziplocal and its counsel Mr. Scott, although arguably the privilege on those has been waived as well, but rather those emails internally between Ziplocal employees and others not including Mr. Scott.[2]

**B.      If for some reason no waiver is found, the Court should conduct an *in camera* review of the emails to determine whether they are privileged.**

There are 93 emails at issue as shown in Exhibit 3. None of those emails contains Mr. Scott, and only 17 of them contain someone who may be an attorney for Ziplocal. The vast majority of the emails are internal communications between Ziplocal employees, and a few of them also contain other third parties, such as YPG employees or employees from an entity called Loughlin Management Partners, which appears to be an unrelated management consulting firm.

The elements of the attorney-client privilege are: 1) where legal service advice of any kind is sought, 2) from a professional legal advisor in his capacity as such, 3) the communications relating to that purpose, 4) made in confidence, 5) by the client, 6) are at his instance permanently protected, 7) from disclosure by himself or by the legal advisor, 8) except the protection may be waived. *Kearney Partners Fund, LLC v. Lincoln Partners Fund, LLC*, 2013 WL 424306 (M.D. Fla. Feb. 4, 2013). The party asserting the privilege has the burden of proving its existence, and the privilege is only available when each of the elements are met. *Id.* at *2.

The privilege does not apply when the communications are addressing factual issues, and the privilege only applies to communications made for the purpose of securing legal advice. *Kearney Partners Fund, LLC v. United States*, 2013 WL 19669667 (M.D. Fla. May 13, 2013);

---

[2] Although Ziplocal's handwritten privilege log does not contain anything about the work product doctrine, to the extent Ziplocal attempts to claim privilege based on that, Yellow Pages asserts that any protection under that doctrine has been waived as well for the same reasons. Regardless, it would be highly unlikely that emails not containing the attorney could fulfill the requirements of the work product doctrine.

*DSM Desotech Inc. v. 3D Systems Corp.*, 2011 WL 117048, *2 (N.D. Ill. Jan. 12, 2011). In addition, "at the point where attorney-client communications are no longer confidential, i.e., where there has been a disclosure of a privileged communication, there is no justification for retaining the privilege . . . it has long been held that once waived, the attorney-client privilege cannot be reasserted." *U.S. v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987); *In re Fontainebleau Las Vegas Contract Litigation*, 2011 WL 65760, *10 (stating that disclosure to third party waives privilege).

Here, given that the vast majority of the emails are internal communications among Ziplocal employees that do not contain attorneys, it seems highly unlikely that they are communications seeking legal advice. Merely because they may mention Yellow Pages or this lawsuit does not mean they are somehow automatically privileged. Along those lines, communications among the employees discussing the lawsuit or Yellow Pages and its images that do not directly relate to legal advice from its counsel could not in any way be privileged. Indeed ten of the emails are dated before this lawsuit was even filed, yet, Ziplocal's description on its handwritten privileged log states that they are privileged because they related to "investigation of the allegations of the lawsuit" and "hiring counsel for the litigation." Such an explanation seems questionable at best.

In addition, some of the emails are not even limited to discussions of Ziplocal employees but rather contain other third parties. For example, some of the emails contain addresses ending in "lmco-ny.com," which appears to be a third party company called Loughlin Management Partners. This is not a law firm, and it is unclear how individuals from that company could be on emails that could be considered privileged. In addition, other emails contain addresses ending in "ypg.com," which would be employees from YPG. Again, it is unclear how those emails could

be privileged, particularly in light of Treena Cooper's (a YPG 30(b)(6) deponent) testimony that there is no joint defense agreement in place between YPG and Ziplocal and in fact that YPG has made a claim to Ziplocal for indemnification in this case. *See* Exhibit 4 at 248-50; 264-68. In addition, for those few emails that contain an attorney, which is not Ziplocal's attorney in this case, the same would not be privileged if the attorney is not an attorney for Ziplocal and/or if the communications are not seeking legal advice.

Given this information available from the handwritten log provided by Ziplocal, it would seem likely that many if not all of these emails are not in fact privileged. Therefore, Yellow Pages would ask the Court to conduct an *in camera* review of the emails if it does not find that the privilege has been waived.

WHEREFORE, Yellow Pages respectfully requests the Court to find that any privilege applicable to the emails logged in Exhibits 2 and 3 has been waived, or, in the alternative, Yellow Pages requests that an *in camera* review of those emails be conducted by the Court.

Dated: October 18, 2013

Respectfully submitted,


/s/ Mindi M. Richter
J. Todd Timmerman, Esquire
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Jeffrey B. Fabian, Esquire
Florida Bar No. 0085868
jfabian@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

Attorneys for Plaintiff, Yellow Pages Photos, Inc.

## **CERTIFICATION UNDER LOCAL RULE 3.01(G)**

Counsel for Yellow Pages has conferred with counsel for Ziplocal and has been unable to resolve the issues presented in this motion.

/s/ Mindi M. Richter
Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ Mindi M. Richter
Attorney