UNITED STATE DISTRICT COURT
For the
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| YELLOW PAGES PHOTOS, INC. ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 8:12-CV-755 RAL-TBM |
| ) | |
| ZIPLOCAL, LP, YELLOW PAGES GROUP ) | |
| LLC, and YELLOW MEDIA, INC. ) | |
| ) | |
|     *Defendant* ) | |
| ) | |

**DEFENDANT ZIPLOCAL, LP'S
RESPONSE TO
PLAINTIFF'S MOTION FOR FINDING OF PRIVILEGE WAIVER, OR IN THE
ALTERNATIVE, TO CONDUCT AN *IN CAMERA* REVIEW**

Plaintiff seeks about ninety electronic mail communications that Ziplocal listed on a privilege log.[1] The privilege log, attached as Exhibit 2 to the Plaintiff's Motion, was prepared pursuant to an understanding between Plaintiff's counsel and the undersigned attorney in late September, 2013, that Ziplocal could raise privilege in regard to emails obtained by the Plaintiff during the forensic imaging of Ziplocal's CorpX2 server. Plaintiff's counsel has made clear in his Motion that he has no interest in compelling disclosure of those emails between Ziplocal and its counsel, but instead seeks emails that

---

[1] Ziplocal previously produced over 900 emails to Plaintiff. (Dkt 207, Exh. 4; Declaration of Nina Marino, Esq., to Ziplocal's Response to Plaintiff's Renewed Motion to Compel and for Sanctions).

in Plaintiff's view are non-privileged communications among Ziplocal employees or among Ziplocal employees and third parties.

### The Privilege Log Delivered in Late September

On August 22, 2013, the Court directed Ziplocal to deliver by September 13, 2013, to the Plaintiff a privilege log in connection with the nine hundred or so emails that Ziplocal previously had produced to the Plaintiff. (Dkt. 213, Pg. 64). Ziplocal admittedly did not deliver a privilege log by September 13, 2013.

On the evening of September 12 into the morning hours of September 13, 2013, the Plaintiff's consultant forensically imaged Ziplocal's CorpX2 server pursuant to the Court's Order granting the Plaintiff that opportunity. (Exh A – Decl. of James A. Scott, Jr.; Dkt. 211). As a result of the imaging, the Plaintiff's consultant obtained emails located on the server. (Exh A; Dkt 242, Pg. 3).

Presumably at the direction of Plaintiff's counsel, Plaintiff's consultant segregated to a separate flash drive those emails that had been obtained in the forensic imaging. (Exh. A). The consultant, presumably with the help of Plaintiff's counsel, further separated the emails into three separate folders on the flash drive. One folder contains emails that are deemed irrelevant to this case. (Exh. A). A second folder contains emails that Plaintiff does not contest are privileged communications between Ziplocal and its counsel. (Exh. A). The third folder contains emails, including the ninety-three emails[2]

---

[2] Some of what is characterized by Plaintiff as an email in many cases is a chain of emails. Many emails are duplicated from chain to chain. Of those of the ninety-three emails that actually are one individual email, many of those emails are contained within the email chains.

that eventually were listed on Ziplocal's Privilege Log. (Exh. A). Then, Plaintiff's counsel delivered a duplicate flash drive to the undersigned counsel on September 25, 2013, before the commencement of a deposition in Philadelphia and requested that the undersigned prepare a privilege log designating those emails in the third folder on the flash drive for which Ziplocal claimed a privilege. (Exh. A). The undersigned agreed to do so. (Exh. A). On September 28, 2013, Ziplocal through counsel delivered the privilege log in issue. (Exh. A).

Plaintiff counsel's conduct subsequent to the forensic imaging of Ziplocal's server establishes that the Plaintiff had excused Ziplocal's waiver, if any, of its opportunity to serve a privilege log. Plaintiff counsel's conduct establishes that he extended to Ziplocal what was tantamount to an informal extension of fifteen days to deliver a privilege log. Plaintiff appeared to change its position about the privilege log and file the Motion in question only after it objected to the number of emails for which Ziplocal claimed privilege.

Ziplocal respectfully submits that its late delivery of a privilege log should be excused by the Court, just as the Plaintiff apparently elected to do when it segregated the emails onto a flash drive and requested a privilege log from Ziplocal.

