UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

v.                                                   CASE NO: 8:12-cv-755-T-26TBM

ZIPLOCAL, LP, and YELLOW PAGES
GROUP, LLC,

    Defendants.
_____/

**O R D E R**

Before the Court are cross-motions for summary judgment on all or various parts of the claims raised by the parties: (1) Plaintiff Yellow Pages Photos, Inc.'s Motion for Summary Judgment (Dkt. 287), Statement of Undisputed Facts (Dkt. 286), and numerous exhibits (Dkts. 288, 289, 290 & 291), Defendant Ziplocal's Response, Statement of Disputed Facts, and additional Exhibits (Dkts. 313, 314 & 315), and Yellow Pages Group, LLC's Response and Disputed Facts (Dkts. 308 & 309); (2) Yellow Pages Group, LLC's Motion for Summary Judgment on Plaintiff's Claims with Exhibits (Dkt. 285), Statement of Undisputed Facts (Dkt. 282), and Plaintiff's Response in Opposition to Defendants' Motions for Summary Judgment with exhibits (Dkt. 310) and Statement of Disputed Facts

(Dkts. 306 & 307);[1] and (3) Defendant Ziplocal's Dispositive Motion for Summary Judgment on the Claims Raised in the Plaintiff's Third Amended Complaint. (Dkt. 292). After careful consideration of the voluminous filings[2] and the differing characterizations of the written documents and the conduct of the parties, the Court concludes that the motions must be denied.

Plaintiff Yellow Pages Photos, Inc. (YPPhotos) entered into an agreement with Ziplocal, LP's predecessor, Phone Directories Company (PDC), in March 2004. The agreement granted a license to PDC, and hence Ziplocal, to use certain images owned by YPPhotos. The exact terms of that agreement, such as what the term "authorized users" includes, and the ramifications of Ziplocal's allowing Yellow Pages Group, Inc. (YPGroup) to use the images in the design and production of advertisements are vehemently disputed by all parties. For example, whether the Site License Purchase Agreement (SLPA) and the End User License Agreement (EULA) form the entire agreement or whether the EULA is barred by the statute of frauds[3] and other legal defenses, must be viewed in the context of the lengthy course of conduct of the parties

---

[1] Plaintiff filed one response addressing both motions for summary judgment.

[2] The parties have inundated the Court with over 1100 pages of submissions to consider in this summary judgment proceeding.

[3] Under the Copyright Act, however, a nonexclusive agreement need not be in writing. See Korman v. HBC Fla., Inc., 182 F.3d 1291, 1293 (11th Cir. 1999). Plaintiff also cites cases for the proposition that the statute of frauds does not apply to nonexclusive licenses. See docket 287 at p. 11 n. 6.

and the customary usage of "shrink-wrap"-type licenses.[4] Additionally, whether the parties' agreement gave Ziplocal the right to outsource services to YPGroup, including distributing the images to YPGroup and permitting it to use the licensed images, is hotly contested in view of the polar analogies of the facts and terms of the agreement in this case and the facts and the agreement in Automation by Design, Inc. v. Raybestos Prods. Co., 463 F.3d 749 (7th Cir. 2006).

    While the record is replete with depositions, apparently some videotaped, and numerous exhibits, the Court does not have the benefit of observing the key witnesses to make credibility determinations on summary judgment. The Eleventh Circuit has cited with approval the district court's exercise of discretion to deny summary judgment when there may not be disputed material facts, but "there is reason to believe that the better course would be to proceed to full trial." Lind v. United Parcel Serv., Inc., 254 F.3d 1281 (11th Cir. 2001) (citing a Fifth Circuit case (citation omitted), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) and citing United States v. Certain Real and Personal Property Belonging to Hayes, 943 F.2d 1292 (11th Cir. 1991)). This Court finds that justice would best be served by permitting the case to fully develop at trial so that the trier of fact will be in a better position to

---

[4] See, e.g., Exceptional Urgent Care Ctr. I, Inc. v. Protomed Med. Mgmt. Corp., No. 5:08-cv-284-Oc-10GRJ, 2009 WL 2151181 (M.D. Fla. Jul. 13, 2009); Meridian Project Sys., Inc. v. Hardin Constr. Co., 426 F.Supp.2d 1101, 1106 (E.D.Cal. 2006); Peerless Wall and Window Coverings, Inc. v. Synchronics, Inc., 85 F.Supp.2d 519, 527 (W.D. Pa. 2000).

determine the precise deal struck and carried out between the parties and whether infringement occurred.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff Yellow Pages Photos, Inc.'s Motion for Summary Judgment (Dkt. 287) is **DENIED**.

(2) Yellow Pages Group, LLC's Motion for Summary Judgment on Plaintiff's Claims (Dkt. 285) is **DENIED**.

(3) Defendant Ziplocal's Dispositive Motion for Summary Judgment on the Claims Raised in the Plaintiff's Third Amended Complaint (Dkt. 292) is **DENIED.**

(4) The parties are urged to resume settlement negotiations in a good faith effort to resolve this case without the necessity of expending additional client and judicial resources in having to try this case to a jury.

**DONE AND ORDERED** at Tampa, Florida, on December 13, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record