UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

v.                                            Case No.: 8:12-CV-755-T-26EAJ

ZIPLOCAL, LP and YELLOW PAGES
GROUP, LLC,

    Defendants.
_____/

## YELLOW PAGES PHOTOS, INC.'S MOTION FOR
## ATTORNEY'S FEES AND NONTAXABLE COSTS

Pursuant to Fed. R. Civ. P. 54(d)(2) and Local Rule 4.18, Plaintiff Yellow Pages Photos, Inc. ("Yellow Pages"), as the prevailing party in this action, respectfully moves for an award of its attorney's fees and nontaxable costs against Defendants Ziplocal, LP ("Ziplocal") and Yellow Pages Group, LLC ("Yellow Pages"). In support, Yellow Pages states as follows:

### Attorney's Fees and Costs Under the Copyright Act

1. With the prerequisite of a registered copyright before infringement,[1] Section 505 of the Copyright Act expressly authorizes courts to award "full costs," which may include reasonable attorney's fees, to the prevailing party. *See* 17 U.S.C. §§ 412, 505; *Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990); *Broadcast Music, Inc. v. Dano's Restaurant Sys., Inc.*, 902 F. Supp. 224, 226 (M.D. Fla. 1995); *Arista Records, Inc. v.*

---

[1] The same prerequisite applies to the availability of statutory damages. *See* 17 U.S.C. § 412. The 123 works found infringed were registered prior to Defendants' infringement and qualified for statutory damages, and the Court instructed the jury accordingly. *See* 3/24/14 Trial Trans. at 26-30 (attached as Exhibit 1); 3/25/14 Trial Trans. at 91-93, 115-123 (attached as Exhibit 2); 3/26/14 Trial Trans. at 110-111 (attached as Exhibit 3); Pl. Trial Ex. 1 (copyright registrations); Joint Trial Ex. 27 (11/1/10 Outsourcing Agreement). The jury awarded statutory damages for Defendants' infringement of those 123 works. *See* Verdict [Dkt. 422]. For the same reason, the Court may award Yellow Pages attorney's fees and costs under 17 U.S.C. § 505 as the prevailing party in this action.

1

*Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003). Although discretionary, courts frequently award prevailing plaintiffs their full costs and attorney's fees in order to: "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *Arista Records*, 298 F. Supp. 2d at 1315. "While Section 505 gives a court discretion in awarding attorney fees, because the Copyright Act is intended to encourage suits to redress copyright infringement, fees are awarded to a prevailing party as a matter of course." *Broadcast Music*, 902 F. Supp. at 226; *see also Arista Records*, 298 F. Supp. 2d at 1316 (stating that attorneys' fees in copyright cases "are the rule rather than the exception and should be awarded routinely"). "Although not a precondition to an award of attorney's fees, a showing of willfulness, such as presented here, provides further justification for such an award." *Arista Records*, 298 F. Supp. 2d at 1316 (citing *Montgomery v. Noga*, 168 F.3d 1282, 1303 (11th Cir. 1999); *Cable/Home*, 902 F.2d at 854; *Casella v. Morris*, 820 F.2d 362, 366 (11th Cir. 1987)). The Eleventh Circuit has regularly "adhered to the only two statutory requirements: the fee award should be granted to the prevailing party and the amount should be reasonable." *Cable/Home*, 902 F.2d at 853 (citing *Casella*, 820 F.2d at 366).

2.  Pursuant to Federal Rule of Civil Procedure 54(d)(1), taxable costs "should be allowed to the prevailing party." Contemporaneously with the filing of this Motion, Yellow Pages has filed a Motion to Tax Costs to recover taxable costs authorized by 28 U.S.C. § 1920. The Copyright Act, however, permits a prevailing party to recover additional amounts. Specifically, "[t]he authority to award a reasonable attorney's fee under 15 U.S.C. § 505 includes the authority to award out-of-pocket expenses incurred by the attorney which are typically charged to a client in the course of providing legal services, such as photocopying, paralegal

2

expenses, travel costs and telephone costs." *Oravec v. Sunny Isles Luxury Ventures L.C.*, 2010 WL 1302914, *13 (S.D. Fla. Mar. 31, 2010) (citing *Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117, *14 (S.D. Fla. July 1, 2008)).

