```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF FLORIDA
                      CASE No. 8:12 cv 755 T 26TBM




YELLOW PAGES PHOTOS, INC.


            Plaintiff,
v.
                                     March 25, 2014
                                     9:05 a.m.

ZIPLOCAL, LP, and
YELLOW PAGES GROUP, LLC

            Defendants.
_____/




                      TRANSCRIPT OF JURY TRIAL
                BEFORE THE HONORABLE RICHARD A LAZZARA
                  UNITED STATES DISTRICT COURT JUDGE




  APPEARANCES:

  For the Plaintiff:       John Todd Timmerman
                           Mindi Richter
                           Charles P. Campbell , Jr.
                           Shumaker, Loop & Kendrick, LLP
                           Suite 2800
                           101 E Kennedy Blvd
                           Tampa, FL 33602


  For the Defendant:       James A. Scott
  Ziplocal, LP             Spencer R. Munns
                           Bogin, Munns & Munns, PA
                           2601 Technology Dr (32804)
                           PO Box 2807
                           Orlando, FL 32802-2807
```

SANDRA K. PROVENZANO, RPR  OFFICIAL UNITED STATES COURT REPORTER

```
For the Defendant:      David J. Wolfsohn
Yellow Pages Group      Jeffrey S. Pollack
                        Duane Morris LLP
                        30 S. 17th St.
                        Philadelphia, PA 19103-4196




Reported by:             Sandra K. Provenzano, RPR
                         Official Court Reporter
                         U.S. District Court
                         801 North Florida Avenue
                         Tampa, FL 33602
                         (813) 301-5699

STENOGRAPHICALLY REPORTED
COMPUTER-AIDED TRANSCRIPTION
```

1  well, Polk County is in the Tampa division.  The 11th
2  Circuit upheld me.
3             So there's all kinds of restrictions that
4  are not contained in the site licensing agreement.
5  Where's the consideration for that?
6             MR. TIMMERMAN:  Your Honor, the
7  consideration was day one, they reached an agreement on
8  two agreements, like a note and a mortgage.  They go
9  together.  The mortgage has different terms than the
10 note.  The note has different terms than the mortgage.
11 But they're two agreements.
12            John Woodall and Trent Moore testified that
13 they agreed these are the -- these are the documents that
14 governed our relationship from day one.
15            THE COURT:  And they disagreed --
16            MR. TIMMERMAN:  Each time he shipped it --
17 they disagreed, but this is not -- this is not a
18 disagreement based on evidence.  It's a disagreement
19 based on lawyers' arguments.  And now I'm getting new
20 arguments even today.
21            THE COURT:  No, it's an agreement.
22 Mr. Woodall's understanding was if you don't open the
23 package, I send it back, I get my refund.  That's what he
24 testified to, which is contrary to what he testified to.
25            So how was -- and this is a critical

1    provision as I see it because the EULA does not apply.
2    They may have negotiated the terms of the EULA.  This is
3    the EULA.  Okay?
4              But when I ship these packages to you, if
5    you accept -- if you open that package, then the EULA
6    governs.  He takes a contrary position now.  That's a key
7    component of this EULA.  Without acceptance, the CDs are
8    returned for a refund.
9              MR. TIMMERMAN:  But, Your Honor, there's no
10   evidence in the record that they ever tried to return a
11   CD for a refund nor is that really an issue in this case.
12             And as I said, this is something that's only
13   coming up here recently after the 30(b)(6) representative
14   has said, the only reason we're claiming this isn't an
15   agreement is it wasn't signed.
16             Respectfully it can't be a continually
17   moving target even today.  The Site License Purchase
18   Agreement as Your Honor recognizes references
19   specifically the license agreement.  It's referencing a
20   different agreement, another agreement.
21             But in the Site License Purchase Agreement
22   itself, there is a term authorized users.  Both Mr. Moore
23   and Mr. Lott testified that authorized users referred to
24   employees of Ziplocal only.  Lee Lott's behavior was
25   governed by that afterwards in terms of the restriction

```
 1    on unauthorized distribution to unlicensed users.
 2              Both gentlemen testified that that provision
 3    meant that you can't give them to anyone other than
 4    employees of Ziplocal.  There's no testimony to the
 5    contrary.
 6              And if Your Honor is bothered by in any way
 7    a provision of the EULA, remember there's a severability
 8    provision in that EULA as well that would allow that
 9    provision to be severed.
10              And since they have to be construed
11    together -- since they have to be construed together
12    since they were part of the same agreement and part of
13    the same transaction, inconsistencies, if there are
14    inconsistencies -- just because there are more terms in
15    one than another -- the pricing is not in the EULA.  The
16    governing law term is not in the SLPA.
17              That doesn't make them inconsistent.  But if
18    there's an inconsistency, it's to be resolved in favor of
19    validity, not just throw out the baby with the bath
20    water.
21              And really what we're trying to do here is
22    kill the baby before it was even born by going back in
23    hindsight some ten years later to say that what the
24    parties agreed to was not the parties' agreement.
25              But as I said, even the Site License
```

```
 1   Purchase Agreement has the same restrictions in it.  And
 2   to the extent that somebody wants to argue that
 3   authorized --
 4              THE COURT:  What --
 5              MR. TIMMERMAN:  If there's a difference of
 6   opinion --
 7              THE COURT:  What restrictions are in the
 8   Site License Purchase Agreement?
 9              MR. TIMMERMAN:  Well, in the Site License
10   Purchase Agreement, it refers to authorized users
11   unlimited.  My question was who are the authorized users?
12   Both gentlemen testified employees of Ziplocal.
13              There's a restriction in there that says you
14   have to protect these from unauthorized distribution.
15              THE COURT:  So why didn't they put it in
16   there?
17              MR. TIMMERMAN:  Because they had two
18   agreements.  But if you even find that they're ambiguous
19   in any way, well, then you have to construe them anyway.
20   And the EULA in that sense even as we explained in our
21   summary judgment brief would serve as parol evidence to
22   explain what an ambiguous terms means if they're
23   ambiguous.
24              We don't feel they're ambiguous.  The
25   testimony was pretty clear and was uncontroverted on
```