UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

v.                                                         CASE NO: 8:12-cv-755-T-26EAJ

ZIPLOCAL, LP, and YELLOW PAGES
GROUP, LLC,

    Defendants.
                                          /

**O R D E R**

Before the Court is Plaintiff Yellow Pages Photos, Inc.,'s Motion for Entry of Permanent Injunction and Award of Prejudgment Interest, Yellow Pages Group, LLC's Response in Opposition, and Defendant Ziplocal's Response.[1] After careful consideration of the arguments made, the applicable law, and the entire record, the Court concludes that permanent injunctive relief should be denied and prejudgment interest should be granted.

**PROCEDURAL BACKGROUND**

The Third Amended Complaint seeks a permanent injunction against both Defendants Ziplocal, LP (Ziplocal) and Yellow Pages Group, LLC (Yellow Pages Group)

---

[1] See dockets 449, 459 & 463.

in addition to damages.[2]  Specifically the Third Amended Complaint alleges the following:

> Defendants' infringement of Plaintiff's copyrights in the Works is causing irreparable injury to Plaintiff and, unless the injunction sought in this Complaint is granted, will continue to cause irreparable injury to Plaintiff.  Plaintiff has suffered and will continue to suffer damage, the exact amount of the damage being unknown to Plaintiff at this time.  The damage to Plaintiff is, and will continue to be, irreparable because of, among other reasons, the continuing nature of copyright infringement, which would necessitate a multiplicity of suits for damages if the continuance of the wrongs is not enjoined.
>
> . . . .
>
> WHEREFORE, Plaintiff demands judgment against Defendants for:
> (a) an injunction permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's copyrights in the Works through further reproduction, use, publication, distribution, and display of Works.[3]

The Joint Pretrial Statement includes, in the issues of law to be determined by the Court, whether Plaintiff would be entitled to injunctive relief if Ziplocal or Yellow Pages Group or both infringed Yellow Pages Photos' copyrights.[4]  On March 27, 2014, a jury awarded damages in the amount of $100,001.00 against Ziplocal for breach of contract, willful

---

[2]  See docket 248, pp. 13-14.

[3]  See docket 248, p. 14, para. 53 & wherefore clause.

[4]  See docket 327, p. 210.

copyright infringement of 123 works ($1), and contributory copyright infringement of 123 works ($100,000.00); and $123,000.00 against Yellow Pages Group for willful copyright infringement of 123 works.[5]  Plaintiff now requests permanent injunctive relief against both Defendants.

## ANALYSIS

The federal Copyright Act authorizes injunctive relief "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  To establish permanent injunctive relief, the Plaintiff must demonstrate 1) irreparable injury has been suffered, 2) damages do not adequately compensate, 3) the balance of hardships between the parties warrants equitable relief, and 4) the public interest would not be disserved by a permanent injunction.  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006).  Absent proof of the four factors, a permanent injunction does not automatically issue notwithstanding a finding of copyright infringement.  eBay, 547 U.S. at 394.  Although eBay involved patent infringement, the Eleventh Circuit has applied its holding to copyright cases.  Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int'l, 533 F.3d 1287, 1323

---

[5]  See docket 422.

(11th Cir. 2008).[6] Relying on Peter Letterese & Assocs., many courts have refrained from automatically granting injunctive relief in copyright infringement cases.[7]

Looking at the factors of irreparable harm and inadequate remedy at law,[8] the Court concludes that Plaintiff has not shown that it will likely suffer irreparable harm in the future such that the damages already awarded by the jury will not adequately compensate for any losses. At the time of trial, and according to its sealed financial records, Plaintiff had not secured new customers since 2009. As the income from

---

[6] The Second Circuit has also applied eBay's holding to copyright cases. Salinger v. Colting 607 F.3d 68, 77 n.6 & 77-83 (2d Cir. 2010) (noting that First, Fourth and Eleventh Circuits have applied eBay to copyright cases).

