**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YELLOW PAGES PHOTOS, INC.,

      Plaintiff,

v.                                  CASE NO: 8:12-cv-755-T-26EAJ

ZIPLOCAL, LP, and YELLOW PAGES
GROUP, LLC,

      Defendants.

_____/

# O R D E R

      Before the Court is Yellow Pages Group, LLC's (Yellow Pages Group) Renewed Motion for Judgment as a Matter of Law (Dkt. 452), Defendant Ziplocal's Renewed Motion for Judgment as a Matter of Law (Dkt. 453), and Plaintiff Yellow Pages Photos, Inc.'s (Yellow Pages Photos) Responses.  (Dkts. 475 & 476).  After careful consideration of the arguments of the parties and the record in this case, the Court concludes that the renewed motions should be denied.

## STANDARD FOR RENEWED JUDGMENT AS MATTER OF LAW

      A renewed judgment as a matter of law pursuant to Rule 50(b), Federal Rules of Civil Procedure, must include only those grounds raised at the close of the evidence, rather than any new grounds.  Howard v. Walgreen Co., 605 F.3d 1239, 1243 (11th Cir.

2010).[1] The issues raised in a Rule 50(b) motion need not be identical to those raised in the Rule 50(a) motion. Nevertheless, the issues must be "closely related" so that "opposing counsel and the trial court may be deemed to have notice of the deficiencies asserted by the moving party." Howard, 605 F.3d at 1243. If the moving party asserts new grounds, a court "may not rely on the new grounds to set aside the jury's verdict." Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 717 n.3 (11th Cir. 2002) (quoting Ross v. Rhodes Furniture, Inc., 146 F.3d 1286, 1289 (11th Cir. 1998)). The grounds raised in the Rule 50(a) and Rule 50(b) are compared to evaluate whether they are substantially different. See Ross, 146 F.3d at 1289-90.

## YELLOW PAGES GROUP'S MOTION

Yellow Pages Group raises numerous grounds in support of its renewed motion for judgment as a matter of law pursuant to Rule 50(b), none of which warrant granting the motion. The evidence, far more "than a mere scintilla,"[2] supports the jury's verdict of willful infringement on the part of Yellow Pages Group. The evidence does not support a

---

[1] "This Court repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury." Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 903 (11th Cir. 2004).

[2] Abel v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000) (en banc) (citing Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) and cases cited therein, for the proposition that the non-movant must submit "more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts" to establish that a substantial conflict in the evidence exists to send the matter to the jury).

finding that Yellow Pages Group was subject to a nonexclusive license pursuant to the SLPA,[3] and therefore judgment as a matter of law should not be granted.

Yellow Pages Group moves to renew the motion for judgment as a matter of law based on several grounds to set aside the jury verdict of willful infringement.  The primary argument assumes the validity of the EULA[4] and urges a finding that the SLPA is a freestanding nonexclusive license that permitted Ziplocal to outsource Yellow Pages Photo's works to Yellow Pages Group without exposure to copyright infringement.  Other arguments challenge the validity of the EULA based on the lack of acceptance and consideration and on the inapplicability to the 123 works.  Finally, Yellow Pages Group disputes that there was any evidence of willfulness, any evidence that Yellow Pages Photos owned the 123 works, or any substantial similarity of the 123 works to the accused telephone books.  Not all of these arguments were raised during the oral Rule 50(a) motion and, therefore, may not be considered at this stage of the proceedings pursuant to Rule 50(b).

Yellow Pages Group contends that the SLPA constitutes a nonexclusive license which permits the use of the works irrespective of the EULA.  To bolster this point, Yellow Pages Group urges that there was no evidence that the EULA modified the SLPA, nor could the prohibition on transfer of images be imported into the SLPA.  First, a

---

[3]   SLPA is the Site License Purchase Agreement.

[4]   EULA is the End User License Agreement.

review of the transcript shows that Yellow Pages Group did not make this argument at the close of the evidence.  Although counsel stated that "the Site License Purchase Agreement is a valid agreement,"[5] he proceeded to argue about the timing of when the EULA was negotiated, either before or after the execution of the SLPA, and about how the EULA is not part of the SLPA because the two conflict.[6]  He reiterated that there was no evidence that the SLPA had been breached.[7]  This Court, in fact, noted that there had been no theory advanced on the part of Yellow Pages Photos that the SLPA had been breached.[8]

That the SLPA was valid is not contested.  The argument that the SLPA, standing alone, created a nonexclusive license absolving Yellow Pages Group of any possible liability for copyright infringement, however, is rejected.  This argument was not raised

---

[5]  See Trial Transcript March 25, 2014, p. 49.  The March 25th trial transcript is found at docket 428.

[6]  See Trial Transcript March 25, 2014, pp. 49-51.  Notably, a review of the trial transcript shows that the evidence supports a finding that the two were negotiated simultaneously.

[7]  See Trial Transcript March 25, 2014, p. 64.

[8]  See Trial Transcript March 25, 2014, pp. 124-25.
        THE COURT: Are you now telling me that you are
        contending that the SLPA would be breached by what's
        happened here?
        MS. RICHTER: Yes, Your Honor, that is our position.
        THE COURT: Well, .   .   . That's not the case.  You either
        rise or fall on the EULA.
Contrary to Yellow Pages Group's understanding, the Court did not issue a ruling that "the SLPA unambiguously does not prohibit outsourcing."  See docket 452, p. 10.

during the Rule 50(a) motion and therefore cannot be argued in a Rule 50(b) motion.

