UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

    Plaintiff,

v.                                                      CASE NO: 8:12-cv-755-T-26TBM

ZIPLOCAL, LP, YELLOW PAGES GROUP, LLC,
and YELLOW MEDIA, INC.,

    Defendant.
_____/

# O R D E R

Before the Court is Plaintiff's Renewed Motion for Attorney's Fees and Nontaxable Costs Against Defendant Ziplocal, LP (Ziplocal) (Dkt. 501), and Ziplocal's Renewed Response (Dkt. 503).[1] Plaintiff also requests that this Court rule on the Bill of Costs as to Ziplocal only.[2] After careful consideration of the motion, the Court concludes as follows.

## ATTORNEY'S FEES

---

[1] Defendant Yellow Pages Group, LLC, filed a response to the motion. See docket 502. Although its standing to argue against Plaintiff's motion is debatable, the Court nevertheless read the response.

[2] As to costs, the Court now rules on the entitlement issue only.

Plaintiff, Yellow Pages Photos, Inc. (Yellow Pages Photos) seeks an order granting entitlement to attorney's fees, reserving for later a determination of a specific monetary award. On March 27, 2014, a jury rendered a verdict in favor of Yellow Pages Photos.[3] The jury found that the End User License Agreement (EULA) between Yellow Pages Photos and Ziplocal had been breached by Ziplocal. Zero damages were awarded on the breach of contract claim. With respect to copyright infringement, the jury found that Ziplocal willfully infringed 123 copyrights belonging to Yellow Pages Photos and awarded $1 in actual damages and zero dollars in statutory damages.[4] The jury awarded $100,000 in actual damages for Ziplocal's contributory willful infringement. Yellow Pages Photos seeks attorney's fees under both the EULA and the Copyright Act.

*Contractual Right to Fees*

This Court has both diversity and federal question jurisdiction over this action for breach of contract and copyright infringement. See 28 U.S.C. §§ 1367 & 1338. A court sitting in diversity applies the substantive law of the forum state, which is Florida. Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991). Florida law considers attorney's fee provisions contracts of indemnification. Lashkajani v. Lashkajani, 911 So.2d 1154, 1158 (Fla. 2005) (explaining purpose of provision is to "protect and indemnify" the interests of the parties, not to enrich prevailing party). A trial court may

---

[3] See docket 422.

[4] The jury found that Defendant Yellow Pages Group, LLC, willfully infringed 123 copyrighted works and awarded $123,000 in statutory damages.

not exercise discretion to decline to enforce the provision.  See North Am. Clearing, Inc. v. Brokerage Computer Sys., Inc., 395 F.App'x 563, 567 (11th Cir. 2010) (unpublished opinion) (citing Lashkajani).

The EULA contains the following attorney's fees provision:

> In the event of legal action to enforce this agreement or in conjunction with the use of the product the prevailing party shall be entitled to recover its attorney's fees and costs, in addition to any other legal and equitable relief granted.[5]

The provision applies in an action to enforce the EULA or in an action filed in conjunction with the use of the works.  This action sought to enforce the EULA by seeking damages for its breach.  It also sought damages for willful copyright infringement and willful contributory copyright infringement of the works.  Thus, attorney's fees and costs are available to the prevailing party in this particular case.

The prevailing party for attorney's fees is defined in Florida as the party that prevails on the significant issues in the litigation.  See Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla. 1992).  This Court exercises its discretion in the determination of which party prevailed.  See Flagstar Bank, FSB v. Hochstadt, 476 F.App'x 371, (11th Cir. 2012) (unpublished opinion).  Three claims against Ziplocal were submitted to the jury.  The jury found against Ziplocal on all, specifically, Ziplocal breached the EULA,

---

[5] See docket 417, listed at number 20 on Joint Exhibit List, and docket 287-2, Plaintiff's Motion for Summary Judgment at Exh. 2.

willfully infringed 123 works, and willfully committed contributory infringement of the 123 works.

In spite of these determinations by the jury, Ziplocal argues that it was the prevailing party because it vigorously defended the case and was successful in warding off a damage award on the breach of contract claim. Ziplocal cites no persuasive authority for this proposition, and the Court finds no compelling circumstances that would warrant deeming Ziplocal the prevailing party. Florida courts have held that the party against whom a contract has been breached may be the prevailing party even though the jury awarded "$0" damages. See Khodam v. Escondido Homeowner's Ass'n, 87 So.3d 65 (Fla.Dist.Ct.App. 2012); The Green Companies, Inc. v. Kendall Racquetball Investment, Ltd., 658 So. 2d 1119 (Fla.Dist.Ct.App. 1995). Accordingly, Yellow Pages Photos is entitled to attorney's fees and costs pursuant to the EULA.

*Fees Under The Copyright Act*

In copyright infringement cases, attorney's fees may be awarded pursuant to 17 U.S.C. § 505. Section 505 provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The award of attorney's fees is not mandatory, but is discretionary. Jacob Maxwell, Inc. v. Veeck, 110 F.3d 749, 754 (11th Cir. 1997) (citing Fogarty v. Fantasy, Inc., 510 U.S.

517, 534, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994)). The statute requires that the fee, if granted, be awarded to the prevailing party and the fee must be reasonable. Casella v. Morris, 820 F.2d 362, 366 (11th Cir. 1987).

Assuming that Plaintiff is the prevailing party, the Court declines to award attorney's fees pursuant to the statute. Using the nonexclusive factors noted in Fogerty,[6] as tempered by the purposes of the Copyright Act, an award of fees to either side would run afoul of any perceived even-handed approach. The jury's verdict speaks for itself that Ziplocal committed both willful infringement and willful contributory infringement. Nevertheless, the jury did not award a great amount of damages. While the Plaintiff vigorously and successfully defended its copyright, the damages sought based on the number of works at 10,200 far exceeded those actually recovered for the less than 200 works.[7] The disconnect between the damages sought and the damages awarded weigh heavily against an award of fees. The Court exercises its discretion to deny attorney's fees under the Copyright Act in this very contentious case.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion for Attorney's Fees Against Defendant Ziplocal LP (Dkt. 501) is **GRANTED IN PART** and **DENIED IN PART.** The Court reserves jurisdiction to make an award

---

[6] See Fogerty, 510 U.S. at 534 n.19, 114 S.Ct. at 1033 n.19 (citing Lieb v. Topstone Indus., Inc., 788 F.3d 151, 156 (3d Cir. 1986)).

[7] The vast discrepancy between the two can only be matched by the lack of ability to reasonably work toward resolution of basic issues in this case on the part of both sides.

of attorney's fees and costs in favor of Plaintiff Yellow Pages Photos and against Defendant Ziplocal pursuant to the EULA only.

**DONE AND ORDERED** at Tampa, Florida, on October 31, 2014.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record