**Emails to and from Counsel for Ziplocal**

The Plaintiff does not contest that emails between the undersigned attorney and Ziplocal employees always have been and remain privileged. Plaintiff's counsel

acknowledged in the Motion that it is not his practice to seek emails between a client and its attorney and that he was not doing so now. (Dkt. 242, Pg. 3).

The undersigned is not the only attorney that has represented Ziplocal in connection with this lawsuit. As the Declaration of Ziplocal's Chief Financial Officer Lyle Haycock indicates, Ziplocal has been represented by three other attorneys in connection with this action although none of them have formally appeared. (Exh B – Decl. of Lyle Haycock). Many of the emails listed on Ziplocal's Privilege Log are between these attorneys and Ziplocal employees or are emails between Ziplocal employees that are copied to one or more of the attorneys. (Exh. A).

Attorneys Douglas Thayer, Esq. and Andrew Wright, Esq. work for Ziplocal's local law firm in northern Utah where Ziplocal is located. (Exh. B). These lawyers were initially representing and advising Ziplocal after the Complaint and Summons in this action was delivered. (Exh. A). Indeed, sixty-three of the ninety-three emails listed on the Privilege Log were generated in the two month period beginning with the date the lawsuit was filed on April 9, 2012. (Dkt. 242, Exh. 2 – Privilege Log). The undersigned was not retained until May, 2012, and did not appear of record in this action until May 17, 2012. (Exh. A; Dkt. 14).

Attorney Glen West, Esq. of the Dallas, Texas office of the Weil law firm also represents Ziplocal. (Exh. B). Some of the emails on the privilege log between Ziplocal employees are copied to Mr. West. (Exh. A). He was involved in the selection of the undersigned counsel to represent Ziplocal in this action. (Exh. A.) Plaintiff's counsel is aware that the Weil law firm represents Ziplocal. Several emails from Attorney West

were segregated into the second folder on the flash drive that contains emails that Plaintiff does not contest are privileged communications between Ziplocal and its counsel. (Exh. A).

Plaintiff takes the position in its Motion that it does not contest the privileged nature of communications between Ziplocal and its counsel of record. Plaintiff therefore presumably does not take an inconsistent position for the email communications of the lawyers who represented Ziplocal in the early stages of this lawsuit. The emails between these three attorneys and Ziplocal employees and those emails between Ziplocal employees that were copied to one or more of these attorneys and that are listed on the Privilege Log pertain to this litigation. (Exh. A). These emails clearly are privileged.

**Kevin Shea**

Plaintiff argues in its Motion that Ziplocal lists emails on its Privilege Log that contain "lmco-ny.com" in the email address. Plaintiff correctly points out that this address is for a company named Loughlin Management Partners & Company (Loughlin).

Attached as Exhibit C is the Declaration of Kevin Shea. Since before the lawsuit was filed, Mr. Shea has served as the sole Director on Ziplocal's Board of Directors and as Ziplocal's Chief Restructuring Officer. (Exh. C – Decl. of Kevin Shea). Mr. Shea has participated in the development of strategies and defenses for Ziplocal in this action.

(Exh. C). As Plaintiff currently knows, Mr. Shea appeared as Ziplocal's representative at the recent mediation in this case.[3] (Exh. C).

Mr. Shea also had a relationship with Loughlin as its Managing Director. (Exh. C). Loughlin was hired by Ziplocal to restructure Ziplocal financially and operationally. (Exh. C). It is not unusual for a person to act as a Director of separate companies, just as it's not unusual for a person simply to work for two companies. This does not translate into a waiver by one of the companies of the privileged nature of the communications between that person and the company's lawyers. Further, to the extent that otherwise privileged communications among Ziplocal's attorneys and Ziplocal employees were shared with Mr. Shea, his role as sole Director and Chief Restructuring Officer of Ziplocal maintained the privileged nature of those communications.

**Specific Emails on the Privilege Log**

Nine of the emails on the Privilege Log are between Attorney Andrew Wright and an employee of Ziplocal. (Exh. A; Dkt. 242 – Exh. 2). Eight of those emails are between Attorney Wright and Geri Suster, Ziplocal's Vice President of Operations.[4] (Exh. A; Exh. D – Suster Depo Pg. 11-12; Dkt. 242 – Exh. 2;). Five of the emails on the Privilege Log are between Attorney Douglas Thayer and an employee of Ziplocal. (Exh. A; Dkt. 242 – Exh. 2). Three of those emails are between Attorney Thayer and Geri Suster. One email on the Privilege Log is from Geri Suster to both Attorney Thayer and

---

[3] Plaintiff's counsel may be excused from acknowledging in its Motion Mr. Shea's relationship to Ziplocal as the Motion in issue, along with Plaintiff's pending Motion for Sanctions, were filed on the eve of the mediation. (Dkt. 242 and 243)

[4] Suster later became Ziplocal's Chief Operating Officer.