## Attorney's Fees and Costs Under the Contract between Yellow Pages and Ziplocal

3. Under the End User License Agreement (the "EULA") between Yellow Pages and Ziplocal, the prevailing party is entitled to recover all of its attorney's fees and costs incurred in this lawsuit. Specifically, the EULA states:

> In the event of legal action to enforce this agreement or in conjunction with the use of the product the prevailing party shall be entitled to recover its attorney's fees and costs, in addition to any other legal and equitable relief granted.

Joint Trial Ex. 20 at 2 (End User License Agreement). The prevailing-party provision of the EULA between Yellow Pages and Ziplocal is expansive, applying not just to actions to enforce the EULA, but also actions in conjunction with the use of the stock photographs licensed by Yellow Pages to Ziplocal under the EULA. It further creates an entitlement on the part of the prevailing party not just to taxable costs under Fed. R. Civ. P. 54(d)(1) and other costs permitted under the Copyright Act, but to all costs incurred in the action and attorney's fees. Such costs may include additional items such as costs for expert witnesses, consulting experts, trial technology services, e-discovery services, computerized legal research, mediation fees, and other costs and expenses. *See Tampa Bay Water v. HDR Eng'g, Inc.*, 2012 WL 5387830 (M.D. Fla. Nov. 2, 2012) (expansive costs awarded under contract providing that prevailing party "shall be entitled to recover all fees and costs incurred").

4. "Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced," and "[t]rial courts do not have the discretion to decline

to enforce such provisions, even if the challenging party brings a meritorious claim in good faith." *N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 395 Fed. App'x 563, 567 (11th Cir. 2010) (quoting *Lashkajani v. Lashkajani*, 911 So.2d 1154, 1158 (Fla. 2005)). "Such provisions exist to 'protect and indemnify' the interests of the parties, not to enrich the prevailing party." *Lashkajani*, 911 So.2d at 1158; *see also Blount Bros. Realty Co. v. Eilenberger*, 124 So. 41 (1929) (upholding a clause to pay attorney's fees because "a contract to pay attorney's fees is one, not to enrich the holder of the note, but to protect and indemnify him against expenditures necessarily made or incurred to protect his interests"); *Dunn v. Sentry Ins. Co.*, 462 So.2d 107 (Fla. 5th DCA 1985) ("A contractual provision that the losing party will pay the prevailing party's attorney's fees is an agreement for indemnification....").

## Prevailing Party

5. "The definition of a 'prevailing party' is well-established in [the 11th Circuit]." *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001). "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 791 (1989). "Generally, the prevailing party under the attorneys' fee authorization of section 505 of the Copyright Act is identified as the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit." *Cable/Home*, 902 F.2d at 853. Likewise, "[w]hen a contract provides for recovery of fees by the prevailing party, it makes sense, as a matter of contractual interpretation, to conclude there ordinarily can be only one prevailing party, and that that party is the one who prevails on the significant issues in the case." *Inland Dredging, L.L.C. v. Panama City Port Authority*, 406 F. Supp. 2d 1277, 1285 (N.D. Fla. 2005).

4

6. The jury returned a verdict for breach of contract and willful copyright infringement in favor of Yellow Pages on March 27, 2014 [Dkt. 422]. By Order dated May 5, 2014, the Court directed the Clerk to "enter judgment against Defendant Ziplocal, LP, in the sum of $100,001.00," to "enter judgment against Defendant Yellow Pages Group, LLC, in the sum of $123,000.00," and to "close this case" [Dkt. 443]. On the same day, the Clerk entered judgment against Defendants Ziplocal [Dkt. 444] and YPG [Dkt. 445]. By virtue of the jury's verdict and the Court's order and judgments, Yellow Pages is the prevailing party and thus entitled to recover its attorney's fees and costs under the Copyright Act and the EULA.

7. Yellow Pages pled for recovery of its attorney's fees and costs under the EULA and the Copyright Act. *See* Third Amended Complaint [Dkt. 248] ¶¶ 41, 46, 55, and pp. 12-15 (demands for judgment). In the Joint Pretrial Statement, the parties identified the award of attorney's fees and costs as a post-trial issue for determination by the Court. *See* Joint Pretrial Statement [Dkt. 327] at pp. 15-16, 20.

8. In accordance with Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure and Local Rule 4.18, Yellow Pages has filed this Motion for Attorney's Fees and Nontaxable Costs within 14 days after the entry of judgment.