[7] See, e.g., Bait Prods. Pty Ltd. v. Murray, 2013 WL 4506408, at *4 (M.D. Fla. Aug. 23, 2013) (granting permanent injunctive relief because plaintiff established that defendant's conduct was causing great and irreparable harm and the possibility of future infringement could not be adequately compensated by monetary damages alone); Axiom Worldwide, Inc. v. HTRD Group Hong Kong Ltd., 2013 WL 2406260, at *26 (M.D. Fla. Jun. 1, 2013) (granting permanent injunctive relief and finding all four elements met); Bollea v. Gawker Media, LLC, 913 F.Supp.2d 1325, 1331 (M.D. Fla. 2012) (denying preliminary injunctive relief because plaintiff introduced no evidence of irreparable harm in the context of copyright infringement); Broadcast Music, Inc. v. Bisla and Bisla, LLC, 2012 WL 5387890, at *2 (M.D. Fla. Nov. 2, 2012) (denying injunctive relief in copyright infringement case because plaintiff failed to demonstrate that monetary damages would be inadequate to compensate their injuries); Live the Life Ministries, Inc. v. PAIRS Found., Inc., 2011 WL 6780997, at *12 (N.D. Fla Sept. 27, 2011) (granting preliminary injunction because irreparable harm shown); Microsoft Corp. v. Technology Enters., LLC, 805 F.Supp.2d 1330, 1333-34 (S.D. Fla. 2011) (granting permanent injunctive relief and finding that defendant exhibited a pattern of infringement despite being subjected to a separate permanent injunction).

[8] It is often difficult to separate the first two factors because the definition of irreparable harm may include that the injury cannot be adequately redressed by money alone. See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F.Supp.2d 1197, 1210 (C.D. Cal. 2007) (citing cases and recognizing eBay holding).

Plaintiff's photos and licensing revenues declined, Plaintiff did not obtain new customers, although Plaintiff's principal continued to attempt to market the photos and entered into negotiations to sell licenses to no avail. Without a new market or income stream derived from photos or licenses for approximately five years, Plaintiff is unable to show that it would be irreparably harmed by loss of income.

In addition to the lack of irreparable harm, Plaintiff's principal's testimony supports a finding that damages provide an adequate remedy at law, thereby negating the necessity of entering permanent injunctive relief. Plaintiff's principal testified that a monetary award would compensate him for Plaintiff's losses in the market. The Court concludes that the jury's finding of willful infringement on the part of both Defendants and ensuing damage award, provides an adequate remedy at law for Plaintiff's losses.

With respect to prejudgment interest, the Court finds that an award of prejudgment interest is warranted under the general premise that prejudgment interest is presumptively available for willful infringement under the Copyright Act. See Due Process, Ltd. v. Alternative Debt Servs., Inc., 2007 WL 1428661, at *5 (N.D. Fla. May 14, 2007) (citing McRoberts Software, Inc. v. Media 100, Inc., 329 F.3d 557, 572-73 (7th Cir. 2003) and other circuit court cases). The rate of prejudgment interest may be determined from state law or, in some instances, by using the 52-week Treasury bill rate. See Due Process, at *5 (awarding prejudgment interest using Florida statutory rate in copyright infringement case and citing Seb S.A. v. Sunbeam Corp., 476 F.3d 1317, 1321 (11th Cir. 2007), a

breach of contract case); Sky Cable, LLC v. Coley, 2014 WL 279592, at *3 (W.D. Va. Jan. 23, 2014) (finding that in federal question jurisdiction cases, district court is not bound by state rate of prejudgment interest); Oracle USA, Inc. v. Qtrax, Inc., 2011 WL 4853436, at *2 (N.D. Cal. Sept. 27, 2011) (exercising discretion in copyright infringement case based on breach of contract to apply state rate of prejudgment interest). Applying section 55.03 of the Florida Statutes, the statutory annual rate of interest for 2010 through September 30, 2011, is 6 % with a daily rate of 0.01644%, and the statutory annual rate of interest from October 1, 2011, through May 2014 is 4.75% with a daily rate of 0.0130137%. [9] The Court adopts Plaintiff's reasoning that prejudgment interest should begin on November 1, 2010, the date of the outsourcing agreement between the two Defendants, and should end on the date of the judgment, May 5, 2014. Accordingly, the prejudgment interest to be awarded against Ziplocal is $17,811.43, and against Yellow Pages Group is $21,914.95.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)  Plaintiff Yellow Pages Photos' Motion for Entry of Permanent Injunction (Dkt. 449) is **DENIED**.

(2)  Plaintiff's Motion for Award of Prejudgment Interest (Dkt. 449) is **GRANTED.**

---

[9] The daily rate for 2012 is .0129781% because is was a leap year covering 366 days.

(3)  The clerk shall amend the judgment to include an award of prejudgment interest against Ziplocal in the amount of $17,811.43, and against Yellow Pages Group in the amount of $21,914.95.

**DONE AND ORDERED** at Tampa, Florida, on June 18, 2014.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record