Apart from preservation, the argument does not take into account the theory argued to and

accepted by the jury that the SLPA and EULA were to be construed together as

representing the entire agreement between Yellow Pages Photos and Ziplocal, an

agreement to which Yellow Pages Group was never a party.[9]   Yellow Pages Group's

argument regarding the SLPA overlooks that the jury was charged that, "[w]here multiple

agreements are entered into by the same parties, at or near the same time, concerning the

same transaction or subject matter, they are generally construed together as a single

contract."[10]   The jury was further charged that "[i]n deciding what the disputed terms of

the contract mean, you should consider how the parties acted before and after the contract

was created."[11]   The terms such as "authorized users," "unauthorized distribution,"

"unlicensed users," and "the license agreement," were not defined in the SLPA, and the

jury was instructed accordingly as to the meanings each party to the contract ascribed to

---

[9]   The jury found, based on ample evidence, that Mr. Moore of Yellow Pages Photos and Mr. Woodall of Ziplocal reached an agreement on March 15, 2004, consisting of both the SLPA and the EULA.

[10]   See Trial Transcript, March 26, 2014, p. 94.  The March 26th trial transcript is found at docket 429.  For authority supporting this contract principle, see the cases cited by Yellow Pages Photos in its response: Central Nat'l Bank v. Palmer, 806 F.Supp. 253, 256 (M.D. Fla. 1992) (citing Taylor v. American Nat'l Bank of Pensacola, Fla., 57 So. 678 (Fla. 1912)); see also Dodge City, Inc. v. Byrne, 693 So.2d 1033, 1035 (Fla.Dist.Ct.App. 1997).  Moreover, there is no merger clause in either the SLPA or EULA.

[11]   See Trial Transcript, March 26, 2014, p. 94.

them.[12]  Yellow Pages Photos' definitions were apparently adopted by the jury, i.e.,

"authorized user" meant employees of Ziplocal, "unauthorized distribution" meant

transfer of the images without authorization by Yellow Pages Photos, "unlicensed users"

meant outside parties or individuals who are not employees of Ziplocal, and "the license

agreement" meant the EULA.[13]

     With respect to the validity of the EULA, there was separate and overlapping

consideration for both agreements, the SLPA and the EULA, in the form of mutual

promises.  The evidence shows that the first time, and each time thereafter, that images

were delivered, Ziplocal paid and continued to pay.  Each agreement contained its own

mutual promises, including the EULA's provision for prevailing party's attorney fees and

costs.  The evidence further supports a finding that the EULA was accepted by Ziplocal.

---

[12]  See Trial Transcript, March 26, 2014, pp. 92-95.

[13]  Yellow Pages Group's argument that the EULA did not modify the SLPA
improperly relies on the parties' uncommunicated, subjective intent as the meaning of the
provision about the return of the unopened CD if Ziplocal did not agree with the
conditions in the EULA.  See Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla. 1985)
(holding that objective test for contract enforceability focuses on the parties "having said
the same thing" not "having meant the same thing"); Med-Star Cent., Inc. v. Psychiatric
Hosps. of Hernando Cnty., Inc., 639 So.2d 636, 637 (Fla.Dist.Ct.App. 1994) (citing
Jackson v. Investment Corp. of Palm Beach, 585 So.2d 949, 950 (Fla.Dist.Ct.App. 1991),
quoting Williston on Contracts that test of offer or acceptance is "not what the party
making it thought it meant or intended it to mean, but what a reasonable person in the
position of the parties would have thought it meant.").  Likewise, Yellow Pages Group's
argument that the EULA's prohibition on transfer cannot be imported into the SLPA is
without merit for the same reasons.  In any event, the evidence revealed that no CD was
ever returned by Ziplocal and, therefore, the provision was never tested.

The Court finds that Yellow Pages Photos presented evidence from which a reasonable jury could conclude that Yellow Pages Group infringed the 123 works, and did so willfully. The jury decided that the EULA did not restrict delivery of the images to a specific mode of acceptance, by CD only, and hence, the delivery by hard drive was acceptable. The authority of the individuals who received the deliveries from Yellow Pages Photos was sufficient to bind Ziplocal, particularly in view of the fact that Mr. Woodall was aware that Mr. Lott was receiving the shipments of images. Mr. Lott accepted the CD shipments and when Ms. Suster took over Mr. Lott's job, she continued to accept them. The evidence supports a willful infringement through the reckless disregard of Yellow Pages Group's Ms. Meloy, who continued to build new advertisements with the images after this lawsuit was filed. There was simply no procedure in place to regulate the usage of the 123 works. It is clear that the testimony of various individuals at Yellow Pages Group, as listed on page 17 of the response, could have been interpreted as cavalier in their handling of the images without regard for transfer restrictions.[14]

### ZIPLOCAL'S MOTION

Ziplocal renews its motion for judgment as a matter of law based on two grounds. First, Ziplocal contends there was no meeting of the minds on at least one material term in

---

[14] Any issue with respect to substantial similarity and ownership of the works is not well-taken.

the EULA, and second, there was no consideration for the EULA.  As discussed above, the question of whether an agreement was formed between Ziplocal and Yellow Pages Photos was a jury question.  The jury obviously found that the agreement, represented by two contracts, had been breached by Ziplocal.  The Court finds the evidence was sufficient to permit the jury to find the EULA a binding contract as part of the agreement between the parties.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)     Yellow Pages Group, LLC's Renewed Motion for Judgment as a Matter of Law (Dkt. 452) is **DENIED.**

(2)     Defendant Ziplocal's Renewed Motion for Judgment as a Matter of Law (Dkt. 453) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on June 27, 2014.


___s/*Richard A. Lazzara*_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record

-8-