Wright. (Exh. A; Dkt. 242 – Exh. 2). All of these fifteen emails contain counsel's advice and recommendations pertaining to this litigation and clearly are privileged communications between the attorney and client. (Exh. A).

Of the fifteen emails, the Privilege Log contains three emails between either Attorney Wright or Attorney Thayer and Penny Kirby, another Ziplocal employee. (Exh. A; Dkt. 242 – Exh. 2). According to one or more of those emails, Penny Kirby is the Executive Assistant to Mike Anderson, Senior Manager, Corporate Administration. (Exh. A). All of these emails likewise contain counsel's advice and recommendations pertaining to this litigation and clearly are privileged communications between the attorney and client. (Exh. A).

There are eight additional email chains[5] on the Privilege Log that are between employees of Ziplocal and that contain within the email chain an email between an employee of Ziplocal and Attorney Wright, Attorney Thayer or the undersigned. (Exh. A). Another two emails between employees of Ziplocal reflect that each email is being copied on one or more of the aforementioned attorneys that represent Ziplocal. (Exh. A). Again, all of these emails pertain to this litigation and constitute communications between attorney and client. (Exh. A).

The Privilege Log contains one email chain in which the Vice President of Operations for Ziplocal repeats to Ziplocal's IT manager, Troy Barker, advice that the undersigned provided to her. (Exh. A). This fact is evident from the content of that portion of the email chain. (Exh. A). The protected nature of an attorney's

---

[5] These email chains are designated in the Log by the most recent email in the chain.

communication to his client does not evaporate when the advice is repeated by the receiving employee of the client and then repeated to another employee of the client.

The Privilege Log also contains an email from Tasia Ottesen to Geri Suster. (Dkt. 242 – Exh. 2). Ottesen is a paralegal at the law firm where Attorneys Wright and Thayer were employed. (Exh. B). Ottesen's email to Suster is copied on those attorneys. (Exh. A). Again, this email contains information about the litigation and is a privileged communication among Ziplocal, its attorneys and an employee of Ziplocal's Utah law firm. (Exh. A).

Aside from these specific twenty-seven emails (or email chains) on the Privilege Log and the uncontested emails in the second folder of the flash drive between Ziplocal and its counsel, Ziplocal waives its claim of privilege to the remaining emails on its Privilege Log.

### *In Camera* Inspection

Plaintiff has requested an *in camera* inspection of the emails that are listed on Ziplocal's privilege log. Ziplocal does not object to an *in camera* inspection of the twenty-seven emails and email chains specifically referenced in the undersigned's Declaration, as Ziplocal is confident that these emails are privileged under the law.

### Federal Rule 3.01(G)

With apologies in advance to Plaintiff's counsel and the Court if the undersigned's memory is failing him, the undersigned does not recall either of Plaintiff's

counsel conferring with the undersigned over the relief sought in the Motion in issue. The undersigned does recall being very surprised when he received on the eve of mediation the Motion seeking a finding of waiver of privilege and the Plaintiff's Motion for Sanctions. Whereas it is unlikely defense counsel would have agreed to the relief sought in the Motion for Sanctions, there is a reasonable chance that the parties could have resolved any disagreement over what emails on the Privilege Log requested by Defendant on September 25 are privileged.

                                                Respectfully submitted

                                        _____s/James A. Scott, Jr._____
                                     James A. Scott, Jr., Esq. on behalf of
                                              Defendant Ziplocal, LP

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 5, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which automatically sends notification of such filing to all attorneys of record in this action.

        s/James A. Scott, Jr.
        JAMES A. SCOTT, JR.
        FLA BAR NO.: 0279072
        BOGIN, MUNNS & MUNNS, P.A.
        687 Beville Road, Suite A
        South Daytona, Florida 32119
        (386) 763-2092
        (386) 763-5823 (fax)
        jscott@boginmunns.com
        Trial Counsel for Defendant Ziplocal, L.P.