**Estimate and Evidentiary Support**

9. Yellow Pages estimates the current amount of its attorney's fees and nontaxable costs is approximately $2,127,792, consisting of the following categories:[2]

- Attorney's fees[3]                       $ 1,730,000

---

[2] For present purposes, Yellow Pages includes in this estimate costs that are or may be considered separately recoverable as taxable costs under Fed. R. Civ. P. 54(1) and 28 U.S.C. § 1920 *et seq.* Contemporaneously herewith, Yellow Pages has filed a Motion to Tax Costs and Bill of Costs. To the extent any items listed here are recovered from Defendants as taxable costs, they are not sought again here.

[3] This category includes fees charged by attorneys and professional staff, including paralegals and other staff whose time is regularly charged to clients.

5

| | | |
|---|---|---|
| • Travel cost for depositions | $ | 35,594 |
| • Expert witness fees | $ | 35,583 |
| • Other professional consultants | $ | 86,484 |
| • Trial technology and support services | $ | 14,472 |
| • E-Discovery services | $ | 99,950 |
| • Long distance telephone | $ | 16 |
| • Overnight delivery/couriers | $ | 2,305 |
| • Computerized legal research | $ | 23,310 |
| • Mediation | $ | 933 |
| • Ziplocal employee charge | $ | 710 |
| • Fees of the Clerk | $ | 350* |
| • Fees for service of summons/subpoena | $ | 606* |
| • Court reporter and videographer costs | $ | 45,017* |
| • Internal printing/copying | $ | 14,921* |
| • Fees for witnesses | $ | 1,679* |
| • External copying/exemplification | $ | 35,862* |
| Total | $ | 2,127,792 |

*Included in Bill of Costs/Motion to Tax Costs. If not recovered in whole or part as a taxable cost, then recovery is sought as a nontaxable cost under this Motion.

Yellow Pages is further entitled to fees and costs associated with this motion and on any appeal, which could cause this estimate to increase.

10. Yellow Pages requests that the Court establish a schedule and procedure for submissions of evidentiary support for this application. Yellow Pages has retained the services

6

of Robert V. Williams of the law firm Burr & Forman LLP to review Yellow Pages' application for fees and costs and provide expert testimony regarding the same.

11. As provided by Fed. R. Civ. P. 54(d)(2)(B) and recommended by the Federal Advisory Committee Notes, Yellow Pages will provide evidentiary support and substantiation for these requested fees and costs on such schedule and in such manner as the Court requires. *See* Rule 54(d)(2), FED. ADV. COMM. NOTES to 1993 Amendments ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees (or a fair estimate)."); 10 MOORE'S FEDERAL PRACTICE § 54.155[1][a] (3rd ed. 2012) ("The initial fee motion need only state the basis for a fee award and an initial estimate of the amount sought. Later evidentiary submissions provide the factual proof of the amount claimed"); 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2680 (1998) ("Because of the early filing deadline for fees, the rule does not require that the motion be fully supported at the time of filing by all of the evidentiary material bearing on fees"). *See, e.g., Tampa Bay Water v. HDR Eng'g, Inc.*, 2012 WL 5387830 (M.D. Fla. Nov. 2, 2012) (post-judgment briefing, evidentiary submissions, expert reports, and oral argument before district court judge on plaintiff's application for fees and costs).

### Compliance with Local Rule 3.01(g)

12. Counsel for Yellow Pages has conferred with counsel for Defendants Ziplocal and YPG in a good faith effort to resolve the issues raised by this motion, and Defendants respond that they contest that Yellow Pages is entitled to recover any amount for attorney's fees or costs.

WHEREFORE, Yellow Pages respectfully requests that the Court enter an Order establishing the schedule and procedure for determination of this Motion, and that upon final hearing of the same award Yellow Pages such attorney's fees and costs to which it may be justly entitled.

Dated: May 19, 2014.

Respectfully submitted,

/s/ Mindi M. Richter
J. Todd Timmerman, Esquire
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
C. Philip Campbell, Jr., Esquire
Florida Bar No. 0160973
pcampbell@slk-law.com
Jeffrey B. Fabian, Esquire
Florida Bar No. 0085868
jfabian@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

Attorneys for Plaintiff, Yellow Pages Photos, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ Mindi M. Richter
Attorney